GRANT P. FONDO, (SBN 181530)
*GFondo@goodwinlaw.com*
FARZAD (FRED) FEYZI, (SBN 343538)
*FFeyzi@goodwinlaw.com*
NIRAV BHARDWAJ, (SBN 350829)
*NBardwaj@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, California  94063
Tel.: +1 650 752 3100
Fax: +1 650 853 1038

Attorneys for Defendant
Linwei Ding

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>LINWEI DING,<br><br>  Defendant. | Case No. CR-24-00141-VC<br><br>**NOTICE OF MOTION AND MOTION FOR MODIFICATION OF PRETRIAL RELEASE CONDITIONS FOR LINWEI DING**<br><br>Date:   June 27, 2024<br>Time:   10:30 AM<br>Judge:  Hon. Magistrate Judge Laurel Beeler |

TO ISMAIL J. RAMSEY, UNITED STATES ATTORNEY, CASEY BOOME, ASSISTANT UNITED STATES ATTORNEY, AND LAURA VARTAIN, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on Thursday, June 27, 2024 at 10:30 A.M., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Laurel Beeler, in the United States District Court for the Northern District of California, Defendant Linwei Ding, by and through his counsel, will and hereby does move the Court pursuant to 18 U.S.C. § 3142 to enter an order modifying the pretrial release conditions of Linwei Ding.

The motion is based on the instant Notice of Motion, attached Memorandum of Points and Authorities, all files and records in this case, and such evidence and argument as may be presented at the hearing on the motion.

Dated: June 13, 2024

Respectfully submitted,

GOODWIN PROCTER LLP

By: _____
Grant P. Fondo
GFondo@goodwinlaw.com
Farzad (Fred) Feyzi
FFeyzi@goodwinlaw.com
Nirav Bhardwaj
NBhardwaj@goodwinlaw.com

*Attorneys for Defendant
Linwei Ding*

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Defendant Linwei Ding respectfully moves to remove location monitoring by GPS ("GPS monitoring") as a condition of his pretrial release. Pretrial Services does not object to this request, but the government opposes it. Mr. Ding also moves to alter his travel restrictions to permit travel to the Central ("CDCA") and Eastern ("EDCA") Districts of California provided that he gives Pretrial Services seven days' advance notice of his travel details and they do not object. This request is unopposed.

Mr. Ding has been on supervised release since March 6, 2024, without incident. The condition of GPS monitoring was not only set without prejudice, but the Court remained open to the possibility of its removal in the future. The continuation of this restriction in light of Mr. Ding's compliance to date is burdensome and an unnecessary taxpayer expense. Further, the government is in possession of his passport, he posted a $150,000 bond secured by his townhome and that bond remains, and his family resides in this district, with him. He also had ample opportunity pre-indictment to flee, and he did not do so. At this time he certainly has demonstrated he is not a flight risk warranting GPS monitoring, and Pretrial Services agrees. Therefore the Court should grant Mr. Ding's request to remove GPS monitoring as a condition of his pretrial release, and his unopposed motion to permit his travel in the CDCA and EDCA, with proper notice.

Based on the foregoing, Mr. Linwei Ding respectfully requests that this Court alter his supervised release conditions pursuant to 18 U.S.C. § 3142.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 6, 2024, the Federal Bureau of Investigation (FBI) executed a search warrant at Mr. Ding's residence. While Mr. Ding was aware of the government's investigation even

before execution of the search warrant, he never left California and in fact offered to self-surrender if the government intended to indict him. Unfortunately, the government declined to take him up on his offer and on March 6, 2024, law enforcement executed an arrest warrant and arrested Mr. Ding at his residence in the Northern District of California. Mr. Ding did not resist arrest and fully cooperated with law enforcement.

That same day, on March 6, 2024, Mr. Ding appeared before this Court to be advised of his rights and attend his detention hearing. *See* D.I. 5. At that hearing, this Court denied the government's Motion for Detention and entered an order releasing Mr. Ding from federal custody. *See* D.I. 8, Order for Release from Federal Custody. In doing so, this Court observed that Mr. Ding is not a significant flight risk.[1] Accordingly, Mr. Ding's conditions of release were set, with the door open to reassessing GPS monitoring in the future.

On March 15, 2024, Mr. Ding posted a bond of $150,000 secured by the townhome owned by his wife and him in this district.[2] Further, Mr. Ding's passport is in the government's possession, restricting his ability to travel outside the United States.

Since March 6, 2024, Mr. Ding has been on pretrial release. During this time, Mr. Ding has complied with the terms of his supervised release and had no violations. On June 12, 2024, the undersigned counsel confirmed with Pretrial Services that it had no objection to removing GPS monitoring as a condition of his pretrial release.

Further, on June 12, 2024, Pretrial Services and the government informed the undersigned that they do not object to changing Mr. Ding's travel restrictions to permit him to travel to the CDCA and EDCA, provided that he gives Pretrial Services seven days prior notice as to the dates he will be traveling and the location.

---

[1] The transcript for this hearing has been ordered [Dkt. No. 23] and the defense will supplement the motion once the transcript is received.

[2] Mr. Ding's ownership interest in the townhome may change in the future.

4
MOTION FOR MODIFICATION OF PRETRIAL RELEASE CONDITIONS FOR LINWEI DING
CR-24-00141-VC

Given it is summer, Mr. Ding would like the ability to travel more freely with his family in the CDCA and EDCA without seeking Court approval each time they would like to travel outside the Northern District of California.

## **LEGAL STANDARD**

18 U.S.C. § 3142 (c) (3) mandates that a "judicial officer may at any time amend the order to impose additional or different conditions of release" when a defendant is released on supervised release subject to certain conditions. The ultimate goal of these conditions are to ensure the appearance of the person and safety of others and the community.

In considering what conditions are applicable, the Court "shall" consider the following under 18 U.S.C. § 3142 (g):

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including ---

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in

subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

## **ARGUMENT**

In light of the facts presented above, the Court should amend Mr. Ding's supervised release conditions pursuant to 18 U.S.C. 3142(c)(3) as requested. Mr. Ding has been on GPS monitoring since March 6, 2024 without issue. Since at least January 6, 2024, Mr. Ding has demonstrated that he is not a flight risk, nor has he violated any of his conditions of pretrial release, and has timely appeared at his required court appearance. Furthermore, Mr. Ding resides and has family members in this district. Mr. Ding does not have access to his passport and he posted a secured bond of $150,000 to ensure future court appearances.

Continued GPS monitoring is burdensome, an unnecessary expense to taxpayers, and no longer necessary. For example, on May 25, 2024, Mr. Ding went to a fruit picking farm with his son and friends in Contra Costa County. The address is within the Northern California District, and not near its border. Yet because Mr. Ding was in an open field it triggered concern, and eventually led to the GPS monitor alarm signal going off, such that the GPS monitor speaker automatically and loudly notified Mr. Ding (and all those around him) to "make a call back to" his officer. While that issue was resolved when he called his Pretrial Services Officer, it highlights the burden and cost associated with this expensive and, unnecessary, pretrial condition.

Mr. Ding is further requesting a modification in order to travel with his family over summer break without seeking court approval each time. The modification requests that going

forward Mr. Ding be permitted to travel to the CDCA and EDCA, subject to him provide Pretrial Services seven days' notice prior to departure and his travel details, for approval. Neither the government nor Pretrial Services opposes this modification.

    For the foregoing reasons, Mr. Ding respectfully requests this Court grant his motion in its entirety.

Dated: June 13, 2024                    Respectfully submitted,

GOODWIN PROCTER LLP

By: *[signature]*
Grant P. Fondo
*GFondo@goodwinlaw.com*
Farzad (Fred) Feyzi
*FFeyzi@goodwinlaw.com*
Nirav Bhardwaj
*NBhardwaj@goodwinlaw.com*

*Attorneys for Defendant Linwei Ding*