# EXHIBIT H

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>STEPHEN MARTY WARD,<br><br>　　　　　　　　　Defendant. | NO: CR-11-2123-RMP<br><br>ORDER RE: SUFFICIENCY OF BILL OF PARTICULARS AND GRANTING GOVERNMENT'S MOTION TO SUPPLEMENT THE RECORD |

　　　Before the Court is the Government's Motion to Supplement the Record, ECF No. 158, and the Parties' responses to the Government's bill of particulars, ECF Nos. 157, 165, 166. The Court has reviewed the motion and arguments, ECF No. 158, the Defendant's response, ECF No. 160, the bill of particulars, ECF No. 157, and its responses, ECF Nos. 165, 166, 174, all relevant documents, the file, and is fully informed.

　　　In light of the fact that the Defendant has no objection to submission of a recording (video and audio) made by the Defendant, the Government's motion to supplement the record will be granted.

ORDER RE: SUFFICIENCY OF BILL OF PARTICULARS AND GRANTING GOVERNMENT'S MOTION TO SUPPLEMENT THE RECORD ~ 1

With regard to the bill of particulars, Mr. Ward challenges the sufficiency of the clarifications made in the bill. ECF No. 162. Rule 7(f) grants the Court discretion to order a bill of particulars. Fed. R. Crim. P. 7(f). A bill of particulars serves three functions: "'to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.'" *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (quoting *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976)). "'A defendant is not entitled to know all the Evidence the government intends to produce, but only the Theory of the government's case.'" *Id.* at 1181 (quoting *Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963)).

The bill of particulars filed by the Government was intended to provide greater detail in three areas posed by the Defendant. The subjects and responses, as printed in the bill of particulars, read as follows:

> **1. Identification of the "product" referred to and set forth in line 21 of the Indictment:**
>
> The product is the Integrator Unmanned Aircraft System, which includes the Integrator Unmanned Aerial Vehicle as a component.

ORDER RE: SUFFICIENCY OF BILL OF PARTICULARS AND GRANTING GOVERNMENT'S MOTION TO SUPPLEMENT THE RECORD ~ 2

**2. Identification of the particular "trade secrets" alleged to have been converted:**

The Integrator Aircraft Maintenance Manual is a trade secret that contains detailed instructions, descriptions, diagrams, and schedules, which are also trade secrets in and of themselves, for the proper maintenance of the Integrator Unmanned Aerial Vehicle.

**3. Relation of the "trade secrets" to the "operation" of the aircraft systems (apart from its maintenance):**

The Integrator Aircraft Maintenance Manual contains procedures for the safe and effective installation and maintenance of the Integrator Unmanned Aerial Vehicle. The manual includes detailed functional descriptions and illustrated parts descriptions of vehicle components, all of which relate to not only the operation of the vehicle, but also vehicle maintenance requirements.

ECF No. 157 at 1-2.

Mr. Ward asserts that the bill of particulars insufficiently clarifies the issues raised by the Defendant. The Court will review each subject in turn.

**Identification of the Product**

The Court concludes that the bill of particulars identifies the product at issue with sufficient specificity. The bill identifies the product as the "Integrator Unmanned Aircraft System." ECF No. 157 at 1. The Defendant's concern appears to be that the product referred to in the bill of particulars might include the Small Tactical Unmanned Aircraft System ("STUAS"). While the Government has suggested "that there is a high degree of overlap between the STUAS . . . and the Integrator UAS," ECF No. 137 at 4, it has never been suggested that they are the

ORDER RE: SUFFICIENCY OF BILL OF PARTICULARS AND GRANTING GOVERNMENT'S MOTION TO SUPPLEMENT THE RECORD ~ 3

same product. With that in mind, the Court concludes that the product referred to in the bill of particulars is the Integrator Unmanned Aircraft System and does not include the STUAS. The Court will so instruct the jury at the time of trial.

**Identification of the Trade Secret**

Mr. Ward is charged with violating 18 U.S.C. § 1832(a)(2). That statute reads in pertinent part:

> Whoever, with intent to convert a trade secret, that is related to or included in a product that is produced for or placed in interstate or foreign commerce, to the economic benefit of anyone other than the owner thereof, and intending or knowing that the offense will, injure any owner of that trade secret, knowingly . . . without authorization copies, duplicates, sketches, draws, photographs, downloads, uploads, alters, destroys, photocopies, replicates, transmits, delivers, sends, mails, communicates, or conveys such information.

§ 1832(a)(2).

> [T]he term "trade secret" means all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if—
>
> **(A)** the owner thereof has taken reasonable measures to keep such information secret; and
>
> **(B)** the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, the public.

18 U.S.C. § 1839(3).

ORDER RE: SUFFICIENCY OF BILL OF PARTICULARS AND GRANTING GOVERNMENT'S MOTION TO SUPPLEMENT THE RECORD ~ 4

1   While the Court lacks the benefit of proposed jury instructions at this
2   juncture, putting sections 1832 and 1839 together, it appears that in order for a jury
3   to find Mr. Ward guilty of the charged offense, the jury would need to find beyond
4   a reasonable doubt that Mr. Ward copied or downloaded something that derives
5   economic value from not being generally known to, or being readily ascertainable
6   by, the public.[1]  Presumably then, the Government will need to present evidence to
7   establish those facts.

8   The Government has identified the trade secrets at issue as the Integrator
9   Aircraft Maintenance Manual and its contents.  ECF No. 157 at 2.  The bill of
10  particulars makes clear that it is the Government's belief that the "detailed
11  instructions, descriptions, diagrams, and schedules" contained within the manual
12  constitute independent trade secrets.  ECF No. 157 at 2.  Two of the purposes of a
13  bill of particulars are to avoid surprise and to allow the defendant to prepare for
14  trial.  *Giese*, 597 F.2d at 1180.  The manual is voluminous, and from the
15  Government's statement in its bill of particulars it must be concluded that each
16  page of the manual could contain one or more possible trade secrets.  This places
17  the Defendant in the position of having to guess which portions of the manual will
18  be the subject of the Government's case-in-chief or to prepare to argue and refute

---

19  [1]This statement does not represent the Court's attempt at a complete jury
20  instruction.

ORDER RE: SUFFICIENCY OF BILL OF PARTICULARS AND GRANTING
GOVERNMENT'S MOTION TO SUPPLEMENT THE RECORD ~ 5

1  evidence that each sentence or diagram contained in the manual is not generally

2  known or readily discernible by the public.  As a result, the Government's

3  disclosure in its bill of particulars does little to avoid the risk of surprise or to allow

4  the Defendant to prepare his defense.

5      In order to meet its obligation in producing a bill of particulars, the

6  Government must disclose those "instructions, descriptions, diagrams, and

7  schedules," or any other sub-parts of the manual, specifically, either by page and

8  paragraph numbers or by chapter or subchapter headings, that the Government

9  intends to argue are trade secrets.[2]  If the Government is contending that the entire

10 manual constitutes one trade secret, then the Government is on notice that the

11 Court's present understanding of the law would compel instructing the jury that

12 should any part of the manual be public, and therefore not a trade secret, then the

13 manual as a whole cannot constitute a trade secret.  *See* 18 U.S.C. § 1839(3)(B).

14

---

15   [2]In identifying any sub-parts it wishes to argue are independent trade secrets,

16 the Government is under no obligation to disclose as part of the bill of particulars

17 any of the evidence it intends to offer in support of its arguments.  The

18 Government is bound by its evidentiary disclosure obligations as set by the Court's

19 discovery orders and the applicable rules of Criminal Procedure.

20

ORDER RE: SUFFICIENCY OF BILL OF PARTICULARS AND GRANTING
GOVERNMENT'S MOTION TO SUPPLEMENT THE RECORD ~ 6

**Relationship of the Trade Secret to the Product**

The Court concludes that the combination of (1) the Government's identification of the manual as the sole source of trade secrets; (2) the Court's conclusion that the product disclosed in the bill of particulars does not include the STUAS; and (3) the Court's conclusion that a bill of particulars requires the Government to disclose each sub-part of the manual that it intends to argue constitutes an independent trade secret, supplies sufficient specificity to render apparent the relationship between the product and the trade secret. As such, the Court concludes that the present disclosure in the bill of particulars is sufficient to meet the Government's obligation with respect to this subject matter.

Accordingly, **IT IS HEREBY ORDERED**

1. The Government's Motion to Supplement the Record, **ECF No. 158**, is **GRANTED**.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

ORDER RE: SUFFICIENCY OF BILL OF PARTICULARS AND GRANTING GOVERNMENT'S MOTION TO SUPPLEMENT THE RECORD ~ 7

2. The Government will supplement its bill of particulars in a manner consistent with the foregoing opinion. Such supplement is to be filed within **thirty days** of the entry of this Order.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 20th day of June 2012.

            *s/ Rosanna Malouf Peterson*
            ROSANNA MALOUF PETERSON
            Chief United States District Court Judge