GRANT P. FONDO (SBN 181530)
*GFondo@goodwinlaw.com*
FARZAD FEYZI (SBN 343538)
*FFeyzi@goodwinlaw.com*
NIRAV BHARDWAJ (SBN 350829)
*NBhardwaj@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, CA 94063
Tel: +1 650 752 3100
Fax: +1 650 853 1038

DARRYL M. WOO (SBN 100513)
*DWoo@goodwinlaw.com*
JESSICA HUANG FUZELLIER (SBN 315208)
*JHFuzellier@goodwinlaw.com*
DAVID RAPP-KIRSHNER (SBN 344494)
*DRappKirshner@goodwinlaw.com*
**GOODWIN PROCTER LLP**
525 Market Street, 32nd Floor
San Francisco, CA 94105
Tel.: +1 415 733 6000
Fax: +1 415 677 9041

Attorneys for Defendant
LINWEI DING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LINWEI DING,<br><br>Defendant. | Case No.  3:24-CR-00141-VC<br><br>**DEFENDANT LINWEI DING'S NOTICE OF RENEWED AND AMENDED MOTION FOR A BILL OF PARTICULARS AS TO TRADE SECRETS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:     April 30, 2025<br>Time:    1:00 pm<br>Courtroom: 4 (17th Floor)<br>Judge:   Hon. Vince Chhabria<br>            450 Golden Gate Avenue<br>            San Francisco, CA 94102<br><br>**"REDACTED VERSION OF MATERIAL SOUGHT TO BE SEALED."** |

**NOTICE OF RENEWED AND AMENDED MOTION FOR A BILL OF PARTICULARS**

**AS TO TRADE SECRETS**

**TO THE COURT AND ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on April 30, 2025, at 1:00 p.m. or as soon thereafter as this matter may be heard at a time set by The Honorable Vince Chhabria in Courtroom 4 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Defendant Linwei Ding ("Mr. Ding"), will renew and amend his Motion for a Bill of Particulars (Dkt. 54) as to the identification of trade secrets in the Superseding Indictment ("S.I.," Dkt. 44) under Federal Rule of Criminal Procedure 7(f) ("Motion").

Specifically, Mr. Ding's Motion seeks an order from the court compelling the government to provide the following information, which is essential for the adequate preparation of Mr. Ding's defenses, to prevent undue risk of surprise at trial, and to prevent any future prosecution for the same alleged offense:

**Specific Facts Identifying Which Documents And Elements Therein the Government Alleges are Protectable Trade Secrets**:

1. For each of the alleged Trade Secret Categories (S.I. ¶¶ 36–42), identify each document the government claims contains or comprises a trade secret;

2. For each document identified in No. 1 to allegedly contain or comprise a trade secret, identify the specific trade secret and the specific pages, portions, diagrams, line items or text of each document that the government claims are trade secrets under 18 U.S.C. § 1839 and applicable law; and

3. To the extent the government alleges that Trade Secrets Categories Nos. 1-7 constitute combination or compilation trade secrets, identify with particularity (a) the proprietary components of the alleged combination or compilation trade secret; and (b) why the alleged combination or compilation trade secret is unique and has independent value that satisfies 18 U.S.C. § 1839 and applicable law.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the attached Declaration of Grant P. Fondo ("Fondo Decl.") and accompanying exhibits, the pleadings and papers filed in this matter, and on other such arguments or evidence as the Court shall deem proper.

DEFENDANT LINWEI DING'S RENEWED AND AMENDED MOTION FOR A BILL OF PARTICULARS
Case No. 3:24-CR-00141-VC

Dated:  April 4, 2025

Respectfully submitted,

GOODWIN PROCTER LLP


By:  */s/ Grant P. Fondo*
     DARRYL M. WOO (SBN 100513)
     *DWoo@goodwinlaw.com*
     GRANT P. FONDO (SBN 181530)
     *GFondo@goodwinlaw.com*
     JESSICA HUANG FUZELLIER (SBN 315208)
     *JHFuzellier@goodwinlaw.com*
     FARZAD FEYZI (SBN 343538)
     *FFeyzi@goodwinlaw.com*
     DAVID RAPP-KIRSHNER (SBN 344494)
     *DRappKirshner@goodwinlaw.com*
     NIRAV BHARDWAJ (SBN 350829)
     *NBhardwaj@goodwinlaw.com*

     Attorneys for Defendant
     LINWEI DING

ii

DEFENDANT LINWEI DING'S RENEWED AND AMENDED MOTION FOR A BILL OF PARTICULARS
Case No. 3:24-CR-00141-VC

# TABLE OF CONTENTS

**Page**

NOTICE OF RENEWED AND AMENDED MOTION FOR A BILL OF PARTICULARS AS TO TRADE SECRETS ............................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

I.    INTRODUCTION ............................................................................................................ 1

II.   BACKGROUND .............................................................................................................. 2

    A.    The Superseding Indictment Fails To Identify Trade Secrets With Particularity.... 2

    B.    The Government Serves a Supplemental Letter.................................................. 3

III.  LEGAL STANDARD....................................................................................................... 5

IV.   ARGUMENT .................................................................................................................... 6

    A.    The Government Fails to Identify The Specific Documents Containing Each Purported Individual Trade Secret .......................................................................... 6

    B.    The Deficient Identification of Trade Secrets Materially Prejudices Mr. Ding's Ability to Prepare for Trial and Creates an Undue Risk of Surprise. .................... 12

V.    CONCLUSION................................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alta Devices, Inc. v. LG Elecs., Inc.*,
No. 18-cv-00404-LHK (VKD), 2019 WL 176261 (N.D. Cal. Jan. 10, 2019) ........................ 12

*Coast Hematology-Oncology Assocs. Med. Grp., Inc. v. Long Beach Mem'l Med.*
*Ctr.*,
58 Cal.App.5th 748 (2020) ................................................................................................ 13

*Hamling v. United States*,
418 U.S. 87 (1974) ........................................................................................................... 1, 5

*Imad Corp. v. Cinema Technologies, Inc.*,
152 F.3d 1161 (9th Cir. 1998) ........................................................................................... 13

*InteliClear, LLC v. ETC Glob. Holdings, Inc.*,
978 F.3d 653 (9th Cir. 2020) ........................................................................................ 11, 12

*Myrio Corp. v. Minerva Network, Inc.*,
No. C 00-20996, 2001 U.S. Dist. LEXIS 10461 (N.D. Cal. Apr. 4, 2001) ........................... 12

*Swarmify, Inc. v. Cloudflare, Inc.*,
No. C 17-06957 WHA, 2018 WL 2445515 (N.D. Cal. May 31, 2018) ................................. 13

*United States v. Case*,
No. 3:06-CR-210-TSL (LRA), 2007 WL 1746399 (S.D. Miss. June 15, 2007) ..................... 9

*United States v. Giese*,
597 F.2d 1170 (9th Cir. 1979) ........................................................................................ 6, 13

*United States v. Liang Chen*,
No. 17-CR-00603-BLF-1, 2020 WL 6342931 (N.D. Cal. Oct. 29, 2020) ..................... *passim*

*United States v. Long*,
706 F.2d 1044 (9th Cir. 1984) ............................................................................................. 6

*United States v. Mitchell*,
744 F.2d 701 (9th Cir. 1984) ............................................................................................... 6

*United States v. Trumpower*,
546 F.Supp.2d 849 (E.D. Cal. 2008) ................................................................................... 12

*United States v. United Microelectronics Corp., et al.* ("*Fujian*")
No. 3:18-CR-00465-MMC (N.D. Cal. June 23, 2023) ............................................... 2, 4, 10

i

**Statutes**

18 U.S.C. § 1832 .......................................................................................... 1, 2, 13

18 U.S.C. § 1839 ............................................................................................... 1, 11

Economic Espionage Act ........................................................................................ 4

**Other Authorities**

Fed. R. Crim. P. 7(c)(1) ......................................................................................... 5

Fed. R. Crim. P. 7(f).......................................................................................... 1, 6

U.S. CONST. amend. XI ......................................................................................... 5

U.S. CONST. amend. XIV ..................................................................................... 12

ii

### **MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    **INTRODUCTION**

Under the Sixth Amendment and the Federal Rules of Criminal Procedure, an indictment must "contain[] the elements of the offense charged and fairly inform[] a defendant of the charge against which he must defend." *Hamling v. United States*, 418 U.S. 87, 117 (1974).  The Superseding Indictment ("S.I.," Dkt. 44), charging defendant Linwei Ding ("Mr. Ding") with trade secret theft under 18 U.S.C. § 1832, *inter alia*, does not meet this standard, failing to identify the purported trade secrets Mr. Ding is alleged to have stolen and, instead, burying them within a universe of "more than 1,000 unique files" (S.I. ¶ 17).  Concurrently with the filing of the Superseding Indictment, the government served Mr. Ding's counsel with a document "listing examples of the key documents from each trade secret category in the superseding indictment."  *See* Declaration of Grant P. Fondo ("Fondo Decl.") Ex. A.  The list provided 108 example files as purported trade secrets, totaling 2,473 pages (the "List of 108").

Following the filing of Mr. Ding's original Motion for a Bill of Particulars highlighting such deficiencies (Dkt. 54), the government clarified in its Opposition (Dkt. 64) that 1,370 of the 4,400 Confidentially-designated documents are the "core" documents containing "a subset" of the "trade secrets-in-suit" the government intends to prosecute at trial.  The government also later in meet and confer agreed to identify the purported trade secrets at issue with particularity and purported to do so in a March 19, 2025 letter to Mr. Ding's counsel.  *See* Fondo Decl. Ex. E (the "Letter").  While the Letter purports to provide additional information regarding Trade Secret Categories 1–7 (hereinafter "Trade Secrets 1–7"), it fails to identify (1) which specific documents within this population contain which individual trade secrets, and (2) which specific portions of these dense, voluminous documents are being asserted as independent trade secrets.  Instead, for each trade secret at issue, the Letter identifies one purported example page range from one example document, leaving Mr. Ding to speculate as to the other purported trade secrets contained in the 2,473 pages.

It has been more than a year since the first Indictment.  The government should know by now exactly what trade secrets it alleges Mr. Ding stole, down to the document and page.  Yet they still refuse to disclose this information to Mr. Ding.  A person charged with a federal offense should

1

not be forced to guess at the factual elements of the charges being asserted against him and the government cannot be allowed to unfairly and unconstitutionally hide the ball and employ a shifting-sands approach to its charges all the way through trial. Yet by failing to identify which portions of which documents are being asserted as individual trade secrets, that is precisely what the government is doing at present. This Court recognized this fundamental unfairness in *United States v. United Microelectronics Corp., et al.* ("*Fujian*"), when it ordered the government to provide a bill of particulars "identifying (including, if contained in a document, the place therein in which it can be found) any component thereof the government asserts is itself a trade secret on which the government intends to rely to establish [defendant]'s guilt[.]" Order Granting in Part & Den. in Part Defs.' Mot. for Bill of Particulars, No. 3:18-CR-00465-MMC (N.D. Cal. June 23, 2023) (Dkt. 188) (the "*Fujian* Order").[1] Mr. Ding simply requests that the government be held to the same standard here, so that he has fair notice of the charges being asserted against him, can prepare for trial accordingly, and can be assured he cannot be tried twice for the same alleged offense.

For these reasons, Mr. Ding respectfully requests that the Court grant his instant Motion and order the government to produce a bill of particulars that identifies the portions of any document the government asserts is an individual trade secret and on which it intends to rely on at trial to seek to establish Mr. Ding's guilt.

## II.    **BACKGROUND**

### A.    **The Superseding Indictment Fails To Identify Trade Secrets With Particularity.**

The March 5, 2024 Indictment alleged that Mr. Ding misappropriated an unspecified amount of artificial intelligence ("AI") related trade secrets from his then-employer, Google LLC ("Google"), by "upload[ing] more than 500 unique files containing Google Confidential Information, including the trade secrets," in violation of 18 U.S.C. § 1832. Dkt. 1 ¶ 15. The alleged trade secrets were generally described to relate to the software and hardware components of

---

[1] For the Court's convenience, a copy of the *Fujian* Order has been attached to the Fondo Decl. as Ex. C.

Google's supercomputers used for AI machine learning and were grouped into four broad categories including "[c]hip architecture and software design specifications for TPU version 4 [and 6]" and other hardware and software specifications, *inter alia*. *Id.* ¶ 32.

On February 4, 2025, the government superseded its Indictment, now alleging that Mr. Ding uploaded "**more than 1,000 unique files**" containing an unspecified amount of trade secrets.  S.I. ¶ 17 (emphasis added).  The Superseding Indictment also now grouped the alleged trade secrets into seven different "categories," such as "[d]ocuments including details of the design, performance, and operation of Google's custom designed TPU chips, TPU machines, and TPU systems" or "[d]esign documents for Google's GPU software that facilitated communication between GPUs and allocated and managed collections of interconnected GPUs to different workloads."  *Id.* ¶¶ 37, 40.  Beyond these broad and ambiguous categories, the Superseding Indictment did not provide any further detail into or identification of the trade secrets at issue, nor did it disclose the number of trade secrets at issue.  *Id.*, *et seq*.  Concurrently with the filing of the Superseding Indictment, the government served Mr. Ding's counsel with a document "listing *examples* of the key documents from each trade secret category in the superseding indictment"– the List of 108.  Fondo Decl. Ex. A (emphasis added).  For each of the seven categories, the document listed the filenames of anywhere between three and twenty-seven PDFs, totaling 108 unique files consisting of 2,473 total pages, without any further description, detail, or corresponding Bates numbers of what information within these 108 unique files contains the alleged trade secret information.  *Id.*  In other words, the government provided no indication as to whether it was asserting that each file itself constituted a trade secret or whether the trade secrets were only specific portions therein.  *Id.*

On February 25, 2025, Mr. Ding filed his Motion for a Bill of Particulars, requesting, *inter alia*, that the Court order the government to produce a bill of particulars that adequately identified the actionable trade secrets it intends to rely on at trial.

**B.      The Government Serves a Supplemental Letter.**

On February 18, 2025, Mr. Ding filed his Motion to Modify Protective Order (Dkt. 53) and on March 5, 2025, the government filed its Opposition (Dkt. 64).  In the Opposition the government

DEFENDANT LINWEI DING'S RENEWED AND AMENDED MOTION FOR A BILL OF PARTICULARS
Case No. 3:24-CR-00141-VC

represented that approximately 1,370 of the 4,400 "Confidential" documents are the "core" documents containing information that constitute the alleged trade secrets in the Superseding Indictment, a subset of which the government will prosecute at trial (the "trade secrets-in-suit"). *See* Dkt. 64 at 1.

In response to Mr. Ding's Motion, on March 11, 2025 the government and Mr. Ding met and conferred, during which the government represented that: (1) the List of 108 contained and identified the entirety of the documents which the government alleges contain or comprise trade secrets that they will seek to prove at trial; and (2) it would serve a letter identifying the purported trade secrets with the same level of particularity as the bill of particulars produced in *Fujian*.[2] Fondo Decl. ¶ 5; *see also* Dkt. 71. As a result, Mr. Ding stipulated to withdraw his original Motion for Bill of Particulars as to the identification of trade secrets (while still maintaining the Motion as to the identification of facts forming the basis of the government's Economic Espionage Act charges added with the S.I.) pending receipt of the government's promised letter, while reserving the right to renew his Motion should he determine the letter to be inadequate. Dkt. 71, 72.

The government served its Letter on March 19, 2025. Fondo Decl. Ex. E. The Letter identified three "levels" of information which the government would assert as alleged trade secrets: (1) "the collection of information in all [108] documents (considered together) listed within each trade secret category in document US-0074190-93" (*id*. ¶ 3); (2) "the information in each individual document (considered as a whole document) listed within each trade secret category in document US-0074190-93" (*id*. ¶ 4); and (3) for each of the seven categories, specific items identified in the Letter (*id*. ¶¶ 5–7). Obviously the first two categories are incredibly general. For the third grouping, however, while purporting to be more specific, it is not; the Letter did not identify the documents and portions therein which contained the specified, individual trade secrets. Instead, the Letter generally pointed to one open-ended example document and one example page range therein for each identified individual trade secret. For instance, with respect to Trade Secret Category 7, the Letter merely stated the following, citing to 26 pages:

---

[2] For the Court's convenience, a copy of the Bill of Particulars in *Fujian* (the "*Fujian* BoP") has been attached to the Fondo Decl. as Ex. B.

4

For Trade Secret 7, the United States will additionally argue that the items specified below are each independently trade secrets under 18 U.S.C. § 1839(3) for the reasons described in paragraphs 1 and 2.

> a.    Software stack for implementing RDMA on GRT block, *see e.g.*, **RDMA on-NIC SW architecture.pdf** at pages 7-33.

*Id*. ¶ 11 (emphasis added).  The Letter followed a similar approach even when there were multiple individual trade secrets alleged within a category:

> 5. For <u>Trade Secret 1</u>, the United States will additionally argue that the items specified below are each independently trade secrets under 18 U.S.C. § 1839(3) for the reasons described in paragraphs 1 and 2.
>
> a.    Hardware specifications detailing TPU chip architecture, including ICI (Inter-Chip-Interconnect) host communication, PCIe interfaces, and certificate signing request protocol, *see e.g.,* at **PFC - Host Communication-at-2023-04-16T06_07_40Z-pinned.pdf** at pages 6-30.
>
> b.    Hardware data flow, including the algorithm for ICI link state transition using a state machine, *see e.g.,* at **PFC - ICI Link Enable and Resets-at-2023-04-16T06_09_07Z-pinned.pdf** at pages 2-10.
>
> c.    Description of modulation scheme using non-return-to-zero and PAM4 (Pulse Amplitude Modulation with 4 levels) in ICI block of TPU chips, *see e.g.,* at **PFC - Interconnect-at-2023-04-16T06_09_20Z-pinned.pdf** at pages 11-12.
>
> d.    Architecture diagram of Puffylite TPU chip, *see e.g.,* **PFC - Pufferfish and Puffylite Chip Specification Overview-at-2023-04-16T06_07_48Z-pinned.pdf** at page 2.

*Id*. ¶ 5.

### III.    LEGAL STANDARD

The Sixth Amendment guarantees the right of the accused to be fairly informed of the nature and cause of the accusations against him.  U.S. CONST. amend. XI.  The Constitutional principle of fair notice is the foundation for Federal Rule of Criminal Procedure 7, which requires that a federal indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. Proc. 7(c)(1).  An indictment is only sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend."  *Hamling*, 418 U.S. at 117.  Where a federal indictment is deficient, district

5

courts are empowered to "direct the filing of a bill of particulars" under Fed. R. C. P. 7(f) in order to allow the defendant to adequately prepare for trial and to minimize or avoid surprise at trial:

> The bill of particulars serves three functions: to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.

*United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (cleaned up); *see United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984) ("The purposes of a bill of particulars are to minimize the danger of surprise at trial and to provide sufficient information on the nature of the charges to allow preparation of a defense.").  In deciding on a motion for bill of particulars, courts "should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government[,]" including the volume and complexity of discovery materials. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1984). As more fully set forth below, application of the law and the Constitution require that the alleged trade secrets be identified with particularity. It the context of the government charging the theft of trade secrets, the government must "identify the alleged trade secrets with particularity." *United States v. Liang Chen*, No. 17-CR-00603-BLF-1, 2020 WL 6342931, at *5 (N.D. Cal. Oct. 29, 2020).

## IV.    ARGUMENT

### A.    The Government Fails to Identify The Specific Documents Containing Each Purported Individual Trade Secret

The Superseding Indictment, the List of 108, and the Letter fail to identify the individual trade secrets at issue with sufficient particularity to provide Mr. Ding of fair notice of the charges against him.   Where, such as here, the government directs the defendant "to a universe of information that contains the alleged trade secrets," an indictment will be deemed deficient and a bill of particulars will be deemed necessary.  *Liang Chen*, 2020 WL 6342931, at *5.  Further, where a document contains both purported trade secret and non-trade secret information, the particularity requirement requires that the government specifically identify which portion(s) therein are being asserted as trade secrets. *See, e.g.*, *Fujian* Order; *see also Liang Chen*, 2020 WL 6342931,

6

at *5 (ordering the government to file a bill of particulars identifying alleged trade secrets). Under these standards, the government's identification of trade secrets—or lack thereof—in the Superseding Indictment, the List of 108 and subsequent the Letter are facially deficient and warrant a bill of particulars.

Here, the Superseding Indictment does not provide _any_ identification or description of the trade secrets at issue beyond grouping them into seven broad and ambiguous categories arranged by subject matter. For instance, "Trade Secret Category 2" refers to unspecified "[d]ocuments including details of the design, performance, and operation of Google's custom designed TPU chips, TPU machines, and TPU systems." S.I. ¶ 37.[3] This does nothing to apprise Mr. Ding of (1) the actual documents falling within this category; (2) the portions of such documents which the government asserts are trade secrets; or (3) the total number of trade secrets in this category. The List of 108 does address #1 by identifying the various documents within each category, however it fails to provide any further information as to #2 or #3.

While the Letter attempts to cure the deficiencies of the Superseding Indictment and List of 108, it falls well short because it really adds little, fundamentally failing to apprise Mr. Ding of which portions of which documents the government asserts are trade secrets. Indeed, by only providing one example document and one example page range for each individual alleged trade secret, the government is keeping its factual allegations vague and open-ended, especially given its inclusion of the signal "_see, e.g.,_" indicating that the stated examples are just one of many. In other words, while the Letter does confirm that only the List of 108 documents will be at issue at trial,[4] that still translates to over 2,400 pages of dense text, which Mr. Ding must parse through to guess which portions will be asserted as trade secrets, and which will not.

Further, even where the Letter identifies an example document of the 108 for a purported individual trade secret, the cited page ranges are often overbroad and fail to identify the specific portions which the government asserts are individual trade secrets. For instance, with respect to

---

[3] To make matters worse, the categories of trade secrets broadly touch on nearly all general elements of Google's supercomputing data centers: TPU hardware and software, GPU hardware and software, cluster management software, and more.
[4] Should the government add more trade secrets, Mr. Ding reserves all rights, including but not limited to filing a new motion for bill of particulars.

7

Trade Secret Category 1, the Letter purports to identify four "independent" trade secrets within this category:

> 5. For <u>Trade Secret 1</u>, the United States will additionally argue that the items specified below are each independently trade secrets under 18 U.S.C. § 1839(3) for the reasons described in paragraphs 1 and 2.
>
>     a.    Hardware specifications detailing TPU chip architecture, including ICI (Inter-Chip-Interconnect) host communication, PCIe interfaces, and certificate signing request protocol, *see e.g.,* at **PFC - Host Communication-at-2023-04-16T06_07_40Z-pinned.pdf** at pages 6-30.
>
>     b.    Hardware data flow, including the algorithm for ICI link state transition using a state machine, *see e.g.,* at **PFC - ICI Link Enable and Resets-at-2023-04-16T06_09_07Z-pinned.pdf** at pages 2-10.
>
>     c.    Description of modulation scheme using non-return-to-zero and PAM4 (Pulse Amplitude Modulation with 4 levels) in ICI block of TPU chips, *see e.g.,* at **PFC - Interconnect-at-2023-04-16T06_09_20Z-pinned.pdf** at pages 11-12.
>
>     d.    Architecture diagram of Puffylite TPU chip, *see e.g.,* **PFC - Pufferfish and Puffylite Chip Specification Overview-at-2023-04-16T06_07_48Z-pinned.pdf** at page 2.

Letter ¶¶ 5(a)–(d). However, a closer inspection reveals that even the cited portions are overbroad and contain a multitude of information that the government may—or may not—assert as trade secrets. For example, the government cites pages 6–30 of "PFC - Host Communication-at-2023-04-16T06_07_40Z-pinned.pdf" as an independent trade secret, but that range broadly spans 25 pages and covers a variety of different topics, of both a technical and non-technical nature, such as a description of an "█████████" (p. 8), a description of a "███████████e" (p. 11), a description of an "███████████████" (p. 15), an explanation of the "████████████████ ████" (26) and various diagrams related to none of those topics. Fondo Decl. Ex. F.

The overbreadth of the government's cited pages ranges—for the single, non-exclusive examples they provide for each purported individual trade secret—can be seen all throughout the Letter. As another example, the Letter identifies the following as "independently trade secrets" within Trade Secret Category 2:

8

a.   Detailed information (diagrams and specifications regarding hardware, performance, and efficiency) about OCS (Optical Circuit Switch) usage in different generations of TPU products, *see e.g.,* **Optics, Links, OCS-at-2022-06-01T18_09_50Z-pinned.pdf** at pages 9-14.

Letter ¶ 6(a).  Again, however, this 5 page-range covers numerous disparate topics, including a generic definition of the concept of a " ███████████ " (p. 9), a chart of " ███████ " (p. 12), and a description of a " ██████████████ " (p. 14).  Fondo Decl. Ex. G.  Due to this overbreadth of information, Mr. Ding is forced to guess at which individual components the government asserts are individual trade secrets.  Moreover, Mr. Ding faces more uncertainty given that the generic description of " ██████████ " appears to be nearly identical to publicly available information—making it more difficult to discern the actual purported trade secrets asserted.  *Compare id.* at 9 ("███████████████████████ ████████████████") *with* ████████████████████████████████████████████ ██ ██ ██ ███ ██ ██ ██ ██ ██ ███████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████ ███████████████████████████.  In short, even where the Letter identifies a portion of a document purportedly containing trade secrets, it does not provide sufficient detail to apprise Mr. Ding of the individual purported trade secret(s) being asserted.

Courts routinely reject such deficient identification of trade secrets in criminal cases.  For example, in *United States v. Case*, the court found an indictment deficient where it merely described the allegedly misappropriated trade secrets as "technology related to the design specifications, manufacture and sale of military and commercial aviation hydraulics products[.]"  *Case*, No. 3:06-CR-210-TSL (LRA), 2007 WL 1746399, at *1 (S.D. Miss. June 15, 2007).  In *Case*, the court found that the government's categorization was unconstitutionally vague because it failed to identify which portions, components and/or information therein were specifically being asserted as trade secrets.  *Id.*, at *4.  The court also expressed grave concern that, by failing to identify the asserted trade secrets with particularity, the government would be able to assert additional trade secrets as

9

the trial neared:

> Also of concern to the court is the fact that the government has purported to reserve for itself the right to designate, at a later date, additional trade secrets which the defendants have allegedly stolen or copied. As defendants point out, the matters which were presented to the grand jury and purportedly relied on by the grand jury in returning this indictment should be fixed in time and not subject to addition.

*Id.*, at *4 n. 4.

Similarly, in *Fujian*, the indictment included broad categories of purported trade secrets in a nearly identical manner to that found in the instant Superseding Indictment, which the government in that case also supplemented with a letter identifying the 16 specific files it asserted contained trade secrets. *See* United States' Opposition to Amended and Renewed Bill of Particulars, *Fujian* (Dkt. 181) ("*Fujian* Opposition") at 3 ("On May 4, 2021, the United States provided defendant a list of 16 specific files—culled from the thousands of documents defendants stole—that the United States will tell the jury Trade Secret 1 comprises.").[5]  The Northern District of California court in *Fujian* rejected this approach, not only ordering the government to identify the purported trade secrets with particularity but also ordering the government to specifically identify each individual component of a compilation or combination trade secret that the government intended to rely on, including by identifying the places within each document such alleged trade secret is located:

> To the extent [defendant] requests an order requiring the government to provide a bill of particulars identifying not only any trade secret the government asserts to be a compilation or combination but also identifying (including, if contained in a document, the place therein in which it can be found) any component thereof the government asserts is itself a trade secret on which the government intends to rely to establish [defendant]'s guilt, the motion is GRANTED.

*Fujian* Order.  This is the same relief that Mr. Ding seeks and despite the government's assurances that its identification of trade secrets would be commiserate with the ultimate *Fujian* BoP, the Letter falls well short.  The Fujian BoP gives the precise location of *each* purported trade secret whereas, as shown above, the Letter generally only identifies one example portion of one example document for each purported individual trade secret. *Compare Fujian* BoP *with* the Letter (highlight added):

---

[5] For the Court's convenience, a copy of the *Fujian* Opposition has been attached to the Fondo Decl. as Ex. C.

10

| ***Fujian* BoP ¶ 7** | **Letter ¶ 7** |
|---|---|
| Accordingly, at least the following subparts of the process-flow information in Trade Secret 1 are independently trade secrets under § 1839(3) for the reasons described in paragraphs 1 and 2:<br><br>    a. From the file "Rexchip 25nm Flow summary 0614 Diff.xls" ("25nm Summary table" tab):<br><br>        i. Rexchip 25 nm process sequence (rows 5-462);<br>        ii. Active Area Module (rows 5-37);<br>        iii. Well Implant Module (rows 38-81);<br>        iv. Buried Wordline Module (rows 82-120);<br>        v. CMOS Gate-Stack Module (rows 121-145);<br>        vi. Digitline Module (rows 146-177);<br>    . . . | For Trade Secret 3, the United States will additionally argue that the items specified below are each independently trade secrets under 18 U.S.C. § 1839(3) for the reasons described in paragraphs 1 and 2.<br><br>    a. Diagrams and process descriptions for ICI resilient routing system to manage OCS failure in TPU Superpods, *see e.g.,* **ICI Resilient Slice-at-2022-06-01T17_33_32Z-pinned.pdf** at pages 4-6. |
| ***Fujian* BoP ¶ 11** | **Letter ¶ 11** |
| Trade Secret 5 comprises a detailed list of Micron's "design rules" for its 25 nm DRAM product. The combination of all the information in Trade Secret 5 is a trade secret under § 1839(3) for the reasons described in paragraphs 1 and 2. Additionally, at least the following subparts of the information in Trade Secret 5 are independently trade secrets under § 1839(3) for the reasons described in paragraphs 1 and 2:<br><br>    a. Active area design rules (Tabs beginning "03"-"07," Tables containing numerical values for "F32-6F MC," "F32-6F Array," and "F32-6F Peri");<br><br>    b. Gate design rules (Tabs beginning "08"-"16," Tables containing numerical values for "F32-6F MC," "F32-6F Array," and "F32-6F Peri");<br><br>    c. WLIC (M0) design rules (Tabs beginning "17"-"19," Tables containing numerical values for "F32-6F MC," "F32-6F Array," and "F32-6F Peri");<br>    . . . | For Trade Secret 7, the United States will additionally argue that the items specified below are each independently trade secrets under 18 U.S.C. § 1839(3) for the reasons described in paragraphs 1 and 2.<br><br>    a. Software stack for implementing RDMA on GRT block, *see e.g.,* **RDMA on-NIC SW architecture.pdf** at pages 7-33. |

The Superseding Indictment, List of 108, and Letter's identification of trade secrets also falls well short of the analogous standard in *civil* actions in this District, where there is no Sixth Amendment implication.  Under the civil standard, a trade secret plaintiff "may not simply rely upon 'catchall' phrases or identify categories of trade secrets they intend to pursue at trial."

11

DEFENDANT LINWEI DING'S RENEWED AND AMENDED MOTION FOR A BILL OF PARTICULARS
Case No. 3:24-CR-00141-VC

*InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 658 (9th Cir. 2020) (citations omitted) ("It is inadequate for plaintiffs to 'cite and incorporate by reference hundreds of documents that purportedly reference or reflect the trade secret information."); *see Alta Devices, Inc. v. LG Elecs., Inc.*, No. 18-cv-00404-LHK (VKD), 2019 WL 176261, at *5 (N.D. Cal. Jan. 10, 2019) (requiring a trade secret plaintiff to "state and . . . identify [the trade secret] compositions in a manner that distinguishes them from what is already known"); *see also Myrio Corp. v. Minerva Network, Inc.*, No. C 00-20996 RMW(PVT), 2001 U.S. Dist. LEXIS 10461, at *2–3 (N.D. Cal. Apr. 4, 2001) (requiring a trade secret plaintiff to "specify precisely which portions of the document describes the trade secret(s)"). Mr. Ding should be afforded at least the same level of notice as civil litigants. *See* U.S. CONST. amend. XIV.

### B. The Deficient Identification of Trade Secrets Materially Prejudices Mr. Ding's Ability to Prepare for Trial and Creates an Undue Risk of Surprise.

Without a bill of particulars, Mr. Ding will be forced to continue guessing which portions of the 108 identified documents and the corresponding over 2,400 pages of dense text will be asserted as trade secrets at trial, while the government is permitted to hide the ball and continuously shift its theories of its case over time. While the government may find it advantageous to keep a criminal defendant still guessing a year after the indictment and through trial, it is not "fair notice" to force the defense to burn precious resources plowing through and analyzing material the government has no intention of claiming at trial was a stolen trade secret. Rather, the government is not only violating the Constitutional principle that a defendant be fairly informed of the charges against him, but is also materially prejudicing and hamstringing Mr. Ding's ability to build his defenses and prepare for trial. *See United States v. Trumpower*, 546 F.Supp.2d 849, 851–52 (E.D. Cal. 2008) (ordering bill of particulars where indictment pled factual background for mail and wire fraud charges "in completely generic terms" and holding that "without more information [the defendant] is unable to adequately prepare for trial and there is an undue risk of surprise"); *see also Liang Chen*, 2020 WL 6342931, at *5 (granting motion for bill of particulars and agreeing with defendant that the "uncertain and shifting landscape" caused by the government's non-exhaustive list of example trade secrets "impairs their ability to prepare for trial"). Mr. Ding must be afforded

a fair opportunity to assess and, if warranted, rebut the government's purported trade secrets—a right that is afforded to even civil trade secret defendants. *See, e.g.*, *InteliClear*, 978 F.3d at 658 ("Identifying trade secrets with sufficient particularity is important because defendants need 'concrete identification' to prepare a rebuttal."); *Swarmify, Inc. v. Cloudflare, Inc.*, No. C 17-06957 WHA, 2018 WL 2445515, at *2 (N.D. Cal. May 31, 2018) (citation omitted) (adequate trade secret identification is necessary to "enable[] defendants to form complete and well-reasoned defenses"); *Coast Hematology-Oncology Assocs. Med. Grp., Inc. v. Long Beach Mem'l Med. Ctr.*, 58 Cal.App.5th 748, 759 (2020) (citation omitted) ("A key issue in a trade secret case is whether the trade secret is truly secret, or instead whether it is 'generally known.' Neither the defendant nor the court can tackle this issue sensibly without a reasonably particular definition of the putative trade secret."); *Imad Corp. v. Cinema Technologies, Inc.*, 152 F.3d 1161, 1167 (9th Cir. 1998) ("[Defendant] could not be expected to prepare its rebuttal to [plaintiff's] trade secrets claim without some concrete identification of exactly which "dimensions and tolerances" [plaintiff] alleged were incorporated into [defendant's] own projector system").

This case is over a year old, and the government has both superseded its indictment and purportedly narrowed down the documents at issue by providing the List of 108 and the Letter. While these collectively may appear to have sufficiently narrowed the playing field for trial, from over 1000 files to 108 files, it has not sufficiently done so. *See Fujian* Order; *see Liang Chen*, 2020 WL 6342931, at *5. The government should be required to stop moving the playing field and identify the actual portions of the 108 purported trade secret documents that are at issue for trial in this case. The government's deficient identification of trade secrets deprives Mr. Ding of this opportunity and a bill of particulars is therefore necessary.[6]

---

[6] A bill of particulars is further necessary to protect Mr. Ding from double jeopardy. *See, Liang Chen*, 2020 WL 6342931 at *4 (a bill of particulars "'enable[s] [a defendant] to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague'") (quoting *Giese*, 597 F.2d at 1180).

13

**V.    CONCLUSION.**

For the foregoing reasons, Mr. Ding respectfully requests that the Court grant the instant Motion and order the government to produce a bill of particulars identifying with particularity the individual trade secrets it intends to rely on to prove that Mr. Ding violated 18 U.S.C. § 1832.

Dated: April 4, 2025                                    Respectfully submitted,

                                                        GOODWIN PROCTER LLP

                                                        By: */s/ Grant P. Fondo*
                                                            DARRYL M. WOO (SBN 100513)
                                                            *DWoo@goodwinlaw.com*
                                                            GRANT P. FONDO (SBN 181530)
                                                            *GFondo@goodwinlaw.com*
                                                            JESSICA HUANG FUZELLIER (SBN 315208)
                                                            *JHFuzellier@goodwinlaw.com*
                                                            FARZAD FEYZI (SBN 343538)
                                                            *FFeyzi@goodwinlaw.com*
                                                            DAVID RAPP-KIRSHNER (SBN 344494)
                                                            *DRappKirshner@goodwinlaw.com*
                                                            NIRAV BHARDWAJ (SBN 350829)
                                                            *NBhardwaj@goodwinlaw.com*
                                                            **GOODWIN PROCTER LLP**

                                                            Attorneys for Defendant
                                                            LINWEI DING

14

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **April 4, 2025**. I further certify that all participants in the case are registered CM/ ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **April 4, 2025**.

*/s/ Grant P. Fondo*
Grant P. Fondo

15

DEFENDANT LINWEI DING'S RENEWED AND AMENDED MOTION FOR A BILL OF PARTICULARS
Case No. 3:24-CR-00141-VC