CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

CASEY BOOME (NYBN 5101845)
MOLLY K. PRIEDEMAN (CABN 302096)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6627
    casey.boome@usdoj.gov
    molly.priedeman@usdoj.gov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:24-cr-00141-VC |
| Plaintiff, | **UNITED STATES' MOTION TO EXCLUDE EVIDENCE FROM THE VICTIM'S LEGAL COUNSEL AND OF THE GOVERNMENT'S CHARGING DECISIONS** |
| v. | |
| LINWEI DING, | The Honorable Vince Chhabria |
| Defendant. | Courtroom 4, 17th Floor |

U.S.' MOTION TO EXCLUDE EVIDENCE
3:24-cr-00141-VC

# INTRODUCTION

Through this motion, the United States provides notice and moves for a pretrial order excluding defense evidence or argument related to: (i) emails from the victim's company's counsel summarizing other employees' descriptions of the documents stolen by the defendant Linwei Ding ("Ding"); (ii) the process undertaken by victim's counsel to analyze the documents stolen by Ding; and (ii) the government's charging decisions.

# FACTUAL BACKGROUND

The defendant, Linwei Ding, is charged in a fourteen-count indictment. Dkt. 138 (Second Superseding Indictment). In Counts One through Seven, Ding is charged with theft of trade secrets, in violation of 18 U.S.C. § 1832(a)(1), (2), and (3). *Id.* ¶¶ 43-44. In Counts Eight through Fourteen, Ding is charged with economic espionage, in violation of 18 U.S.C. § 1831(a)(1), (2), and (3). *Id.* ¶¶ 45-46. The charges stem from Ding's theft of information from seven categories of Google's trade secrets.

In early January 2024, after discovering that Ding had exfiltrated more than a thousand files containing Google information, Google made a referral to the FBI and U.S. Attorney's Office. On January 6, 2024, the government executed search warrants on Ding's residence. On January 13, 2024, the government executed search warrants on multiple of Ding's personal Google accounts and recovered over a thousand files that Ding had exfiltrated from Google. Prior to exfiltrating the information, Ding copied and pasted contents of internal Google documents into Apple Notes staged on his corporate device, stripping them of their confidentiality markings, file names, and other identifying features, associated with the original Google source documents.

On March 6, 2024, the government charged Ding with the theft of trade secrets related to four categories of trade secrets. Dkt. 1. On February 4, 2025, the government charged the defendant with theft of trade secrets and economic espionage related to seven trade secret categories in a superseding indictment. Dkt. 44. On September 9, 2025, the government charged the defendant with theft of trade secrets and economic espionage related to seven trade secret categories in a second superseding indictment.

On February 4, 2025, the government provided Ding a list of the documents that it intended to

assert contained the trade secret information in each of the seven categories charged in the Superseding Indictment. Priedeman Decl., Ex.1, Ex. 2. On March 19, 2025, the government provided counsel with additional information regarding the trade secret theories the government intended to assert at trial. Priedeman Decl., Ex. 3. On May 15, 2025, the government provided defense with an updated letter and list that removed and added several documents to its trade secret categories. Priedeman Decl., Ex. 4, 5. On August 20, 2025, the government provided counsel with an updated document list that removed one trade secret document from its list. Priedeman Decl., Ex. 6, 7.

On September 2, 2025, Ding filed his exhibit list and witness list. Dkts. 132-33. Defendant included two of Google's legal counsel on their witness list. Dkt. 132 at 2. The defendant's exhibit list included emails between the government and Google counsel. It also included the government's March 19, 2025 and May 15, 2025 letters to defense counsel providing additional information regarding the categories of trade secret information alleged in the Superseding Indictment. Dkt. 133, Ex. 5001, 5002.

## ARGUMENT

### I. The Court Should Exclude Emails Between Google's Legal Counsel and the Government

The Court should exclude any emails between Google's legal counsel and the government summarizing other Google employees' review of the stolen documents, as these emails contain multiple levels of inadmissible hearsay.

Ding's pretrial filings suggest that he intends to introduce evidence of "Google's own analysis of what constituted its trade secrets," as well as Google's "instruct[ions] to the government on what it believed constituted trade secrets." Priedeman Decl., Ex. 8. To that end, Ding included two Google attorneys on his witness list, as well as emails between Google's legal counsel and its employees and the government on its exhibit list. The vast majority of these emails are emails from Google's legal counsel to the government summarizing other Google employees' review of subsets of the information stolen by Ding, or emails from the government seeking assistance categorizing the stolen information. The Court should preclude admission of this evidence.

The emails with Google's legal counsel and statements therein are inadmissible hearsay, and contain multiple levels of inadmissible hearsay in certain instances. *See* Fed. R. Evid. 801-02. For

1  example, the exhibit list includes an email from Google legal counsel stating that another Google
2  employee reviewed 25 of the documents stolen by Ding—none of which are on the government's trade
3  secret list—and was "quite sure that none of them constitute trade secrets." Priedeman Decl., Ex. 9. In
4  *United States v. Reyes*, 239 F.R.D. 591 (N.D. Cal. 2006), the district court excluded similar evidence on
5  hearsay grounds. *Id.* at 599-600.  The *Reyes* defendant had requested third-party subpoenas that sought
6  interview summaries, reports, and notes from two law firms that conducted internal investigations for a
7  corporation that previously employed the defendant. *Id.* at 599-602.  The district court denied these
8  requests, holding that "the second-hand reflections, findings, and conclusions of investigating attorneys
9  would not themselves become evidence at trial to prove the truth of the matters they assert." *Id.* at 600.
10 And that if the defendant wanted evidence of "what [a law firm] told the government about [certain]
11 interviews, the materials would be hearsay-upon-hearsay." *Id.*  Likewise, here, the emails that
12 summarize the findings of Google's counsel reflect second-hand conclusions.  And to the extent these
13 emails include or summarize another employee's statements or discussions with government counsel,
14 these documents would be hearsay-upon-hearsay.

15    Indeed, the sole purpose of these witnesses and emails appears to be a conduit to admit hearsay
16 statements from other Google employees and government counsel.  *See* Fed. R. Evid. 801(c).  Google's
17 legal counsel are not percipient witnesses.  Nor do they have any substantive knowledge related to the
18 asserted trade secrets.  Their only involvement in the case stems from their communications with the
19 government and with other Google witnesses with substantive knowledge of the underlying documents
20 and alleged trade secrets.  Ding may ask trial witnesses about facts relevant to the trade secret
21 determination for the documents at issue, *e.g.*, whether the information was confidential or proprietary,
22 whether the information had economic value in the industry, and the steps taken by Google to keep the
23 information confidential.  However, he cannot shoehorn inadmissible evidence in through the post hoc
24 communications of Google's legal counsel with other Google employees and government counsel.

25 **II.   The Court Should Exclude Evidence of Google Counsel's Process to Review the Stolen Documents**
26
27    The Court should also exclude any evidence about the process undertaken by Google's legal
28

U.S.' MOTION TO EXCLUDE EVIDENCE
3:24-CR-00141-VC

3

counsel to spearhead the review of the documents stolen by Ding. The process undertaken by Google's legal counsel during its own post-hoc investigation of the stolen information, or while assisting the government, is not relevant evidence. *See* Fed. R. Evid. 401 (evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence) and 402 (relevant evidence is admissible). The process undertaken by Google's legal counsel to review the documents stolen by Ding does not bear on whether the information stolen by Ding were indeed trade secrets and whether he knew that the information was proprietary—both facts that the government must prove at trial. 18 U.S.C. §§ 1832, 1839; *United States v. Nosal*, No. 08-CR-00237 MHP, 2009 WL 981336, at *3 (N.D. Cal. Apr. 13, 2009)("The question [] is whether [the defendant] knew the source list information and data he took, copied and downloaded or otherwise came into possession of via emails was proprietary . . . ."); *see United States v. Krumrei*, 258 F.3d 535, 539 (6th Cir. 2001) (holding that "defendant need not have been aware of the particular security measures taken by [the trade secret owner]. Regardless of his knowledge of those specific measures, defendant knew that the information was proprietary.").

Nor is the post-hoc investigation undertaken by Google relevant to whether Google took reasonable measures to protect its information. The review conducted by Google's counsel was of Ding's exfiltrated Apple Notes containing Google information, not the original source materials that Ding used to create the stolen Notes. This distinction is significant. When Ding copied and pasted Google source documents into Apple Notes files, he stripped the information of all confidentiality designations, as well as cover pages and file names (and corresponding access restriction information) in some instances, information that is highly relevant to his knowledge that the information was proprietary and to the measures that Google took to protect its sensitive information.

Google's legal counsel's assessment of what stolen information it may have believed constituted a trade secret also is not relevant. "[A]n attorney's formal opinion about whether any crimes were committed would not be relevant evidence—that determination is for a jury of [the defendant's] peers to make." *Reyes*, 239 F.R.D. at 600. Indeed, the issues described above, *e.g.*, whether information was a trade secret, whether Google took reasonable measures to protect such information, are all factual

questions for the jury. *See* Ninth Circuit Model Criminal Jury Instructions 23.14 and 23.15; *see also United States v. Xue*, 597 F.Supp.3d 759, 775 (E.D. Pa. 2022) (holding that witnesses may not testify using the term "trade secret" because doing so would "usurp the District Court's pivotal role in explaining the law to the jury").

Finally, the Court should exclude any evidence related to the process undertaken by Google's counsel to review the stolen documents based on Rule 403. As explained above, the probative value of these documents is minimal. And it is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time []." Fed. R. Evid. 403. If the Court permitted Ding to introduce evidence regarding the process that Google's legal counsel undertook to review the stolen information, it would run the risk of a mini-trial related to the investigation conducted by Google's counsel, including what documents were reviewed by which individuals, and how they compared to the original source documents copied by Ding, a process that is tangentially related, at best, to the charged conduct in this case. *See United States v. Waters*, 627 F.3d 345, 353 (9th Cir. 2010). Because the introduction of this type of evidence would confuse and mislead the jury, the Court should exclude it under Rule 403.

**III.   The Court Should Exclude Argument or Evidence of the Government's Charging Decisions**

The Court should likewise preclude Ding from introducing any evidence or argument related to the government's charging decisions, including any evidence related to which trade secret categories were charged in this case. Ding's exhibit list includes two letters from the government to defense counsel outlining the trade secret theories the government intends to pursue at trial and referencing the list of key trade secret documents. These letters contain hearsay, and the Court should exclude them on that basis. Fed. R. Evid. 801-02. The government's charging decisions, including whether to include certain documents within the charged trade secret categories, are also completely "irrelevant to the charged conduct in this case, and introduction of such evidence would confuse and mislead the jury." *United States v. Garcia,* No. 18-CR-00466-BLF, 2021 WL 4594774, at *3 (N.D. Cal. Oct. 6, 2021); *see* Fed. R. Evid. 401 and 403. Moreover, "separation of powers concerns would be raised if the Court allowed [the defendant] to introduce evidence of charging decisions or make arguments about them." *Id.* (citing

1  *United States v. Armstrong*, 517 U.S. 456, 464 (1996)).  Thus, the Court should exclude any defense
2  argument or evidence on the government's charging decisions.

### CONCLUSION

For the foregoing reasons, the Court should issue a pretrial order excluding defense evidence or argument related to: (i) emails from the victim's company's counsel summarizing other employees' descriptions of the documents stolen by the defendant; (ii) the process undertaken by victim's counsel to analyze the documents stolen by Ding; and (ii) the government's charging decisions.

DATED: September 9, 2025                               Respectfully submitted,

                                                       CRAIG H. MISSAKIAN
                                                       United States Attorney

                                                       *Molly K. Priedeman*
                                                       MOLLY K. PRIEDEMAN
                                                       CASEY BOOME
                                                       Assistant United States Attorneys