CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

CASEY BOOME (NYBN 5101845)
MOLLY K. PRIEDEMAN (CABN 302096)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6627
    casey.boome@usdoj.gov
    molly.priedeman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 24-CR-00141-VC |
| Plaintiff, | **UNITED STATES' MOTION TO PROTECT TRADE SECRETS AT TRIAL** |
| v. | |
| LINWEI DING, | The Honorable Vince Chhabria |
| Defendant. | Courtroom 4, 17th Floor |

UNITED STATES' MOTION TO PROTECT TRADE SECRETS AT TRIAL
24-CR-00141-VC

**INTRODUCTION**

The United States files this motion to seek an order from the Court to protect the trade secrets that are the subject of this case during the trial.  Failure to take reasonable steps to protect the trade secrets at issue in this case would redouble the harm already inflicted on the victim.  In this case, the government has alleged that the defendant stole seven categories of trade secrets of the victim company, Google LLC ("Google").  *See* Second Superseding Indictment, Dkt. 138, ¶ 36-42 (identifying the trade secret categories).  The defendant has indicated that he intends to raise several defenses regarding the trade secrets, including that the information stolen is not trade secret.  The government anticipates that the nature of the trade secrets will be highly contested as trial.  Consequently, the trade secrets will be shown to the jury and discussed by various witnesses.

Because trade secrets derive their value from not being generally known to the public, any public disclosure of a trade secret poses the substantial risk that the trade secret's value to its owner will be significantly diminished, if not destroyed outright.  To allow both parties to present evidence about the alleged trade secrets without compromising the confidentiality of the trade secrets, the government respectfully requests that the Court enter a narrowly tailored order requiring that:

1. Any trial exhibits describing or containing the victim's trade secrets or related confidential information be sealed, that is, be shown to the Court, the parties, and to the jury, but not to the public, and that thereafter they be filed under seal;

2. That the courtroom be closed to members of the public (except counsel for the victim or other representatives of the victim) during any portion of witness testimony that addresses, other than at a high level of generality, the nature of the victim's trade secrets, and that the transcripts corresponding to those portions of the testimony be sealed as well.

The government expects that it will call one expert witness and several lay witnesses who will be describe (1) the specific functionalities and features of the software and hardware of Google's TPU and GPU supercomputers and custom SmartNIC; (2) how those features are proprietary to Google; and (3) how these features provide value to Google.  Defense has also indicated they intend to call an expert witness to testify regarding the nature of the trade secrets.  The government does not anticipate that the

UNITED STATES' MOTION TO PROTECT TRADE SECRETS AT TRIAL
24-CR-00141-VC

courtroom would need to be closed (and the transcript sealed) for the entirety of these witnesses' testimony; closure would only be necessary for the specific portions of the testimony in which the government or defense elicits confidential information disclosing proprietary aspects of the victim's trade secrets.  In addition, to the extent that either party wishes to discuss specific confidential details of trade secrets during argument over evidentiary or other issues before the Court, the governments seeks that the courtroom be closed and the corresponding portions of the transcript be sealed.

The government expects that any matters related to the sealing of exhibits and transcripts can be addressed outside the presence of the jury and that, should the courtroom need to be closed, the jury could be excused while members of the audience are asked to leave.  The government proposes these measures to eliminate the risk of prejudice to the defendant.

<b>ARGUMENT</b>

**I.**    **The Confidentiality and the Government's Effective Prosecution of Economic Espionage and Trade Secrets Theft are Overriding Interests That Will be Prejudiced if the Courtroom is Not Closed**

The Sixth Amendment right to a public trial is well-established.  "The interests of the defendant are protected because the public will see that the defendant is 'fairly dealt with and not unjustly condemned' and the 'presence of interested spectators may keep his triers keenly alive to a sense of their responsibility and to the importance of their functions.' "  *United States v. Yazzie*, 743 F.3d 1278, 1286 (9th Cir. 2014) (quoting *Waller v. Georgia*, 467 U.S. 39, 46 (1984)).  The press and public also have a First Amendment right of access to criminal trials, "which allows citizens to exercise their constitutionally protected right to discuss governmental affairs in an informed manner." *Id.*

These rights, however, are not absolute.  *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 604-05 (1982) ("Although the right of access to criminal trials is of constitutional stature, it is not absolute.").  Courts may close a criminal trial to public if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise Co. v. Superior Court of California*, 478 U.S. 1, 13-14 (1986) (quotation omitted).  When considering a request for a courtroom closure, the Court must make findings adequate to determine: (1) whether the party seeking to close the courtroom has articulated an overriding interest

UNITED STATES' MOTION TO PROTECT TRADE SECRETS AT TRIAL
24-CR-00141-VC

that is likely to be prejudiced; (2) whether the request is narrowly tailored to protect the articulated interest; and (3) whether reasonable alternatives exist to closing the courtroom. *See Waller*, 467 U.S. at 48; *see also Yazzie*, 743 F.3d at 1287.

This case presents two compelling and overlapping interests: (1) the effective prosecution of theft of intellectual property and; (2) the protection of the confidentiality of a victim's trade secrets.  In enacting the Economic Espionage Act of 1996 (the "EEA"), Congress was explicit in its interest in prosecuting and deterring intellectual property theft.  See S. Rep. 104-359, 11-12, 1996 WL 497065 (1996) ("Only by adopting a national scheme to protect U.S. proprietary economic information can we hope to maintain our industrial and economic edge and thus safeguard our national security.").

Congress recognized the inherent tension between effective trade secret prosecutions and a victim's interest in preserving its intellectual property rights and codified special precautions designed to protect victims' trade secrets.  The EEA instructs that trial courts "shall enter such orders and take other action as may be necessary and appropriate to preserve the confidentiality of trade secrets, consistent with the requirements of the Federal Rules of Criminal and Civil Procedure, the Federal Rules of Evidence, and all other applicable laws." 18 U.S.C. § 1835.  Section 1835 "represent[s] a clear indication from Congress that trade secrets are to be protected to the fullest extent during EEA litigation." *United States v. Hsu*, 155 F.3d 189, 197 (3d Cir. 1998).  Extra precautions in this context are necessary "to encourage[] enforcement actions by protecting owners who might otherwise 'be reluctant to cooperate in prosecutions for fear of further exposing their trade secrets to public view, thus further devaluing or even destroying their worth.' " *Id.* (Quoting H.R. Rep. No. 104-788, at 13, reprinted in 1996 U.S.C.C.A.N. 4021, 4032 (1996)).

As Section 1835 and the EEA's legislative history make clear, the effective prosecution of trade secret cases and the protection of the confidentiality of a victim's trade secrets are overriding interests that warrant court closure and other protective measures as appropriate.  If a victim's trade secrets were at risk of exposure during a trade secret prosecution, victims would be deterred from coming forward, undermining the government's ability to effectively prosecute trade secret theft.

Other courts in similar context have recognized that the need for the confidentiality of trade

UNITED STATES' MOTION TO PROTECT TRADE SECRETS AT TRIAL
24-CR-00141-VC

3

secrets in trade secret theft prosecutions may warrant court closure or other protective measures. *United States v. Aleynikov*, 2010 WL 5158125 (S.D.N.Y. Dec. 14, 2010) *rev'd on other grounds*, 676 F.3d 71 (2d Cir. 2012); *United States v. Zhang*, 590 F. App'x 663 (9th Circuit 2014). In *United States v. Aleynikov*, 2010 WL 5158125 (S.D.N.Y. Dec. 14, 2010), the district court permitted the courtroom to be closed to the public on multiple occasions to prevent the disclosure of the victim's trade secrets. The court instituted a procedure by which "the jury was asked to retire to the jury room before an application for sealing was made and at the conclusion of . . . the witness' cross examination in an effort to create a seamless transition . . . between the public and non-public portions of the trial testimony." *Id. at* *1. In *United States v. Zhang*, 590 F. App'x 663 (9th Circuit 2014), the Ninth Circuit rejected defendant's argument that closing the courtroom for limited periods of time and taking other preventative measures like "turning the courtroom televisions away from the courtroom" to protect the victim's trade secrets violated the defendant's Sixth Amendment right to a public trial. In doing so, the Court held that the district court "reasonably determined that closure was necessary to protect [the victim's] trade secrets while the witness testified about the contents of the very documents that the government alleged to contain trade secrets." *Id.*, at 667.

In this case, any public testimony or argument at trial that reveals the substance or nature of Google's trade secrets would result in harm both to the government's ability to effectively enforce the EEA and also to the victim itself, whose proprietary and valuable intellectual property would be exposed to the public. In other words, the very purpose of this trade secrets prosecution would be defeated and other victims of trade secret theft would be discouraged from reporting similar crimes or cooperating with prosecutions.

## II.    The Government's Application is Narrowly Tailored to Serve the Interests of Protecting the Confidentiality of the Trade Secrets at Issue in This Case

"A courtroom closure is narrowly tailored to a substantial or overriding interest if it is 'no broader than necessary to protect that interest.' " *United States v. Allen*, 34 F.4th 789, 798 (9th Cir. 2022) (quoting *Waller*, 467 U.S. at 48). As detailed above, the government will seek to close the courtroom only when testimony or evidence being publicly presented would reveal proprietary aspects

UNITED STATES' MOTION TO PROTECT TRADE SECRETS AT TRIAL
24-CR-00141-VC

of the victim's trade secrets.  To the extent the government can, without compromising its case, elicit testimony at a level general enough to avoid the need for closure, it will endeavor to do so.

The government cannot, however, predict at this time the extent to which it will request the Corut to exercise these protective measures, as it will depend, in part, on the level of the defendant's cross-examination of the government's witnesses, the defenses asserted by the defendant, and the witnesses and evidence the defendant may seek during its defense case.  The government respectfully requests that the Court require the defendant to proffer, in sufficient time so that the government will have an opportunity to seek closure or other protective measures, what testimony or exhibits regarding the trade secrets it intends to present at trial.

### III.    No Reasonable Alternatives Exist Other Than Sealing the Courtroom

The government has considered measures short of sealing the courtroom and has found them to be inadequate.  For example, in *United States v. Roberts*, No. 3:08-CR-175, 2010 WL 1010000 (E.D. Tenn. Mar. 17, 2010), the government applied for a protective order to seal photographs depicting machine equipment revealing the victim's trade secrets.  However, unlike the trade secrets at issue in *Roberts*, the trade secrets in this case are highly technical and require specialized training to understand.  Accordingly, live witness testimony is essential to explain the nature of the trade secrets, and therefore a protective order as to just the relevant exhibits would be inadequate to protect the trade secrets.  The government has also considered directing its witnesses to discuss the trade secrets in generalities. However, given that the government anticipates the specific nature of the trade secrets to compromise the central issue in this case, this approach is not feasible.  Moreover, defense counsel has indicated that they plan to question the government's witnesses regarding the specifics of the trade secrets, risking public disclosure of the victim's trade secrets.

### CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court grant the United States' Motion *in Limine* and issue an order requiring: (1) any trial exhibits describing or containing the victim's trade secrets or related confidential information be sealed, that is, be shown to the Court, the parties, and to the jury, but not to the public, and that thereafter they be filed under seal;

UNITED STATES' MOTION TO PROTECT TRADE SECRETS AT TRIAL
24-CR-00141-VC

(2) that the courtroom be closed to members of the public (except counsel for the victim or other representatives of the victim) during any portion of witness testimony that addresses, other than at a high level of generality, the nature of the victim's trade secrets, and that the transcripts corresponding to those portions of the testimony be sealed as well; and / or (3) any other relief the Court deems just and meet.

DATED:  September 9, 2025                                Respectfully submitted,

                                                        CRAIG H. MISSAKIAN
                                                        United States Attorney

                                                        *Molly K. Priedeman*
                                                        MOLLY K. PRIEDEMAN
                                                        CASEY BOOME
                                                        Assistant United States Attorneys

UNITED STATES' MOTION TO PROTECT TRADE SECRETS AT TRIAL
24-CR-00141-VC