1  CRAIG H. MISSAKIAN (CABN 125202)
   United States Attorney
2
   MARTHA BOERSCH (CABN 126569)
3  Chief, Criminal Division

4  CASEY BOOME (NYBN 5101845)
   MOLLY K. PRIEDEMAN (CABN 302096)
5  Assistant United States Attorneys

6      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495
7      Telephone: (415) 436-6627
       casey.boome@usdoj.gov
8      molly.priedeman@usdoj.gov

9

10                  UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13  UNITED STATES OF AMERICA,            )  CASE NO. 3:24-cr-00141-VC
                                         )
14         Plaintiff,                    )  **UNITED STATES' MOTION TO EXCLUDE**
                                         )  **EXPERT TESTIMONY OF JAMES POOLEY**
15      v.                               )
                                         )  The Honorable Vince Chhabria
16  LINWEI DING,                         )  Courtroom 4, 17th Floor
                                         )
17         Defendant.                    )
                                         )
18  _____  )

19

20

21

22

23

24

25

26

27

28

UNITED STATES' MOTION TO EXCLUDE TESTIMONY
3:24-cr-00141-VC

**INTRODUCTION**

The defendant has noticed the proposed expert testimony of James Pooley, an intellectual property attorney and litigation consultant.  Mr. Pooley seeks to offer his opinion about the correct definition of "reasonable measures" in a criminal trade secrets case, and to further opine that, as measured against his standard of reasonableness, Google's data protection measures fell short.  Mr. Pooley's opinions about whether Google met the reasonable measures standard appear to be based primarily on his legal background *litigating* trade secret cases, not any specialized knowledge about data protection policies at companies like Google.  The Court should exclude Mr. Pooley's testimony because he is not qualified to testify about the measures taken by Google, his testimony will be unhelpful to the trier of fact, relies on unreliable methodologies, invades the province of the jury to determine an ultimate issue in the case and the Court to instruct the jury on the law, and because the defendant's notice of Mr. Pooley's testimony is insufficient under Rule 16.

**BACKGROUND**

On August 26, 2023, the defendant provided the government with a letter noticing Mr. Pooley's proposed opinions, attached to the Declaration of Casey Boome as Exhibit 1 (the "Pooley Notice").  Mr. Pooley's resume establishes his credentials as a patent and trade secrets attorney.  His resume does not reflect any industry experience in data security or trade secret protection at a global cloud computing company similarly situated to Google.  The defendant's notice generally describes five opinions related to what Mr. Pooley characterizes as Google's failure to take reasonable measures to protect its trade secrets.  The government addresses each opinion below.

**LEGAL STANDARD**

"[S]cientific, technical, or other specialized knowledge" may be admissible where it "will help the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702.  Expert testimony must be (1) based upon sufficient facts or data, (2) the product of reliable principles and methods, and (3) the result of applying those principles and methods reliably to the facts of the case.  *Id.* The district court is a "gatekeeper," charged with the duty to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."  *Daubert v. Merrell Dow Pharms.,*

1    *Inc.*, 509 U.S. 579, 597 (1993); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 148-49 (1999);

2    *Guidroz-Brault v. Missouri Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001).

3          "To qualify as an expert, a witness must have 'knowledge, skill, experience, training, or

4    education' relevant" to evidence or facts in issue.  *United States v. Chang*, 207 F. 3d 1169, 1172 (9th

5    Cir. 2000) (quoting Fed. R. Evid. 702).  An expert must also have expertise that is relevant to the issues

6    to which he is opining.  *See White v. Ford Co.*, 312 F.3d 998, 1008-09 (9th Cir. 2002) ("A layman,

7    which is what an expert witness is when testifying outside his area of expertise, ought not be anointed

8    with ersatz authority as a court-approved expert witness for what is essentially a lay opinion.")

9          Testimony from a purported expert "is reliable if the knowledge underlying it has a reliable basis

10    in the knowledge and experience of the relevant discipline."  *United States v. Sandoval-Mendoza*, 472

11    F.3d 645, 654 (9th Cir. 2006) (internal quotation marks and citations omitted).  The test for reliability

12    under *Daubert* "is not the correctness of the expert's conclusions but the soundness of his

13    methodology."  *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1318 (9th Cir. 1995) ("Daubert

14    II").  To determine whether an expert's methods are reliable, "the court must assure that the methods are

15    adequately explained."  *United States v. Hermanek*, 289 F.3d 1076, 1094 (9th Cir. 2002).  Moreover,

16    "[t]he expert's testimony must be grounded in an accepted body of learning or experience in the expert's

17    field, and *the expert must explain how the conclusion is so grounded*."  Fed. R. Evid. 702 Advisory

18    Committee Note to the 2000 amendment (emphasis added).

19          Even if an expert's opinion is reliable, it will be inadmissible if it is unhelpful to the trier of fact.

20    *Daubert,* 509 U.S. at 591-92; *see also Guidroz-Brault,* 254 F.3d at 829.  In cases where there is some

21    marginal relevance to the testimony, it should nonetheless be excluded "if its probative value is

22    substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the

23    issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

24    Fed. R. Evid. 403.

25          While Rule 704 permits an expert witness to give expert testimony that "'embraces an ultimate

26    issue to be decided by the trier of fact,' an expert witness is prohibited from rendering a legal opinion."

27    *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006).  This prohibition is essential to

28

UNITED STATES' MOTION TO EXCLUDE EXPERT TESTIMONY
3:24-CR-00141-VC

preserve the Court's exclusive role to instruct the jury on the law.  *First Nat. State Bank of New Jersey v. Reliance Elec. Co.*, 668 F.2d 725, 731 (3d Cir. 1981) (affirming trial court decision allowing expert witness to testify as to banking customs "to assist the trier of fact with bank and industry practices" but prohibiting expert from giving opinion "as to the legal duties arising therefrom").

## ARGUMENT

### A.    The Court Should Exclude Each of Mr. Pooley's Proffered Opinions.

#### 1.    Mr. Pooley's definition of "reasonable measures" and opinion that Google failed to meet this standard.

Paragraph 1 of the Pooley Notice states that Mr. Pooley will testify as follows:

> The methods and measures businesses should take to protect their confidential information from loss depends primarily on the value of the information, the risk of loss, and the cost of various measures that could reduce or eliminate the risk. Reasonable efforts are measured in part against the general approach taken by the company as a whole, and in part against how that approach is applied to any particular aspect of its business, such as its employees and its external relationships with customers, vendors, and partners. Implementing the principles of trade secret protection begins with knowing what the potential trade secrets are. Information as to what the business considers trade secrets or that gives the business an advantage of some kind over its competitors needs to be expressed with sufficient clarity that it can be distinguished from information that is generally known or can be easily ascertained, or that represents individual skill. On this basis, Google appears to have failed to take reasonable measures under the circumstances to protect the secrecy of the information it claims are its trade secrets in this action.

The Court should exclude Mr. Pooley's definition of reasonable measures and his opinion that Google failed to meet that standard because it will not assist the jury and amounts to a legal conclusion. Determining what is reasonable under a given set of circumstances is within the capabilities of the ordinary juror.  If the Court permits Mr. Pooley to opine about "how reasonable efforts are measured," his testimony will confuse and mislead the jury by improperly suggesting that Mr. Pooley's definition is the legal standard to be applied during deliberations.  Similarly, Mr. Pooley's proffered testimony regarding "principles of trade secret protection" will suggest, wrongly, that there exists a set of principles that victim companies must implement to meet the reasonable measures standard.

Such a suggestion would be contrary to the Economic Espionage Act ("EEA") and congressional intent at the time the EEA was enacted.  142 Cong. Rec. S12201, 12213 (daily ed. Oct. 2, 1996)

1  (statement of Sen. Kohl) ("The definition of a trade secret includes the provision than an owner has

2  taken reasonable measures under the circumstances to keep the information confidential. *We do not with*

3  *this definition impose any requirements on companies or owners*.") (emphasis added).  Moreover, the

4  Ninth Circuit's jury instructions do not define or enumerate the "reasonable measures" that a trade secret

5  victim must take to meet the standard.  23.16 Trade Secret—Defined (18 U.S.C. § 1839(3)).  Mr.

6  Pooley's proposed reasonable measures opinion will usurp the jury's role as the fact finder and invade

7  the Court's role to instruct the jury on the law.

8       In fact, the government is unaware of any criminal case prosecuted under the EEA in which a

9  district court permitted an expert to testify that the victim did or did not take reasonable measures to

10  protect its information.  Several courts, including the D.C. Circuit, have prohibited experts form offering

11  opinions that amount to legal conclusions.  *Burkhart v. Washington Metropolitan Area Transit*

12  *Authority*, 112 F.3d 1207, 1212-13 (D.C. Cir. 1997) (holding in a case under the Americans with

13  Disabilities Act ("ADA"), that an expert's use of the term "as effective," a phrase "lifted directly from

14  the text of the Attorney General's regulations implementing the ADA," was an inadmissible legal

15  conclusion.").  In *United States v. Xue*, a criminal trade secrets case in the Eastern District of

16  Pennsylvania, the defendant moved to exclude a government expert with decades of experience working

17  in the biopharmaceutical industry whose noticed testimony included specialized knowledge about the

18  measures taken by biopharmaceutical companies to protect their trade secrets.  597 F. Supp. 3d 759

19  (2022).  The Court permitted testimony on the measures taken to protect trade secrets in the relevant

20  industry but indicated that it would prohibit opinion testimony that those measures were reasonable.  *Id.*

21  at 775 (suggesting that characterizing the victim's measures as reasonable would "intrude upon the

22  Court's authority to explain the law to the jury.").  Similarly, in *United States v. Liew,* the district court

23  permitted an industry expert to testify about how companies similarly situated to the victim company

24  protected their intellectual property, but the witness did not offer his opinion that the victim's security

25  measures were reasonable.  CR 11-00573-1 JSW, 2013 WL 6441259, at *4-5 (N.D. Cal. Dec. 9, 2013).

26       The contrast between the expert testimony in *Liew* and *Xue* and Mr. Pooley's proposed testimony

27  here is insightful.  Unlike the experts in those cases, Mr. Pooley has no relevant industry experience.

28

UNITED STATES' MOTION TO EXCLUDE EXPERT TESTIMONY
3:24-CR-00141-VC

The Pooley Notice does not indicate that he has ever worked as a security officer or consultant for a global hyperscaler cloud computing company, such as Amazon Web Services, Microsoft Azure, or Google Cloud.  If Mr. Pooley were an expert in industry-specific security measures, it is conceivable that he could offer admissible testimony about those measures, but not an opinion about whether Google's measures were reasonable.  However, Mr. Pooley has no such industry expertise, and the defendant has not noticed any such testimony.  Therefore, the Court should not permit the defendant to testify to his legal opinion about Google's reasonable measures through the powerful conduit of expert testimony.

> **2.**      **Mr. Pooley's opinion that Google's trainings, confidentiality designations, and document access policies were insufficient.**

Paragraph 2 of the Pooley Notice states that Mr. Pooley will testify that:

> During 2022 and 2023, Google did not make clear to its employees what constituted trade secrets. The relationship between what it asserted as confidential information and trade secret information was not unambiguously explained, and Google fostered a culture of collaboration in the workplace and amongst employees. Google's Code of Conduct, confidentiality policies, and trainings, certifications, and recertifications on the Code of Conduct, had little information regarding general corporate security and the protection of trade secrets. Having made the documents identified in US-0076550 (the "Alleged Trade Secret Documents") available to dozens, hundreds, or thousands of employees is a reflection of that culture and is inconsistent with the notion of strict controls over access to, and use of, the Alleged Trade Secret Documents in the normal course of business, including by Mr. Ding.

Mr. Pooley's second proffered opinion requires no "scientific, technical, or other specialized knowledge" and offers nothing that "will help the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702.  The second opinion amounts to a factual argument that may be appropriate for the defendant's closing argument but offers no "specialized knowledge" to assist the jury.  Each juror will be capable of understanding how much "information regarding general corporate security and the protection of trade secrets" was included in Google's training documents or Code of Conduct, and how many employees were authorized to access certain sensitive documents.

Furthermore, Mr. Pooley's opinion that "the relationship between what [Google] asserted as confidential information and trade secret information was not unambiguously explained" to Google employees suggests, incorrectly, that a victim company is required to explain to its employees what

intellectual property meets the legal definition of a trade secret.  The opinion implies that a data

protection system is not reasonable unless trade secrets are set apart from other confidential information.

As set forth above, the law imposes no such requirements on victim companies.  As such, proposed

opinion two would invite the jury to apply an inaccurate legal standard.  *See Palantir Techs. Inc. v.*

*Abramowitz*, No. 19-CV-06879-BLF, 2022 WL 22913842, at *5 (N.D. Cal. Nov. 3, 2022) (excluding

proposed expert testimony as irrelevant when the analysis "applies the wrong legal standard and would

serve only to confuse the jury.").

> ### 3.    Mr. Pooley's opinions that Google failed to take reasonable measures to protect specific documents and failed to use available technology to screen outgoing files.

The opinions proffered in Paragraphs 3 and 5 of the Pooley Notice present similar deficiencies

and also fail to meet the disclosure requirements of Rule 16.  Paragraph 3 states that Mr. Pooley will

testify that:

> Google failed to take reasonable measures to protect documents Google
> considered trade secrets, including in relation to the documents deleted on
> or about December 8, 2023, and  in relation to Mr. Ding's departure from
> the company.

Paragraph 5 states that Mr. Pooley will testify that:

> During 2022 and 2023, Google's data loss prevention system appeared to
> fail to utilize available technology to detect the presence of confidential
> information in outgoing data transmissions.

Even if the Court permitted Mr. Pooley to offer his opinion that Google failed to take reasonable

measures to protect its trade secrets in this case, it should exclude the opinions proffered in Paragraphs 3

and 5 because they fail to meet the reliability requirements of Rule 702.

Paragraph 3 does not state, for instance, what Mr. Pooley believes to be unreasonable about the

way Google handled the documents at issue on December 8, 2023 or in relation to Mr. Ding's departure

from the company.  The disclosure lacks any analysis regarding how or why Google's conduct during

the relevant time fails to meet Mr. Pooley's standard of reasonable measures.  The Paragraph 5 opinion

is similarly lacking in that it does not state what available technology Mr. Pooley believes Google failed

to use, nor does it offer any analysis of how the unidentified technology would have functioned

differently from Google's data loss prevention system.  Moreover, the Pooley Notice fails to establish that Mr. Pooley has any basis to understand Google's data loss prevention tools in place during the relevant time.  The absence of any stated basis for the opinions in Paragraphs 3 and 5 demonstrates that they are not "the product of reliable principles and methods" nor "the result of applying those principles and methods reliably to the facts of the case."  Fed. R. Evid. 702.

The deficiencies in Mr. Pooley's analysis, and/or in the Pooley Notice thereof, leave the Court unable to perform its gatekeeping function to determine whether an expert's methods are reliable.  The disclosure provides insufficient information for the Court to assess whether Mr. Pooley's opinions are based on specialized knowledge that would assist the trier of fact, or instead merely a vehicle to stamp the defense team's factual arguments with an expert endorsement.

The defendant's insufficient disclosure also leaves the government unable to test the accuracy of Mr. Pooley's analysis or prepare to cross examine him at trial.  In doing so, the Pooley Notice fails to meet the requirements of Rule 16.  As of December 2022, Federal Rule of Criminal Procedure 16 was amended to require the defendant, when disclosing a proposed expert testimony, to disclose include "a complete statement of all opinions that the defendant will elicit form the witness in the defendant's case-in-chief, and the basis and reasons for them" along with the witness' qualifications.  Fed. R. Crim. P. 16(b)(1)(C)(iii).  This was a significant enhancement to Rule 16's expert disclosure notice.  As the 2022 Amendment Advisory Committee Notes to Rule 16 state, the update deletes the phrase "written summary" and now require disclosure of "a complete statement of all opinions the expert will provide." *Id.,* Advisory Committee Notes (2022 Amendments).  The Advisory Committee Notes for the 2022 Amendments make clear that the updates are "intended to facilitate trial preparation, allowing the parties fair opportunity to prepare to cross-examine expert witnesses and secure opposing expert testimony if needed." *Id.*

Here, the defendant's failure to comply with Rule 16 deprives the government of a fair opportunity to prepare for cross examining Mr. Pooley or secure rebuttal expert testimony.  *United States v. McCoy*, No. 23-CR-00085-DKW-KJM, 2025 WL 461754, at *1 (D. Haw. Feb. 11, 2025) (excluding the defendant's proposed expert testimony and denying motion to extend Rule 16 disclosure

1  deadline where defendant notice failed to comply with Rule 16(b)).  Thus, the Court should exclude the

2  opinions in Paragraphs 3 and 5.

3          4.      **Mr. Pooley's opinion that Google's analysis of what constituted a trade secrets appeared to be subjective.**

4  Paragraph 4 of the Pooley Notice states that Mr. Pooley is prepared to testify that:

5          Google instructed the government on what it believed constituted trade
6          secrets after Mr. Ding was arrested and his devices seized; yet Google's
           own analysis of what constituted its trade secrets appeared to be subjective
7          and was not dependent on clear markings or consistent treatment of the
           files at issue.

8

9  Like the Paragraph 2 opinion discussed above, Mr. Pooley's opinion here is not based on any specialized

10 knowledge and will not assist the jury to determine any relevant fact at issue.  The notice itself reveals

11 that Mr. Pooley's opinion amounts to nothing more than his general observations about  Google's

12 review of the documents stolen by Mr. Ding.  Mr. Pooley's observations about these circumstances,

13 however, are irrelevant because they are not based on specialized knowledge or the product of reliable

14 principles and methods.  Expert testimony must be based on "scientific, technical, or other specialized

15 knowledge" and must be helpful to the trier of fact.  Fed. R. Evid. 702.  Mr. Pooley's fourth opinion fails

16 both tests.

17         The Paragraph 4 opinion presents a separate issue in that it appears designed to serve as a vehicle

18 for otherwise inadmissible, incomplete, and unreliable hearsay.  An expert witness may offer opinions

19 based on inadmissible evidence, including hearsay.  Fed. R. Evid. 703. The expert may disclose to the

20 jury the inadmissible evidence relied on in forming his opinion "if [its] probative value in helping the

21 jury evaluate the opinion substantially outweighs [its] prejudicial effect."  *Id.*  However, a party may not

22 use an expert as "little more than a conduit or transmitter for testimonial hearsay, rather than as a true

23 expert whose considered opinion sheds light on some specialized factual situation." *United States v.*

24 *Vera*, 770 F.3d 1232, 1237 (9th Cir. 2014), *quoting United States v. Gomez,* 725 F.3d 1121, 1129 (9th

25 Cir.2013).

26         Here, Mr. Pooley's opinion sheds no light on any specialized factual scenario.  According to the

27 defendant's notice, Mr. Pooley apparently intends to read hearsay statements of Google employees from

28

1   FBI reports and characterize them for the jury.  *See* Ex. 1 at 3 (listing unspecified "FBI notes and reports

2   summarizing conversations with relevant Google witnesses" as part of the bases and reasons for Mr.

3   Pooley's testimony).  These reports are classic hearsay and are not admissible at trial.  Moreover, they

4   are not admissible to impeach a witness to the extent they testify in a way that appears to be inconsistent

5   with the agent's report.  *See United States v. Leonardi*, 623 F.2d 746, 757 (2d Cir. 1980) (holding that

6   witness could not be impeached with FBI agent's statements where witness had not subscribed to

7   statements and the interview did not purport to memorialize all of the witness's statements); *United*

8   *States v. Saget*, 991 F.2d 702, 710 (11th Cir. 1993) (holding that "witness may not be impeached with a

9   third party's characterization or interpretation of a prior oral statement unless the witness has subscribed

10  to or otherwise adopted at the statement as his own).  Given that the interview reports would not be

11  admissible at trial and the defense would not be permitted to impeach the witnesses with these

12  statements, the Court should reject the defense's backdoor attempt to use Mr. Pooley to introduce the

13  statements.

14  <center>**CONCLUSION**</center>

15  For the foregoing reasons, the Court should exclude the noticed testimony of Mr. Pooley in its

16  entirety.

17

18  DATED: September 9, 2025                               Respectfully submitted,

19                                                         CRAIG H. MISSAKIAN
20                                                         United States Attorney

21                                                          /s/_____
22                                                         CASEY BOOME
23                                                         MOLLY K. PRIEDEMAN
                                                           Assistant United States Attorneys
24

25

26

27

28

UNITED STATES' MOTION TO EXCLUDE EXPERT TESTIMONY
3:24-CR-00141-VC