GRANT P. FONDO (SBN 181530)
*GFondo@goodwinlaw.com*
FARZAD FEYZI (SBN 343538)
*FFeyzi@goodwinlaw.com*
NIRAV BHARDWAJ (SBN 350829)
*NBhardwaj@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, CA 94063
Tel: +1 650 752 3100
Fax: +1 650 853 1038

DARRYL M. WOO (SBN 100513)
*DWoo@goodwinlaw.com*
JESSICA HUANG FUZELLIER (SBN 315208)
*JHFuzellier@goodwinlaw.com*
DAVID RAPP-KIRSHNER (SBN 344494)
*DRappKirshner@goodwinlaw.com*
COLETTE LOWRY (SBN 359889)
*CLowry@goodwinlaw.com*
**GOODWIN PROCTER LLP**
525 Market Street, Floor 32
San Francisco, CA 94105
Tel.: +1 415 733 6000
Fax: +1 415 677 9041

Attorneys for Defendant:
LINWEI DING

[*ADDITIONAL COUNSEL LISTED IN SIGNATURE BLOCK*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>LINWEI DING,<br><br>        Defendant. | Case No.  3:24-CR-00141-VC<br><br>**DEFENDANT LINWEI DING'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 15 TO EXCLUDE DOCUMENTARY EVIDENCE DISCOVERED ON HIS PERSONAL ELECTRONIC DEVICES**<br><br>Date:       September 23, 2025<br>Time:      1:00 p.m.<br>Courtroom: 4 (17th Floor)<br>Judge:    Hon. Vince Chhabria<br>             450 Golden Gate Avenue<br>             San Francisco, CA 94102 |

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   LEGAL STANDARD............................................................................................ 10

    A.    Authentication – Fed. R. Evid. 901...................................................... 10

    B.    Hearsay – Fed. R. Evid. 801 ................................................................ 12

    C.    Undue Prejudice, Cumulative Evidence, and Confusing the Issues –
        Fed. R. Evid. 403 ................................................................................. 14

III.  ARGUMENT ....................................................................................................... 14

    A.    The Documents Purportedly from the PRC and Entities in the PRC Found
        on Mr. Ding's Devices Cannot be Properly Authenticated and Should not
        be Admitted. ......................................................................................... 14

        1.    The PRC Documents Cannot be Authenticated. ....................... 15

        2.    The PRC Documents are Inadmissible Hearsay. ...................... 17

        3.    The PRC Documents Should be Excluded under Fed. R. Evid. 403. ........ 18

    B.    The PRC Documents Include Numerous Categories of Documents Such as
        Corporate Documents, Entity Materials, and PowerPoint Presentations that
        are not Properly Authenticated and are Inadmissible Hearsay. ............ 18

        1.    The Entity Materials cannot be properly authenticated. ........... 19

        2.    The Entity Materials are Inadmissible Hearsay. ...................... 20

        3.    The Entity Materials Should be Excluded under Fed. Rule Evid. 403. ..... 20

    C.    The Visual Media Found on Mr. Ding's Devices Should not be Admitted........... 22

        1.    The Visual Media Cannot be Authenticated. ............................ 22

        2.    The Visual Media Contain Inadmissible Hearsay...................... 23

        3.    The Visual Media Should be Excluded under Fed. Rule Evid. 403. ......... 23

IV.   CONCLUSION..................................................................................................... 24

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Doe v. United States*,
    976 F.2d 1071 (7th Cir. 1992) ........................................................................... 12

*Ohio v. Roberts*,
    448 U.S. 56 (1980) .................................................................................... 12, 13

*Orr v. Bank of Am., NT & SA*,
    285 F3d 764 (9th Cir. 2002) .............................................................................. 10

*Seoul Semiconductor Co. v. Bed Bath & Beyond, Inc.*,
    No. CV 18-3837 PSG-SK, 2022 WL 17251954, at *2 (C.D. Cal. Aug. 23,
    2022) ................................................................................................... 12, 19

*Sidibe v. Sutter Health*,
    103 F.4th 675 (9th Cir. 2024) ........................................................................... 14

*Transbay Auto Serv., Inc. v. Chevron USA Inc.*,
    807 F.3d 1113 (9th Cir. 2015) ............................................................... 1, 13, 20, 24

*United States v. Black*,
    797 F.2d 1334 (9th Cir. 1985) ........................................................................... 10

*United States v. Childs*,
    5 F.3d 1328 (9th Cir. 1993) .............................................................................. 11

*United States v. Chu Kong Yin*,
    935 F.2d 990 (9th Cir. 1991) ....................................................................... *passim*

*United States v. Edwards*,
    235 F.3d 1173 (9th Cir. 2000) ........................................................................... 10

*United States v. Garcia*,
    708 F. App'x 307 (9th Cir. 2017) ....................................................................... 22

*United States v. Gonzalez-Flores*,
    418 F.3d 1093 (9th Cir. 2005) ............................................................... 14, 18, 24

*United States v. Hitt*,
    981 F.2d 422 (9th Cir. 1992) ............................................................................ 24

*United States v. Hooton*,
    662 F.2d 628 (9th Cir. 1981) ............................................................................ 14

*United States v. Iribe*,
    564 F.3d 1155 (9th Cir. 2009).................................................................................... 11, 19

*United States v. Lucas-Hernandez*,
    102 F.4th 1039 (9th Cir. 2024) ............................................................................................ 23

*United States v. Mouzin*,
    785 F.2d 682 (9th Cir. 1986)............................................................................................ 13, 17

*United States v. Nelson*,
    533 F. Supp. 3d 779 (N.D. Cal. 2021) ......................................................................... 21

*United States v. Orm Hieng*,
    679 F.3d 1131 (9th Cir. 2012)........................................................................................ 23

*United States v. Pac. Gas & Elec. Co.*,
    No. 14-CR-00175-TEH, 2016 WL 3654371 (N.D. Cal. July 6, 2016).................................. 20

*United States v. Perlmuter*,
    693 F2d 1290 (9th Cir. 1982).......................................................................................... 10

*United States v. Shults*,
    730 F. App'x 421 (9th Cir. 2018) .................................................................................... 19

*United States v. Silverman*,
    861 F.2d 571 (9th Cir. 1988)........................................................................................... 12

*Vatyan v. Mukasey*,
    508 F.3d 1179 (9th Cir. 2007)......................................................................................... 12

**Other Authorities**

Fed. R. Evid. 403 ...............................................................................................................*passim*

Fed. R. Evid. 602 .......................................................................................................... 11, 19

Fed. R. Evid. 801 ...............................................................................................................*passim*

Fed. R. Evid. 805 .............................................................................................................. 23

Fed. R. Evid. 901 ...............................................................................................................*passim*

Fed. R. Evid. 902 ...............................................................................................................*passim*

## NOTICE OF MOTION AND MOTIONS *IN LIMINE* NO. 14 TO EXCLUDE DOCUMENTARY EVIDENCE DISCOVERED ON DEFENDANT'S PERSONAL ELECTRONIC DEVICES

**TO THE COURT AND ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 23, 2025, at 1:00 p.m., or on such other date and time as may be set by The Honorable Vince Chhabria in Courtroom 4 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Linwei Ding ("Mr. Ding") will and hereby does respectfully move *in limine* seeking an order excluding certain documentary evidence discovered on his personal electronic devices that cannot be authenticated and is inadmissible hearsay. The documentary evidence is unfairly prejudicial, likely to be cumulative of testimony at trial, and likely to confuse the jury.

This motion is based on this Notice of Motion and Motion *in Limine*, the below Memorandum of Points and Authorities, the Declaration of Grant P. Fondo and the exhibits attached thereto in support, the record in this case, and on other such arguments or evidence as the Court shall deem proper.

Respectfully submitted,

Dated: September 9, 2025

By: */s/ Grant P. Fondo*
GRANT P. FONDO (SBN 181530)
*GFondo@goodwinlaw.com*
GRANT P. FONDO (SBN 181530)
*GFondo@goodwinlaw.com*
DARRYL M. WOO (SBN 100513)
*DWoo@goodwinlaw.com*
JESSICA HUANG FUZELLIER (SBN 315208)
*JHFuzellier@goodwinlaw.com*
FARZAD FEYZI (SBN 343538)
*FFeyzi@goodwinlaw.com*
DAVID RAPP-KIRSHNER (SBN 344494)
*DRappKirshner@goodwinlaw.com*
NIRAV BHARDWAJ (SBN 350829)
*NBhardwaj@goodwinlaw.com*
COLETTE A. LOWRY (SBN 359889)
*CLowry@goodwinlaw.com*
**GOODWIN PROCTER LLP**

iv

LORA J. KRSULICH (SBN 315399)
*LKrsulich@goodwinlaw.com*
**GOODWIN PROCTER** LLP
601 S. Figueroa Street, Suite 4100
Los Angeles, CA 90017
Tel.: +1 213 426 2500
Fax: +1 213 623 1673

Attorneys for Defendant:
LINWEI DING

v

DEFENDANT'S MOTION *IN LIMINE* NO. 15
Case No. 3:24-CR-00141-VC

## I.    **<u>INTRODUCTION</u>**

The Superseding Indictment (the "Indictment")[1] alleges that Defendant Linwei Ding ("Mr. Ding") stole trade secrets belonging to Google and that he committed economic espionage to the benefit of the People's Republic of China (the "PRC").  Dkt. No. 44.  As part of the investigation leading to these charges, the government executed a search warrant on Mr. Ding's personal residence, seized a number of his personal devices, and made forensic copies of the devices.[2]  The government now seeks to admit into evidence numerous documents extracted from these devices.  But many of these documents are unrelated to his employment at Google, carry no indicia of reliability and have no connection to this case.[3]

To ensure Mr. Ding's right to a fair trial, the defense moves to exclude all documents discovered on Mr. Ding's personal electronic devices that are not related to his employment at Google, including all such documents identified in the Government's exhibit list, because they are inadmissible hearsay, lack proper authentication and have limited probative value.  *See* Fed. R. Evid. 901, 801, and 403.  Simply being found on Mr. Ding's devices does not  make these documents admissible. *See Transbay Auto Serv., Inc. v. Chevron USA Inc.*, 807 F.3d 1113, 1119 (9th Cir. 2015).  More specifically, defense moves to exclude the following categories of documents extracted from Mr. Ding's devices: (1) foreign documents from entities in the People's Republic of China ("PRC"), including documents purportedly issued by the PRC; (2) Entity Materials and other presentation materials not authored by Mr. Ding; and (3) photographs, videos and screenshots because these documents have no relation to Google.[4]  These documents include, but are not limited

---

[1] The government filed a Second Superseding Indictment on September 9, 2025.  Dkt. No. 140.

[2] BATES: US-0075054; US-0075055; US-0075056; US-0075057; and US-0075058.

[3] To the extent the government seeks to admit similar documents not located on Mr. Ding's devices, such documents suffer from yet another basis for exclusion.

[4] Filed concurrently in support of this Motion is the Declaration of Grant P. Fondo, with true and correct copies of a limited selection of exhibits attached to serve as an exemplar of the categories of documents Defendant seeks to preclude.

1

DEFENDANT'S MOTION *IN LIMINE* NO. 15
Case No. 3:24-CR-00141-VC

to,[5] the following documents identified by the government on its exhibit list filed on September 2, 2025 (Dkt. No. 130) and/or referenced by its experts[6]:

| Exhibit No. | BATES BEG | BATES END | General Description[7] |
|---|---|---|---|
| 323 | US-0071813 | US-0071813 | Photo - Rongshu Party |
| 324 | US-0071820 | US-0071820 | Photo - Rongshu Party |
| 325 | US-0071821 | US-0071821 | Photo - Rongshu Party |
| 326 | US-0071865 | US-0071865 | Photo - Rongshu Party |
| 327 | US-0071869 | US-0071869 | Photo - Rongshu Party |
| 328 | US-0071892 | US-0071892 | Photo - Rongshu Party |
| 329 | US-0074475 | US-0074481 | Miracle Plus Info Brochure |
| 330 | US-0072354 | US-0072354 | Photo - Miracle Plus |
| 331 | US-0072356 | US-0072356 | Photo - Miracle Plus |
| 332 | US-0071855 | US-0071855 | Photo - Miracle Plus |
| 333 | US-0071859 | US-0071859 | Photo - Miracle Plus |
| 334 | US-0071862 | US-0071862 | Photo - Miracle Plus |
| 335 | US-0071863 | US-0071863 | Photo - Miracle Plus |
| 336 | US-0071868 | US-0071868 | Photo - Miracle Plus |
| 337 | US-0071870 | US-0071870 | Photo - Miracle Plus |
| 338 | US-0071871 | US-0071871 | Photo - Miracle Plus |
| 339 | US-0071880 | US-0071880 | Photo - Miracle Plus |
| 340 | US-0071882 | US-0071882 | Photo - Miracle Plus |
| 341 | US-0071886 | US-0071886 | Photo - Miracle Plus |
| 342 | US-0071887 | US-0071887 | Photo - Miracle Plus |
| 343 | US-0071899 | US-0071899 | Photo - Miracle Plus |
| 344 | US-0071900 | US-0071900 | Photo - Miracle Plus |
| 345 | US-0071903 | US-0071903 | Photo - Miracle Plus |
| 346 | US-0071942 | US-0071942 | Photo - Miracle Plus |
| 347 | US-0072014 | US-0072014 | Photo - Miracle Plus |
| 348 | US-0072117 | US-0072117 | Photo - Miracle Plus |
| 350 | US-0145480 | US-0145481 | Key projects [39462].pdf |
| 351 | US-0002864 | US-0002866 | Zhisuan CMS Platform Pitch Document - 1 |

[5] Defendant respectfully reserves the right to identify additional documents for exclusion, as the government continues to make document productions.

[6] This motion also applies to all similar documents should the government later add them to its exhibit list.

[7] As described by the government.  *See* Dkt. No. 130 (United States' Exhibit List).

2

| Exhibit No. | BATES BEG | BATES END | General Description[7] |
|---|---|---|---|
| 352 | US-0002867 | US-0002869 | Zhisuan CMS Platform Pitch Document - 2 |
| 353 | US-0002870 | US-0002872 | Zhisuan CMS Platform Pitch Document - 3 |
| 354 | US-0002873 | US-0002875 | Zhisuan CMS Platform Pitch Document - 4 |
| 357 | US-0073745 | US-0073745 | CMS POC Video (Mandarin) |
| 1004 | AML-0000028 | AML-0000034 | Translated Document 4 |
| 1004S | US-0095312 | US-0095312 | Source Document 4 |
| 1015 | AML-0000060 | AML-0000060 | Translated Document 15 |
| 1015S | US-0062453 | US-0062453 | Source Document 15 |
| 1018 | AML-0000081 | AML-0000087 | Translated Document 18 |
| 1018S | US-0145452 | US-0145463 | Source Document 18 |
| 1020 | AML-0000094 | AML-0000094 | Translated Document 20 |
| 1020S | US-0095436 | US-0095436 | Source Document 20 |
| 1024 | AML-0000112 | AML-0000117 | Translated Document 24 |
| 1024S | US-0095453 | US-0095459 | Source Document 24 |
| 1025 | AML-0000118 | AML-0000120 | Translated Document 25 |
| 1025S | US-0095460 | US-0095462 | Source Document 25 |
| 1026 | AML-0000121 | AML-0000121 | Translated Document 26 |
| 1026S | US-0095463 | US-0095463 | Source Document 26 |
| 1027 | AML-0000122 | AML-0000128 | Translated Document 27 |
| 1027S | US-0095464 | US-0095473 | Source Document 27 |
| 1030 | AML-0000132 | AML-0000141 | Translated Document 30 |
| 1030S | US-0095532 | US-0095541 | Source Document 30 |
| 1031 | AML-0000142 | AML-0000143 | Translated Document 31 |
| 1031S | US-0095542 | US-0095542 | Source Document 31 |
| 1033 | AML-0000147 | AML-0000184 | Translated Document 33 |
| 1033S | US-0095568 | US-0095599 | Source Document 33 |
| 1034 | AML-0000185 | AML-0000223 | Translated Document 34 |
| 1034S | US-0053120 | US-0053158 | Source Document 34 |
| 1035 | AML-0000224 | AML-0000254 | Translated Document 35 |
| 1035S | US-0095336 | US-0095365 | Source Document 35 |
| 1036 | AML-0000255 | AML-0000272 | Translated Document 36 |
| 1036S | US-0095604 | US-0095621 | Source Document 36 |
| 1041 | AML-0000355 | AML-0000362 | Translated Document 41 |
| 1041S | US-0050761 | US-0050766 | Source Document 41 |
| 1042 | AML-0000363 | AML-0000368 | Translated Document 42 |
| 1042S | US-0058300 | US-0058304 | Source Document 42 |

3

| Exhibit No. | BATES BEG | BATES END | General Description[7] |
|---|---|---|---|
| 1043 | AML-0000369 | AML-0000377 | Translated Document 43 |
| 1043S | US-0095366 | US-0095373 | Source Document 43 |
| 1044 | AML-0000379 | AML-0000380 | Translated Document 44 [8] |
| 1044S | US-0072120 | US-0072120 | Source Document 44 |
| 1045 | AML-0000381 | AML-0000381 | Translated Document 45 |
| 1045S | US-0071812 | US-0071812 | Source Document 45 |
| 1046 | AML-0000382 | AML-0000382 | Translated Document 46 |
| 1046S | US-0071814 | US-0071814 | Source Document 46 |
| 1047 | AML-0000383 | AML-0000383 | Translated Document 47 |
| 1047S | US-0071857 | US-0071857 | Source Document 47 |
| 1048 | AML-0000384 | AML-0000384 | Translated Document 48 |
| 1048S | US-0071864 | US-0071864 | Source Document 48 |
| 1049 | AML-0000385 | AML-0000421 | Translated Document 49 |
| 1049S | US-0071873 | US-0071873 | Source Document 49 |
| 1050 | AML-0000422 | AML-0000422 | Translated Document 50 |
| 1050S | US-0071888 | US-0071888 | Source Document 50 |
| 1051 | AML-0000423 | AML-0000423 | Translated Document 51 |
| 1051S | US-0071896 | US-0071896 | Source Document 51 |
| 1052 | AML-0000424 | AML-0000424 | Translated Document 52 |
| 1052S | US-0071940 | US-0071940 | Source Document 52 |
| 1053 | AML-0000425 | AML-0000425 | Translated Document 53 |
| 1053S | US-0071948 | US-0071948 | Source Document 53 |
| 1054 | AML-0000426 | AML-0000426 | Translated Document 54 |
| 1054S | US-0071951 | US-0071951 | Source Document 54 |
| 1055 | AML-0000427 | AML-0000427 | Translated Document 55 |
| 1055S | US-0072173 | US-0072173 | Source Document 55 |
| 1056 | AML-0000428 | AML-0000428 | Translated Document 56 |
| 1056S | US-0072269 | US-0072269 | Source Document 56 |
| 1057 | AML-0000429 | AML-0000429 | Translated Document 57 |
| 1057S | US-0072297 | US-0072297 | Source Document 57 |
| 1058 | AML-0000430 | AML-0000430 | Translated Document 58 |
| 1058S | US-0072301 | US-0072301 | Source Document 58 |
| 1059 | AML-0000431 | AML-0000431 | Translated Document 59 |
| 1059S | US-0072317 | US-0072317 | Source Document 59 |

[8] Possible error on government's exhibit list; correct BATES may be AML-0000378.

4

DEFENDANT'S MOTION IN LIMINE NO. 15
Case No. 3:24-CR-00141-VC

| Exhibit No. | BATES BEG | BATES END | General Description[7] |
|---|---|---|---|
| 1060 | AML-0000432 | AML-0000432 | Translated Document 60 |
| 1060S | US-0072318 | US-0072318 | Source Document 60 |
| 1061 | AML-0000433 | AML-0000433 | Translated Document 61 |
| 1061S | US-0072324 | US-0072324 | Source Document 61 |
| 1062 | AML-0000434 | AML-0000434 | Translated Document 62 |
| 1062S | US-0072329 | US-0072329 | Source Document 62 |
| 1063 | AML-0000435 | AML-0000435 | Translated Document 63 |
| 1063S | US-0072333 | US-0072333 | Source Document 63 |
| 1064 | AML-0000436 | AML-0000436 | Translated Document 64 |
| 1064S | US-0072348 | US-0072348 | Source Document 64 |
| 1065 | AML-0000437 | AML-0000437 | Translated Document 65 |
| 1065S | US-0072373 | US-0072373 | Source Document 65 |
| 1066 | AML-0000438 | AML-0000438 | Translated Document 66 |
| 1066S | US-0072377 | US-0072377 | Source Document 66 |
| 1067 | AML-0000439 | AML-0000439 | Translated Document 67 |
| 1067S | US-0072379 | US-0072379 | Source Document 67 |
| 1068 | AML-0000440 | AML-0000440 | Translated Document 68 |
| 1068S | US-0072380 | US-0072380 | Source Document 68 |
| 1069 | AML-0000441 | AML-0000441 | Translated Document 69 |
| 1069S | US-0072381 | US-0072381 | Source Document 69 |
| 1070 | AML-0000442 | AML-0000442 | Translated Document 70 |
| 1070S | US-0072382 | US-0072382 | Source Document 70 |
| 1071 | AML-0000443 | AML-0000443 | Translated Document 71 |
| 1071S | US-0072384 | US-0072384 | Source Document 71 |
| 1072 | AML-0000444 | AML-0000444 | Translated Document 72 |
| 1072S | US-0072385 | US-0072385 | Source Document 72 |
| 1073 | AML-0000445 | AML-0000445 | Translated Document 73 |
| 1073S | US-0072386 | US-0072386 | Source Document 73 |
| 1074 | AML-0000446 | AML-0000446 | Translated Document 74 |
| 1074S | US-0072387 | US-0072387 | Source Document 74 |
| 1075 | AML-0000447 | AML-0000447 | Translated Document 75 |
| 1075S | US-0072388 | US-0072388 | Source Document 75 |
| 1076 | AML-0000448 | AML-0000448 | Translated Document 76 |
| 1076S | US-0072389 | US-0072389 | Source Document 76 |
| 1077 | AML-0000449 | AML-0000449 | Translated Document 77 |
| 1077S | US-0072390 | US-0072390 | Source Document 77 |

5

DEFENDANT'S MOTION *IN LIMINE* NO. 15
Case No. 3:24-CR-00141-VC

| Exhibit No. | BATES BEG | BATES END | General Description[7] |
|---|---|---|---|
| 1078 | AML-0000450 | AML-0000450 | Translated Document 78 |
| 1078S | US-0072391 | US-0072391 | Source Document 78 |
| 1079 | AML-0000451 | AML-0000451 | Translated Document 79 |
| 1079S | US-0072392 | US-0072392 | Source Document 79 |
| 1080 | AML-0000452 | AML-0000452 | Translated Document 80 |
| 1080S | US-0072393 | US-0072393 | Source Document 80 |
| 1081 | AML-0000453 | AML-0000453 | Translated Document 81 |
| 1081S | US-0072394 | US-0072394 | Source Document 81 |
| 1082 | AML-0000454 | AML-0000454 | Translated Document 82 |
| 1082S | US-0072395 | US-0072395 | Source Document 82 |
| 1083 | AML-0000455 | AML-0000455 | Translated Document 83 |
| 1083S | US-0072396 | US-0072396 | Source Document 83 |
| 1084 | AML-0000456 | AML-0000456 | Translated Document 84 |
| 1084S | US-0072470 | US-0072470 | Source Document 84 |
| 1085 | AML-0000457 | AML-0000457 | Translated Document 85 |
| 1085S | US-0072151 | US-0072151 | Source Document 85 |
| 1086 | AML-0000458 | AML-0000468 | Translated Document 86 |
| 1086S | US-0072152 | US-0072152 | Source Document 86 |
| 1087 | AML-0000469 | AML-0000469 | Translated Document 87 |
| 1087S | US-0072153 | US-0072153 | Source Document 87 |
| 1088 | AML-0000470 | AML-0000470 | Translated Document 88 |
| 1088S | US-0072154 | US-0072154 | Source Document 88 |
| 1089 | AML-0000471 | AML-0000471 | Translated Document 89 |
| 1089S | US-0072155 | US-0072155 | Source Document 89 |
| 1090 | AML-0000472 | AML-0000472 | Translated Document 90 |
| 1090S | US-0072156 | US-0072156 | Source Document 90 |
| 1091 | AML-0000473 | AML-0000473 | Translated Document 91 |
| 1091S | US-0072157 | US-0072157 | Source Document 91 |
| 1092 | AML-0000474 | AML-0000474 | Translated Document 92 |
| 1092S | US-0072158 | US-0072158 | Source Document 92 |
| 1093 | AML-0000475 | AML-0000475 | Translated Document 93 |
| 1093S | US-0072296 | US-0072296 | Source Document 93 |
| 1094 | AML-0000476 | AML-0000476 | Translated Document 94 |
| 1094S | US-0072336 | US-0072336 | Source Document 94 |
| 1095 | AML-0000477 | AML-0000477 | Translated Document 95 |
| 1095S | US-0072452 | US-0072452 | Source Document 95 |

6

| Exhibit No. | BATES BEG | BATES END | General Description[7] |
|---|---|---|---|
| 1096 | AML-0000478 | AML-0000478 | Translated Document 96 |
| 1096S | US-0072601 | US-0072601 | Source Document 96 |
| 1097 | AML-0000479 | AML-0000479 | Translated Document 97 |
| 1097S | US-0071811 | US-0071811 | Source Document 97 |
| 1098 | AML-0000480 | AML-0000480 | Translated Document 98 |
| 1098S | US-0072217 | US-0072217 | Source Document 98 |
| 1099 | AML-0000481 | AML-0000481 | Translated Document 99 |
| 1099S | US-0072225 | US-0072225 | Source Document 99 |
| 1100 | AML-0000482 | AML-0000482 | Translated Document 100 |
| 1100S | US-0072275 | US-0072275 | Source Document 100 |
| 1101 | AML-0000483 | AML-0000483 | Translated Document 101 |
| 1101S | US-0072305 | US-0072305 | Source Document 101 |
| 1102 | AML-0000484 | AML-0000485 | Translated Document 102 |
| 1102S | US-0072311 | US-0072311 | Source Document 102 |
| 1103 | AML-0000486 | AML-0000486 | Translated Document 103 |
| 1103S | US-0072462 | US-0072462 | Source Document 103 |
| 1104 | AML-0000487 | AML-0000487 | Translated Document 104 |
| 1104S | US-0072463 | US-0072463 | Source Document 104 |
| 1105 | AML-0000488 | AML-0000488 | Translated Document 105 |
| 1105S | US-0072488 | US-0072488 | Source Document 105 |
| 1106 | AML-0000489 | AML-0000489 | Translated Document 106 |
| 1106S | US-0072490 | US-0072490 | Source Document 106 |
| 1107 | AML-0000490 | AML-0000490 | Translated Document 107 |
| 1107S | US-0072497 | US-0072497 | Source Document 107 |
| 1108 | AML-0000491 | AML-0000491 | Translated Document 108 |
| 1108S | US-0072505 | US-0072505 | Source Document 108 |
| 1109 | AML-0000492 | AML-0000492 | Translated Document 109 |
| 1109S | US-0072507 | US-0072507 | Source Document 109 |
| 1110 | AML-0000501 | AML-0000501 | Translated Document 110 |
| 1110S | US-0072539 | US-0072539 | Source Document 110 |
| 1111 | AML-0000502 | AML-0000502 | Translated Document 111 |
| 1111S | US-0072554 | US-0072554 | Source Document 111 |
| 1112 | AML-0000503 | AML-0000503 | Translated Document 112 |
| 1112S | US-0072568 | US-0072568 | Source Document 112 |
| 1113 | AML-0000504 | AML-0000504 | Translated Document 113 |
| 1113S | US-0072578 | US-0072578 | Source Document 113 |

7

| Exhibit No. | BATES BEG | BATES END | General Description[7] |
|---|---|---|---|
| 1114 | AML-0000505 | AML-0000505 | Translated Document 114 |
| 1114S | US-0072579 | US-0072579 | Source Document 114 |
| 1115 | AML-0000506 | AML-0000506 | Translated Document 115 |
| 1115S | US-0072581 | US-0072581 | Source Document 115 |
| 1116 | AML-0000507 | AML-0000507 | Translated Document 116 |
| 1116S | US-0072584 | US-0072584 | Source Document 116 |
| 1117 | AML-0000508 | AML-0000508 | Translated Document 117 |
| 1117S | US-0072585 | US-0072585 | Source Document 117 |
| 1118 | AML-0000509 | AML-0000509 | Translated Document 118 |
| 1118S | US-0072586 | US-0072586 | Source Document 118 |
| 1119 | AML-0000510 | AML-0000510 | Translated Document 119 |
| 1119S | US-0072587 | US-0072587 | Source Document 119 |
| 1120 | AML-0000511 | AML-0000511 | Translated Document 120 |
| 1120S | US-0072588 | US-0072588 | Source Document 120 |
| 1121 | AML-0000512 | AML-0000512 | Translated Document 121 |
| 1121S | US-0072589 | US-0072589 | Source Document 121 |
| 1122 | AML-0000513 | AML-0000513 | Translated Document 122 |
| 1122S | US-0072590 | US-0072590 | Source Document 122 |
| 1123 | AML-0000514 | AML-0000514 | Translated Document 123 |
| 1123S | US-0072615 | US-0072615 | Source Document 123 |
| 1136 | AML-0002678 | AML-0002678 | Translated Document 136 |
| 1136S | US-0072120 | US-0072120 | Source Document 136 |
| 1137 | AML-0002681 | AML-0002682 | Translated Document 137 |
| 1137S | US-0059190 | US-0059190 | Source Document 137 |
| 1138 | AML-0002683 | AML-0002686 | Translated Document 138 |
| 1138S | US-0059851 | US-0059853 | Source Document 138 |
| 1139 | AML-0002687 | AML-0002689 | Translated Document 139 |
| 1139S | US-0060732 | US-0060733 | Source Document 139 |
| 1140 | AML-0002690 | AML-0002701 | Translated Document 140 |
| 1140S | US-0060980 | US-0060991 | Source Document 140 |
| 1141 | AML-0002702 | AML-0002723 | Translated Document 141 |
| 1141S | US-0063407 | US-0063428 | Source Document 141 |
| 1142 | AML-0002724 | AML-0002725 | Translated Document 142 |
| 1142S | US-0001916 | US-0001917 | Source Document 142 |
| 1143 | AML-0002726 | AML-0002758 | Translated Document 143 |
| 1143S | US-0066145 | US-0066177 | Source Document 143 |

8

| Exhibit No. | BATES BEG | BATES END | General Description[7] |
|---|---|---|---|
| 1144 | AML-0002759 | AML-0002765 | Translated Document 144 |
| 1144S | US-0096586 | US-0096590 | Source Document 144 |
| 1145 | AML-0002766 | AML-0002769 | Translated Document 145 |
| 1145S | US-0096602 | US-0096605 | Source Document 145 |
| 1146 | AML-0002770 | AML-0002772 | Translated Document 146 |
| 1146S | US-0095643 | US-0095644 | Source Document 146 |
| 1147 | AML-0002773 | AML-0002773 | Translated Document 147 |
| 1147S | US-0095645 | US-0095645 | Source Document 147 |
| 1148 | AML-0002774 | AML-0002775 | Translated Document 148 |
| 1148S | US-0095651 | US-0095651 | Source Document 148 |
| 1149 | AML-0002776 | AML-0002776 | Translated Document 149 |
| 1149S | US-0095657 | US-0095657 | Source Document 149 |
| 1156 | AML-0002901 | AML-0002901 | Translated Document 156 |
| 1156S | US-0071855 | US-0071855 | Source Document 156 |
| 1157 | AML-0002902 | AML-0002902 | Translated Document 157 |
| 1157S | US-0096381 | US-0096381 | Source Document 157 |
| 1158 | AML-0002903 | AML-0002914 | Translated Document 158 |
| 1158S | US-0056888 | US-0056899 | Source Document 158 |
| 1159 | AML-0002915 | AML-0002924 | Translated Document 159 |
| 1159S | US-0058159 | US-0058168 | Source Document 159 |
| 1160 | AML-0002925 | AML-0002937 | Translated Document 160 |
| 1160S | US-0095626 | US-0095638 | Source Document 160 |
| 1161 | AML-0002938 | AML-0002939 | Translated Document 161 |
| 1161S | US-0095639 | US-0095640 | Source Document 161 |
| 1162 | AML-0002940 | AML-0002942 | Translated Document 162 |
| 1162S | US-0061750 | US-0061752 | Source Document 162 |
| 1163 | AML-0002943 | AML-0002945 | Translated Document 163 |
| 1163S | US-0057830 | US-0057832 | Source Document 163 |
| 1164 | AML-0002946 | AML-0002948 | Translated Document 164 |
| 1164S | US-0095624 | US-0095625 | Source Document 164 |
| 1165 | AML-0002949 | AML-0002951 | Translated Document 165 |
| 1165S | US-0059379 | US-0059381 | Source Document 165 |
| 1166 | AML-0002952 | AML-0002953 | Translated Document 166 |
| 1166S | US-0059462 | US-0059463 | Source Document 166 |
| 1167 | AML-0002954 | AML-0002978 | Translated Document 167 |
| 1167S | US-0096761 | US-0096785 | Source Document 167 |

9

DEFENDANT'S MOTION *IN LIMINE* NO. 15
Case No. 3:24-CR-00141-VC

| Exhibit No. | BATES BEG | BATES END | General Description[7] |
|---|---|---|---|
| 1168 | AML-0003177 | AML-0003181 | Translated Document 168 |
| 1168S | US-0096812 | US-0096816 | Source Document 168 |
| 1169 | AML-0002979 | AML-0003176 | Translated Document 169 |
| 1169S | US-0096822 | US-0097027 | Source Document 169 |
| 1175 | AML-TBD | AML-TBD | Placeholder for Translated Document |
| 1175S | US-0145479 | US-0145479 | Source Document |

These documents are inadmissible because they cannot be authenticated and contain inadmissible hearsay. The government's witness list includes U.S. based Google employees, U.S. based agents and U.S. based experts, none of whom have any personal knowledge sufficient to authenticate the disputed documents. And none of these documents are certified by any foreign governmental agency or pursuant to an authorized declaration of a custodian of records. This Court should not wait until trial to exclude these documents, as these documents are highly prejudicial, the volume of exhibits voluminous, and the government has no ability to cure these defects.

## II.    LEGAL STANDARD

Under the Federal Rules of Evidence, documentary evidence (e.g. writings, recordings and photographs) is admissible to prove the existence or non-existence of a disputed fact if the evidence is properly authenticated and otherwise admissible.

### A.    Authentication – Fed. R. Evid. 901

Under Rule 901(a), the proponent of an item of evidence "must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a); *see also United States v. Edwards*, 235 F.3d 1173, 1178 (9th Cir. 2000) ("The authentication of evidence is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims" (citations omitted)); *United States v. Black*, 797 F.2d 1334, 1342 (9th Cir. 1985) ("This burden is met when sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification."). "Authentication is a condition precedent to admissibility[.]" *Orr v. Bank of America, NT & SA*, 285 F3d 764, 773 (9th Cir. 2002). Further, "[it] is a special aspect of relevancy concerned with establishing the genuineness of evidence"

10

because evidence has no probative value if it is not what the proponent claims it to be. *Id.* at 773, fn. 7. Authentication promotes accuracy in factfinding by excluding documents that might be false or unreliable, and the Ninth Circuit "requires strict compliance with the authenticity rules." *United States v. Perlmuter,* 693 F2d 1290, 1292–93 (9th Cir. 1982).

If a document is not considered self-authenticating under Federal Rule of Evidence 902, the proponent must use extrinsic evidence to support a finding of authenticity. *See e.g.*, Fed. R. Evid. 901; Fed. R. Evid. 902. Supportive extrinsic evidence usually comes in the form of witness testimony. *See United States v. Iribe*, 564 F.3d 1155, 1159 (9th Cir. 2009) ("the testimony of a witness with knowledge [. . .] demonstrates the authenticity of a document"); *see also United States v. Childs*, 5 F.3d 1328, 1336 (9th Cir. 1993) ("Under Rule 901(b)(1) of the Federal Rules of Evidence, a document can be authenticated by the testimony of a witness with knowledge."). In addition, there is a personal knowledge requirement for witness testimony. *See* Fed. R. Evid. 602. Consequently, if a witness does not possess sufficient personal knowledge, their testimony will be inadequate to satisfy the requirements of Rule 901. *See United States v. Chu Kong Yin*, 935 F.2d 990, 995–96 (9th Cir. 1991) (ruling that "[b]y itself, [INS] Agent Yee's testimony would be insufficient extrinsic evidence to demonstrate authenticity" of documents from Hong Kong showing defendant's prior criminal record because he lacked the requisite personal knowledge).

In *Chu Kong Yin*, Defendant Yin was convicted by a jury for making false statements on his application for status as a permanent U.S. resident. *Chu Kong Yin*, 935 F.2d at 992. On appeal, Yin challenged the admission of documents from Hong Kong that purported to show his criminal record in China on the basis that the records were not properly authenticated and contained inadmissible hearsay. The Ninth Circuit found the government satisfied the requirements under Rule 901 because despite the testimony of the INS agent, Agent Yee, being by itself "insufficient extrinsic evidence to demonstrate authenticity," his testimony "was supported by other evidence." *Id.* at 995.

> [The] Exhibits […] bear the **certification of the Supreme Court of Hong Kong and an apostille of certification**, as required by the Hague Convention, see Fed.R.Civ.P. 44 that verifies the **signature of the Hong Kong Commissioner** of Oaths, who administered an oath to the Hong Kong INS agent who obtained the

11

documents. The **Hong Kong INS agent signed a statement that Exhibits 2 and 3 are public records; Exhibit 4 and the criminal record in Exhibit 5 were identified as public records** by the testimony of Chief Inspector Hawkesley and by the declaration of Officer Holloway that was part of Exhibit 5. Finally, **all four exhibits are supported by "a written declaration made and signed in a foreign country by the custodian of a foreign record of regularly conducted activity or another qualified person**." This declaration is sufficient to establish authenticity pursuant to 18 U.S.C. § 3505.

*Id*. at 995–96 (emphasis added).

In order to admit the documents from Mr. Ding's personal devices, the government must also present extrinsic evidence, in the form of additional testimony or other documentary evidence, sufficient to establish the authenticity.

Rule 902 provides a list of evidence that is self-authenticating, "requir[ing] no extrinsic evidence of authenticity in order to be admitted." *Seoul Semiconductor Co. v. Bed Bath & Beyond, Inc.*, No. CV 18-3837 PSG-SK, 2022 WL 17251954, at *2 (C.D. Cal. Aug. 23, 2022). Under Rule 902(3), foreign documents have "two avenues for authentication: either by production of an official publication of the document or by a copy accompanied by an official certification." *Vatyan v. Mukasey*, 508 F.3d 1179, 1183, fn. 2 (9th Cir. 2007) (citations omitted). Absent an official publication or an official certification, foreign documents are not self-authenticating.

### B.    Hearsay – Fed. R. Evid. 801

Even assuming *arguendo* the documents on Mr. Ding's personal devices could be authenticated, they should still be excluded as inadmissible hearsay. *Chu Kong Yin*, 935 F.2d at 996 ("The government's exhibits fall within the classic definition of hearsay, for they contain information as to which "[t]he declarant is not present and thus cannot be cross-examined")" (citations omitted)). Because out of court statements are presumptively unreliable, the proponent of the evidence bears the burden to establish indicia of both trustworthiness and probative value. *See United States v. Silverman,* 861 F.2d 571, 578 (9th Cir. 1988) ("Out-of-court statements are presumptively unreliable[.]"), citing *Bourjaily v. United States*, 483 U.S. 171, 179 (1987); *see also Doe v. United States*, 976 F.2d 1071, 1079 (7th Cir. 1992) ("[H]earsay not within an enumerated

12

exception is presumptively unreliable, and the burden of overcoming that presumption falls on the party seeking to introduce the evidence.").  As the Supreme Court has noted:

> [W]hen a hearsay declarant is not present for cross-examination at trial, the Confrontation Clause normally requires a showing that he is unavailable. Even then, his statement is admissible only if it bears adequate "indicia of reliability." Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness.

*Ohio v. Roberts*, 448 U.S. 56, 66 (1980).  Thus, in order for a document containing an out of court statement to be admitted into evidence, it must fall within a firmly rooted hearsay exception or demonstrate particularized guarantees of trustworthiness.  *Id.* at 66; *see also Chu Kong Yin*, 935 F.2d at 999 ("The mere fact that a document qualifies as a public record, however, does not ipso facto overcome the hearsay objection unless the document relates to an event to which the author could himself testify" (citations omitted)).

A criminal defendant's mere possession of a document is not an adoption of its contents as a statement under the rules of evidence.  *See United States v. Mouzin*, 785 F.2d 682, 692 (9th Cir. 1986) (rejecting the government's argument that "possession of a document is tantamount to an adoption of its contents under Rule 801(d)(2)(B) of the Federal Rules of Evidence"); *see also Transbay Auto Serv.*, 807 F.3d at 1119 ("[I]t is well settled there must be evidence of adoption beyond mere possession" (citations omitted)).  In *Mouzin*, the government sought to admit a ledger found at the residence of an alleged co-conspirator, arguing it was relevant to the defendant's narcotics conspiracy charge, despite the ledger not explicitly referring to cocaine, not mentioning the name of anyone the government was able to identify at trial, and the government handwriting expert not being able to positively link the co-conspirator to the ledger.  *Mouzin*, 785 F.2d at 691. The government suggested some ledger entries could be corroborated by testimony of other conspirators and introduced the ledger through the testimony of a DEA agent, Agent Lyons, who testified that, in his expert opinion:

> [T]he ledger was a record of a large international cocaine operation. Lyons admitted, however, that he did not have any personal knowledge regarding the transaction allegedly chronicled in the ledger, nor could he identify any of the individuals named in the ledger entries.

DEFENDANT'S MOTION *IN LIMINE* NO. 15
Case No. 3:24-CR-00141-VC

*Id.* The Ninth Circuit ruled the government had failed "to lay a foundation for the admission of the ledger during the trial" and held its admission "was error." *Id.* at 692. The Ninth Circuit relies on the "possession plus" test to determine whether the statements have been adopted by a party-opponent and do not constitute hearsay. *Transbay Auto Serv.*, 807 F.3d at 1119. "[T]he correct approach where documents are concerned [is] asking whether the surrounding circumstances tie the possessor and the document together in some meaningful way." *Id.* at 1121. And whether the defendant uses the statement or takes action in compliance with the statement. *Id.* at 1120. Beyond Mr. Ding's mere possession of the documents, the government must present evidence of conduct or circumstances that converts the documents found on Mr. Ding's devices into adopted admissions if they intend to admit the documents for their truth, as a party admission. Absent evidence to satisfy the "possession plus" test, the documents are inadmissible hearsay and must be excluded.

### C.   Undue Prejudice, Cumulative Evidence, and Confusing the Issues – Fed. R. Evid. 403

Rule 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed "by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *United States v. Hooton*, 662 F.2d 628, 636 (9th Cir. 1981); *see also* Fed. R. Evid. 403. The major function of Rule 403 is "excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *Sidibe v. Sutter Health*, 103 F.4th 675, 691 (9th Cir. 2024). "As to a criminal defendant, unfair prejudice refers to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005) (citations omitted). Relatedly, the "probative value of evidence against a defendant is low where the evidence does not go to an element of the charge. *Id.*

### III.   UNDERLINE ARGUMENT

#### A.   The Documents Purportedly from the PRC and Entities in the PRC Found on Mr. Ding's Devices Cannot be Properly Authenticated and Should not be Admitted.

A significant number of documents on Mr. Ding's devices and identified by the government as trial exhibits are alleged by the government to be issued from the People's Republic of China

14

("PRC"), its alleged instrumentalities, or from entities in the PRC ("PRC Documents").  None of these PRC Documents should not be admitted because they cannot be properly authenticated, are inadmissible hearsay, and are likely to unfairly prejudice the jury against Mr. Ding.

### 1.  The PRC Documents Cannot be Authenticated.

The authentication of documents purportedly issued by foreign governments under the Federal Rules of Evidence requires either: the introduction of evidence sufficient to sustain a finding that the item is what the proponent proclaims it to be (Rule 901) or  the establishment of evidence sufficient to constitute self-authentication   (Rule 902).   None of the documents purportedly issued by the PRC and found on Mr. Ding's personal devices are self-authenticating, as outlined under Rule 902, and so they require extrinsic evidence of authenticity in order to be admitted at trial.  *See* Fed. R. Evid. 901.  There is no extrinsic evidence sufficient to authenticate the foreign documents from entities in the PRC found on Mr. Ding's personal devices.  The PRC Documents generally fall into four categories:

1.  Documents issued by the national government of the PRC, including but not limited to the following, Ex. Nos.: 1018 & 1018S[9]; 1085 & 1085S[10];

2.  Documents purportedly created, issued, or executed by entities the government alleges are instrumentalities of the PRC (i.e., Linggang Group, Chongqing Mingyue Lake International Intelligent Industry Science and Technology Innovation Base, Sichuan Tianfu New Area Innovation Research Institute), including but not limited to the following, Ex. Nos.: 1031 & 1031S[11]; 1024 & 1024S[12]; 1042 & 1042S[13]; 1045 & 1045S[14];

3.  Documents purportedly created, issued or executed by Zhisuan and Rongshu, entities the government alleges are PRC entities that Mr. Ding allegedly worked for in the PRC,

---

[9] AML-0000081 and US-0145452 (Chongqing Liangjiang New Area Administrative Committee Documents).

[10] AML-0000457 and US-0072151 (PRC Identity Card).

[11] AML-0000142 and US-0095542 (Potential customers of Zhisuan Technology).

[12] AML-0000112 and US-0095453 (Lightspeed China Partners Confidentiality Agreement).

[13] AML-0000363 and US-0058300 (Confidentiality Agreement).

[14] AML-0000381 and US-0071812 (Power of Attorney).

15

DEFENDANT'S MOTION *IN LIMINE* NO. 15
Case No. 3:24-CR-00141-VC

including but not limited to the following, Ex. Nos.: 1031 & 1031S[15]; 1034 & 1034S[16]; 1035& 1035S[17]; 1036 & 1036S[18]; and 351, 352, 353, & 354[19]; and

4.    Documents created, issued or executed by alleged PRC entities the government concedes are not instrumentalities of the PRC (Miracle Plus and Baishan Cloud), including but not limited to the following, Ex. Nos.: 329[20]; 1015 & 1015S[21]; 1049 & 1049S[22].

As exemplified in the evidence deemed sufficient in *Chu Kong Yin*, the extrinsic evidence necessary to authenticate documents from a foreign country should be certifications and declarations attesting that the respective document is what the proponent claims it to be. *Chu Kong Yin*, 935 F.2d  at 995-96.

Here, no such certification or declarations exist with respect to the PRC Documents.  And none of the individuals listed on the government's witness list possess the personal knowledge to establish—with their testimony alone—that the documents are what the government claims them to be.  That is because none of the government's witnesses can certify or attest to the creation of the foreign documents, as they are not themselves officials of the PRC who keep those records, nor do they have any knowledge of how these documents were created.

For instance, Government Exhibit Nos. 1018 & 1018S[23] are PRC Documents translated to purportedly be Chongqing Liangjian New Area Administrative Committee documents.  Beyond the records being located on Mr. Ding's computer, there is no additional testimonial evidence the government's witnesses can give in explanation of the circumstances surrounding the creation, transmission, or use of this document.  Similarly, there is no documentary evidence disclosed by the government to date that would do the same (i.e., foreign certifications, declarations, etc.), either

---

[15] AML-0000142 and US-0095542 (Potential customers of Zhisuan Technology)

[16] AML-0000185-223 and US-0053120-158 (PowerPoint: Zhisuan)

[17] AML-0000224-254 and US-0095336 -65 (PowerPoint: Zhisuan).

[18] AML-0000255-272 and US-0095604-21 (PowerPoint: Rongshu).

[19] US-0002864-66; US-0002867-69; US-0002870-72; US-0002873-75 (Slide Decks: Zhisuan).

[20] US-0074475 (About Miracle Plus).

[21] AML-0000060 and US-0062453 (Zhisuan Application)

[22] AML-0000385 and US-0071873 (Miracle Plus Team).

[23] Ex. No. 1018 is BATES: AML-0000081–87; Ex. No. 1018S is BATES: US-0145452–63.

16

independently or in conjunction with anticipated witness testimony. *See Chu Kong Yin*, 935 F.2d at 995-96. The same is true for: Exhibit Nos. 1045 & 1045S[24], a translated photo[25] of a foreign document purportedly conferring Zhisuan's Power of Attorney to Mr. Ding; Exhibit Nos. 1051 & 1051S, purportedly a photo of Zhisuans' business license issued in the PRC; and Exhibit Nos. 1052 & 1052S, purportedly a photo of a Chinese economist's business card. Consequently, these documents, and others like it, cannot be authenticated and therefore should not be admitted.

### 2. The PRC Documents are Inadmissible Hearsay.

In addition to the absence of proof on authenticity, these documents must also be excluded as inadmissible hearsay. The government very clearly intends to offer these documents from entities in the PRC for their substantive value (i.e., their truth), as they otherwise have no relevance to the case. As a result, irrespective of whether these documents can be authenticated, they are inadmissible hearsay not subject to any exception. Fed. R. Evid. 801.

There is no evidence that Mr. Ding authored the PRC Documents, so they are not admissible as his statements. And because a criminal defendant's mere possession of a document is not an adoption of its contents as a statement, the simple fact that these documents were found on Mr. Ding's personal devices, without more, is not sufficient to convert them into adopted admissions. *See Mouzin*, 785 F.2d at 692. And as outlined above, there is no additional evidence that will convert these documents into Mr. Ding's statements. Therefore, the documents are unreliable out-of-court statements not subject to any exception and should be excluded as inadmissible hearsay.

Further, the government seeks to admit *photos of documents* for the truth of the matter asserted in the underlying documents. These photos have an extra lawyer of inadmissible hearsay built in that the government cannot overcome. The government does not have testifying at trial the alleged photographer of these documents, the people who drafted or signed the documents, nor any

---

[24] Ex. No. 1045 is BATES: AML-0000381; Ex. No. 1045S is BATES: US-0071812.

[25] This document, like many of the photos at issue, further suffers from double or triple hearsay— it is a photo of a document that has statements the government wants the jury to hear for the truth of those matters asserted, as discussed below.

17

certification or declaration that the document is what the government purports it to be. This is yet another basis to exclude all photographs of documents.

### 3. The PRC Documents Should be Excluded under Fed. R. Evid. 403.

The minimal probative value of the foreign documents from entities in the PRC discovered on Mr. Ding's devices is substantially outweighed by the danger of unfair prejudice to Mr. Ding. Further, the evidence risks confusing the issues, and should therefore be excluded under Rule 403. Here, the probative value of the documents discovered on Mr. Ding's devices is low because the evidence does not tend to prove or disprove any of the elements in the charges levied against Mr. Ding. *See Gonzalez-Flores*, 418 F.3d at 1098. Further, the prejudicial effect will be to invite the jury to consider the guilt or innocence of Mr. Ding based on this minimally probative, unreliable, and unauthenticated evidence; as opposed to the limited universe of relevant, admissible evidence. These documents, if not excluded, will invite jurors to consider conduct beyond the scope of the admissible conduct not properly attributable to Mr. Ding. It will also cause the jury to speculate about other theories of culpability, such as guilt-by-association or conspiracy theories that are neither alleged or charged in the superseding indictment. Thus, the danger of unfair prejudice substantially outweighs the probative value of the evidence and should be excluded under Rule 403.

### B. The PRC Documents Include Numerous Categories of Documents Such as Corporate Documents, Entity Materials, and PowerPoint Presentations that are not Properly Authenticated and are Inadmissible Hearsay.

In addition to the PRC documents being unauthenticated documents from the PRC and the other defects noted above, they suffer from other, related defects. A significant number of the documents found on Mr. Ding's devices and listed on the government's exhibit list are categories of documents created by various PRC instrumentalities and entities (including Zhisuan, Rongshu, Miracle Plus and Baishan), including corporate or company documents, marketing materials, and PowerPoint presentations and entity materials (collectively, "Entity Materials"), that suffer from

18

related evidentiary defects.  The  Entity Materials are inadmissible hearsay, and should be excluded as evidence that will unfairly prejudice Mr. Ding and confuse the issues for the jury.[26]

### 1.  The Entity Materials cannot be properly authenticated.

The Entity Materials are not alleged to contain any alleged trade secret information.  The Entity Materials are not Google documents, no fact witnesses will testify about them, and as noted above, there are no certifications or declarations associated with these documents.

The Entity Materials cannot be properly authenticated because there is no extrinsic evidence that the government can offer into evidence that will establish their authenticity. *See* Fed. R. Evid. 901, 902; *see also Seoul Semiconductor Co. v. Bed Bath & Beyond, Inc.*, No. CV 18-3837 PSG-SK, 2022 WL 17251954, at *2 (C.D. Cal. Aug. 23, 2022) (holding "human-created slide decks" are not self-authenticating documents).  None of the individuals on the government's witness list have the personal knowledge of how those Entity Materials were created.  Dkt No. 129.  Further, the government has produced no documentary evidence to establish, beyond mere speculation, the identity of the slide deck authors.

For example, Exhibit Nos. 1034 & 1034S[27] and 1035& 1035S[28] are PowerPoint slide decks purportedly discussing the technical aspects of Zhisuan's CMS Platform development; Exhibit No. 1036 & 1036S[29] is a PowerPoint slide deck purportedly discussing Rongshu; and Exhibit Nos. 351, 352, 353, and 354[30] are slide decks that are purported to discuss Zhisuan's development of a CMS Platform.  The only possible fact the government can point to with any certainty is that the slide decks were found on Mr. Ding's computer, but there is no evidence to suggest that Mr. Ding was the author of, or created any of these slide decks.

The original creator remains unknown, and absent any testimony or documentary evidence to establish that the slide decks, or other Entity Materials, are what the government declares them

---

[26] The documents issued by the national government of the PRC suffer from the same defects, and should similarly be excluded.
[27] Ex. No. 1034 is AML-0000185-223; Ex. No. 1034S is US-0053120-58.
[28] Ex. No. 1035 is AML-0000224-254; Ex. No. 1035S is US-0095336-65.
[29] Ex. No. 1036 is AML-0000255-272; Ex. No. 1036S is US-0095604-21.
[30] Ex. No. 351 is US-0002864-66; Ex. No. 352 is US-0002867-69; Ex. No. 353 is US-0002870-72; Ex. No. 354 is US-0002873-75.

19

to be, they cannot be properly authenticated under FRE 901. *Compare United States v. Shults*, 730 F. App'x 421, 423 (9th Cir. 2018) (holding PowerPoint document was properly authenticated "through the testimony of a witness with knowledge" as the recipient of an email, where the slides were attached to the same email correspondence between two testifying witnesses at trial whose testimony was supported by circumstantial evidence of their email addresses.) (citations omitted)*; see e.g., Iribe*, 564 F.3d at 1159; *Chu Kong Yin,* 935 F.2d at 995–96; Fed. R. Evid. 602.

Similarly, all the alleged corporate or entity documents have no witness or custodian that can testify as to their creation or contents.

### 2. The Entity Materials are Inadmissible Hearsay.

The Entity Materials suffer from the further defect that the documents are still presumptively unreliable out-of-court statements being offered for their truth and not subject to any applicable hearsay exception. See *United States v. Pac. Gas & Elec. Co.*, No. 14-CR-00175-TEH, 2016 WL 3654371, at *5 (N.D. Cal. July 6, 2016) (holding that PowerPoint presentation is admissible "provided the Government lays the proper foundation for the PowerPoint being a nonhearsay statement of a party opponent under Rule 801(d)(2)"). Here, no such hearsay exception applies. As outlined above, the single fact that the Entity Materials were found on Mr. Ding's computer is not sufficient to overcome the presumption of unreliability or establish an adoptive admission. *See Transbay Auto Serv.*, 807 F.3d at 1119. Therefore, the Entity Materials are inadmissible hearsay not subject to any applicable hearsay exception.

### 3. The Entity Materials Should be Excluded under Fed. Rule Evid. 403.

While Mr. Ding's business activities in China are generally relevant to the charges levied against him in this case, these Entity Materials contain statements and information that are very likely to confuse the jury as to the issues, and unfairly prejudice Mr. Ding at trial.

The introduction of the Entity Materials into evidence will very likely confuse the issues for the jury. The material fact in dispute is whether Mr. Ding misappropriated Google's trade secrets/proprietary AI technologies to the benefit of the PRC. Nothing in these Entity Materials is probative of that question. Neither the government or Google allege that these Entity Materials contain any of Google's trade secrets or proprietary AI technologies. Any purported discussion of

20

Google's technology in the Entity Materials is limited to: (1) publicly available information discussing Google's AI capabilities generally; and (2) Mr. Ding's personal project experience at Google. Zhisuan leveraging Mr. Ding's experience as an engineer building Google AI is not the same as misappropriating Google's trade secrets or stealing U.S. technology to the benefit of the PRC. Mr. Ding's AI-expertise, though shaped and cultivated through his tenure with Google, does not *belong* to Google. Google has no claim, and indeed makes no claim, of ownership over Mr. Ding's AI know-how as one of its trade secrets. However, this difference could be very easily lost on jurors who may be inclined to collapse the distinction between leveraging Mr. Ding's experience working to develop Google's proprietary AI technologies and Mr. Ding's alleged misappropriation of the same. The risk of this confusion is greater given that this case will have very technical documentary evidence and expert witness testimony that will use legal terms of art like "trade secret" in conflicting ways at trial. The risk of prejudice to Mr. Ding is high given this risk of confusion and that the Entity Materials could encourage jurors to hold him criminally liable for entirely legal efforts to market his expertise.

Neither Google or the government maintain that these Entity Materials contain any trade secrets or that they have any explicit discussion of entities in the PRC using or relying on Google's trade secrets or proprietary technologies. These issues, taken in conjunction with the authentication and hearsay concerns, render the Entity Materials substantially more prejudicial than probative such that they run an unfair risk of prejudice to Mr. Ding. Here, there is no evidence identifying the authors of the Entity Materials meaning they are necessarily not subject to cross-examination at trial, nor is it expected that any of the government's witnesses will testify they authored or worked on any of these Entity Materials. *Compare United States v. Nelson*, 533 F. Supp. 3d 779, 802 (N.D. Cal. 2021) (holding the admission of an expert witness' PowerPoint presentation was not unduly prejudicial "since any errors or shortcomings will be subject to cross-examination"). Further, there is no evidence that Mr. Ding authored these Entity Materials, that any of the statements within the Entity Materials can be attributed to him, or that he ever did anything with them beyond possess them. Therefore, the Entity Materials should be excluded under Rule 403.

DEFENDANT'S MOTION *IN LIMINE* NO. 15
Case No. 3:24-CR-00141-VC

**C.    The Visual Media Found on Mr. Ding's Devices Should not be Admitted.**

A significant number of the documents identified on Mr. Ding's devices are photos, cell phone screenshots, and videos (collectively, "visual media") that the government alleges reflect Mr. Ding's business activities in the PRC.  The visual media the government intends to use at trial cannot be properly authenticated, contains inadmissible hearsay, and should be excluded as cumulative evidence that will unfairly prejudice Mr. Ding and confuse the issues for the jury.

**1.    The Visual Media Cannot be Authenticated.**

The media found on Mr. Ding's personal devices cannot be authenticated under Rule 901 because the government cannot establish that the photos and videos are what they will claim them to be at trial.

Beyond the fact that they were discovered on Mr. Ding's personal devices, there is no extrinsic evidence, testimony or otherwise, to establish what the pictures and videos show and whether they are a fair and accurate representation of whatever moment they are purported to capture. *United States v. Garcia*, 708 F. App'x 307, 309 (9th Cir. 2017) (holding the district court did not abuse its discretion ruling that a photo was not sufficiently authenticated by a witness who could identify the person in the photograph "but testified that he did not know when the photograph was taken").[31]

Here, the authentication of the visual media discovered on Mr. Ding's devices will suffer the same authentication deficiencies as in *Garcia* and more, where one of the government's witnesses or evidence can establish that the photos are what the government purports them to be. For example, Government Exhibit Nos. 323-328[32] are photos the government purports to be of a Rongshu Party; Exhibit Nos. 330-348[33] are photos the government purports to have been taken at Miracle Plus.  However, there are no witnesses and no extrinsic evidence to authenticate the photos

---

[31] The government cannot cure this defect by having a witness testify that Mr. Ding is included in the picture.  This does not overcome the underlying issue of the lack of authentication of and hearsay problems with the photograph.

[32] US-0071813; US-0071820; US-0071821; US-0071821; US-0071869; US-0071892.

[33] US-0072354; US-0072356; US-0071855; US-0071859 US-0071862; US-0071863; US-0071868; US-0071870; US-007187; US-0071880; US-0071882; US-0071886; US-0071887; US-0071899; US-0071900; US-0071903; US-0071942; US-0072014; and US-0072117.

22

DEFENDANT'S MOTION *IN LIMINE* NO. 15
Case No. 3:24-CR-00141-VC

such that they are admissible under FRE 901 or otherwise. All of the government's witnesses lack the requisite personal knowledge to authenticate the visual media located on Mr. Ding's devices.

### 2. The Visual Media Contain Inadmissible Hearsay.

The visual media discovered on Mr. Ding's devices contain out-of-court statements in Mandarin that, even with a certified translation supported by expert testimony at trial, constitute inadmissible hearsay because they are being offered for their truth and the original declarant is unknown, and therefore, not subject to cross-examination.

The government submitted multiple photographs, videos, and screenshots on their exhibit list that contain translations. Dkt. No. 130 at pp. 40–56. The government's exhibit nos. 1001–1169 are the source documents containing original statements in Chinese, while exhibit nos. 1001S–1169S are the source documents translated to English. Irrespective of whether the source documents are properly authenticated, the translation and the underlying translated statements contain multiple levels of hearsay that are inadmissible unless an exception applies. *See* Fed. R. Evid. 805; *see also United States v. Orm Hieng*, 679 F.3d 1131, 1145 (9th Cir. 2012) ("The testimony was admissible because each level of hearsay upon which it was based fell within an established exception to the hearsay rule"); *United States v. Lucas-Hernandez*, 102 F.4th 1039, 1044 (9th Cir. 2024) (where translated statements were admissible as nonhearsay because they were "attributed directly to the original speaker[,]" the defendant, whose statements were subject to the party-opponent hearsay exception under 801(d)(2)(A)). Here, the translated documents contain classic hearsay: the original out-of-court statement in Chinese is made by an unidentified declarant and is being offered for its truth. These statements are inadmissible hearsay because they do not fall into any established categories of exception. And there is no evidence that Mr. Ding is the original declarant for any of the statements and no evidence that he ever endorsed or adopted those statements. Absent an applicable hearsay exception, the statements are inadmissible and should be excluded.

### 3. The Visual Media Should be Excluded under Fed. Rule Evid. 403.

The visual media discovered on Mr. Ding's devices should be excluded under FRE 403 as unfairly prejudicial and likely to be cumulative of testimony at trial.

23

As a specific example, Exhibit No. 1044S is an apparent photo of Mr. Ding speaking to a group of people standing in front of what the government alleges is Zhisuan marketing materials, translated to English in Ex. No. 1044. The image of Mr. Ding speaking to this group of men in front of the Zhisuan marketing materials, coupled with the translation, seems to suggest that Mr. Ding is making the translated statements verbatim to the other people in the picture. There is simply no basis to invite such a speculative assertion, as the government will have no witness who can testify they were present at the time this photo was taken. This photo and its accompanying translation are, at best, an invitation to jurors to find Mr. Ding guilty of stealing Google's trade secrets based on the translated statements in this photo that there is no evidence Mr. Ding ever made. Exhibit No. 1044, the translation in the photo, invites jurors to speculate as to whether Mr. Ding authored the translated statement, and/or whether Mr. Ding ever endorsed the translated statement. The photo of Mr. Ding standing in front of the Zhisuan marketing materials, without more, is not adequate to establish an adoptive admission relating to a statement attached to that photo. *Transbay Auto Serv.*, 807 F.3d at 1119–21. Because there is no testimony or evidence to establish the nature of the statements, if any, Mr. Ding or anyone else was making at that moment, and no evidence to establish the identity of the declarant of the written, translated statement, the photo creates the risk of unfair prejudice to Mr. Ding, inviting jurors to declare Mr. Ding's guilt on a ground different from the proof specifically required to the offenses charged. *See Gonzalez-Flores*, 418 F.3d at 1098; *see also United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992) ("Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury.").

## IV.    CONCLUSION

Defendant respectfully requests an order from the court excluding the above-identified evidence purportedly discovered on Mr. Ding's devices because it cannot be authenticated, is and/or contains inadmissible hearsay, and is unfairly prejudicial.

Respectfully submitted,

Dated: September 9, 2025                    By: */s/ Grant P. Fondo*

24

GRANT P. FONDO (SBN 181530)
*GFondo@goodwinlaw.com*
GRANT P. FONDO (SBN 181530)
*GFondo@goodwinlaw.com*
DARRYL M. WOO (SBN 100513)
*DWoo@goodwinlaw.com*
JESSICA HUANG FUZELLIER (SBN 315208)
*JHFuzellier@goodwinlaw.com*
FARZAD FEYZI (SBN 343538)
*FFeyzi@goodwinlaw.com*
DAVID RAPP-KIRSHNER (SBN 344494)
*DRappKirshner@goodwinlaw.com*
NIRAV BHARDWAJ (SBN 350829)
*NBhardwaj@goodwinlaw.com*
COLETTE A. LOWRY (SBN 359889)
*CLowry@goodwinlaw.com*
**GOODWIN PROCTER LLP**

LORA J. KRSULICH (SBN 315399)
*LKrsulich@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, Suite 4100
Los Angeles, CA 90017
Tel.: +1 213 426 2500
Fax: +1 213 623 1673

Attorneys for Defendant:
LINWEI DING

25

DEFENDANT'S MOTION *IN LIMINE* NO. 15
Case No. 3:24-CR-00141-VC