# Exhibit E



# Confidentiality Agreement

**This Agreement** was signed by the following parties on December 22, 2023 in [Dongcheng District, Beijing]:

**Party A:** Hony Horizon Investment Consulting Co., Ltd., 25/F, Hexa International Plaza, 9 Chaoyangmen North Street, Dongcheng District, Beijing

**Party B:** Shanghai Zhisuan Technology Co., Ltd., Room 809, 8/F, Building A6, Caohejing Modern Service Park, 1528 Gumei Road, Xuhui District, Shanghai

**In view of:**

A.      Party A intends to conduct investigation, research and demonstration on the potential investment in the science and technology leading to computation (hereinafter referred to as the "project") introduced by Party B or Party B (hereinafter referred to as the "investment investigation and research");

B.      for the purpose of investment research, Party B will provide confidential information on the project (as defined below) to Party A and its authorized representatives (as defined below) orally or in writing;

C.      Both parties agree to the following clauses relating to such confidential information.

In view of this, after equal consultation and on the basis of the principles of fairness and equality, the two parties agreed as follows:

1.      **confidential information**

For the purpose of this Agreement, "Confidential Information" means all information in respect of investment research that is proprietary, non-public and confidential to Party B, and that is provided by Party B to Party A and its authorized representatives in writing and marked as "Confidential."

Party B undertakes that all information provided by it shall not include any state secrets as defined by laws and regulations, nor shall it include any data that may involve national security and interests or other undisclosable data.

1.      **unclassified information**

1

弘毅投资
HONY CAPITAL

The term "confidential information" as mentioned in this Agreement shall not include:

1.1    Information obtained by Party A before Party B provides such information or before Party A signs this Agreement for the purpose of investment research;

1.2    information which has been or becomes public not because Party A has violated the provisions of this Agreement;

1.3    (a) Party A or its authorized representative obtains information from third parties which, to the knowledge of Party A, does not have any obligation of confidentiality with respect to Party B; and

1.4    Information developed independently by or on behalf of or on behalf of Party A without violating any of Party A's obligations under this Agreement.

**2.    obligation of confidentiality**

2.1    Party A agrees to use confidential information only for the purpose of investment research and may not use it for any other purpose.

2.2    CONFIDENTIAL INFORMATION WILL BE KEPT CONFIDENTIAL BY PARTY A IN ACCORDANCE WITH THE TERMS OF THIS AGREEMENT AND SHALL NOT BE DISCLOSED EXCEPT FOR:

a)    with the consent of Party B;

b)    shall be subject to the application of laws, regulations, judicial proceedings or requirements of any government authority, stock exchange or other body performing government functions; and

c)    provide confidential information to the related parties of Party A, potential joint investors and joint investors to be involved in the investment, employees, directors, shareholders, partners, financiers, intermediaries, advisers (including professional advisers such as financial advisers, lawyers, auditors, etc.) or other representatives (hereinafter collectively referred to as the "authorized representatives") of Party A and its related parties.

1.5    The parties agree that except for disclosure to the authorized representative, neither party shall disclose to any other person without the prior written consent of the other party:

AML-0000364

a)    the facts that Party A is conducting investigation and research, argumentation or negotiation on the project and potential transactions;

b)    (a) the fact that Party A and/or any of its authorized representatives have obtained confidential information from Party B; or

c)    any terms, conditions or other facts relating to any such project or potential transaction, including the status of its progress;

Except for disclosures required for purposes of compliance with applicable laws, regulations, judicial procedures or requirements of government authorities, stock exchanges or other bodies performing government functions.

The term "person" used in this Agreement shall be interpreted in broad terms and shall include the media and any shareholding company, company, group, partnership or other entity or individual.

If the Parties agree to terminate this Project Cooperation, Party A shall, at Party B's written request, destroy or return all confidential information provided by Party B to Party A or its authorized representative in relation to investment research and relevant photocopies and translations made by Party A or its authorized representative, provided that Party A shall be entitled to retain copies of such confidential information as is necessary for the settlement of disputes, the performance of laws, regulations or regulatory requirements and internal compliance procedures, as well as confidential information in electronic form automatically retained for Party A's information system.

1.6    The parties to this Agreement understand and agree that, until a definitive legally binding agreement is signed and delivered, it shall not be deemed that there is any agreement between Party A and Party B regarding the potential investment of Party A. Unless Party A and Party B sign any other written agreement, neither party shall bear any other legal obligation relating to investment except the legal obligation to keep confidential the confidential information as set forth in Article 1 of this Agreement。

## 2.    Agreement Expiration

This Agreement shall enter into force from the date of signing, and be valid until the earlier of: (1) the information provided by Party B to Party A for investment research shall no longer be classified as confidential information as defined in this Agreement; (2) Party A or its

3

AML-0000365



affiliates have entered into a definitive agreement on the investment in the Project; or (3) one year has elapsed from the date of entry into force of this Agreement。

2.    **breach of contract**

Failure by either party to perform or to perform as agreed the terms under this Agreement shall be deemed breach. If one party breaches this Agreement, the non-breaching party shall have the right to demand the breaching party to compensate for the direct economic losses caused to the non-breaching party by the breach, and may take other necessary remedial measures.

3.    **dispute resolution**

This Agreement shall be governed by the laws of the People's Republic of China. Any disputes or disputes relating to this Agreement shall be settled through friendly consultation. In the absence of such a settlement, either party may submit its dispute to the China International Economic and Trade Arbitration Commission for arbitration in Beijing in accordance with the Arbitration Rules of the China International Economic and Trade Arbitration Commission. If the arbitration award is final, it shall be binding on all parties。

3.    **waiver of right**

The parties to this Agreement agree that the failure or delay by any party to exercise any right, power, or privilege under this Agreement shall not constitute a waiver of such right, power, or privilege, and that any exercise, individually or in part, shall not preclude any other or further exercise or exercise of any right, power, or privilege under this Agreement.

4.    **invalid clause**

If any provision of this Agreement is held to be in contravention of any law, regulation, rule, order or order of any department of government, court, administration or stock exchange, such invalidity shall not be deemed to affect the validity of any other provision of this Agreement.

5.    **Modification of the Agreement**

4



> This paragraph and any other provisions of this Agreement shall not be waived, modified or transferred except by the written consent of the parties to this Agreement。

**Transfer and inheritance**

This Agreement and the obligations of both parties under this Agreement shall bind and benefit the assignees and successors of these parties.

**6.      Agreement Text**

This Agreement shall be made in duplicate, with each party holding one copy and the two copies having equal legal effect.

Accordingly, this Agreement is sealed by the parties or signed by the authorized signatory on the date stated on the Home Page。

【<em>No body below</em>】

AML-0000367



(This page is the signing page of the Confidentiality Agreement)

**Party A: Hony Horizon Investment Consulting Co., Ltd. (Seal)**

Authorized signatory：

**Party B: Shanghai Zhisuan Technology Co., Ltd. (Seal)**

Authorized signatory：

Confidentiality Agreement Signature Page

AML-0000368



# 保 密 协 议

**本协议**由下列双方于 2023 年 12 月 22 日在【北京市东城区】签订：

**甲方**：北京弘毅远方投资顾问有限公司，联系地址位于北京市东城区朝阳门北大街9号泓晟国际中心25层

**乙方**：上海至算科技有限公司，联系地址位于上海市徐汇区古美路1528号漕河泾现代服务园区大厦A6号8楼809室

**鉴于：**

A.　　甲方拟对乙方或乙方介绍的至算科技（以下统称"**项目**"）的潜在投资进行调研和论证（以下简称"**投资调研**"）；

B.　　为投资调研之目的，乙方将向甲方及其授权代表（定义见下）以口头或书面形式提供有关项目的保密信息（定义见下）；

C.　　甲、乙双方同意与该等保密信息有关的以下条款。

**鉴此**，经过平等协商和在公平、平等的原则基础上，双方约定如下：

**1.　　保密信息**

在本协议中，"**保密信息**"系指有关投资调研的所有为乙方所专有的、非公开的和机密的，乙方提供给甲方及其授权代表的书面标注为"保密"的信息。

乙方承诺其提供的所有信息不包括法律法规定义的国家秘密，亦不包含任何可能涉及国家安全和利益及其他不应披露的数据。

**2.　　非保密信息**

本协议所称保密信息不包括以下内容：

2.1　　甲方在乙方提供之前或为投资调研而签署本协议之前就已经获得的信息；

2.2　　非因甲方违反本协议的约定而已经是或成为公开的信息；

2.3　　甲方或其授权代表从第三方处获得的信息，并就甲方所知晓，该第三方并不对乙方负有任何保密义务；以及

1

US-0058300



2.4　由甲方或代表甲方或受甲方委托独立开发而未违反甲方在本协议项下任何义务的信息。

**3.　保密义务**

3.1　甲方同意仅将保密信息用于投资调研的目的，而不得用于任何其他目的。

3.2　保密信息将由甲方根据本协议的条款进行保密，除以下情形外不得披露：

　　a)　经乙方同意；

　　b)　应适用法律、法规、司法程序或任何政府机关、证券交易所或其他履行政府职能的机构的要求；及

　　c)　向甲方的关联方、投资将涉及的潜在共同投资人及共同投资人、甲方及其关联方的职员、董事、股东、合伙人、融资方、中介、顾问（包括财务顾问、律师、审计师等专业顾问）或其他代表（以上统称"**授权代表**"）提供保密信息。

3.3　双方同意，除向授权代表披露外，未经对方事先书面同意，任何一方不得向任何其它人士披露：

　　a)　甲方正就项目及潜在交易进行调研、论证或协商的事实；

　　b)　甲方和/或其任何授权代表已自乙方取得保密信息的事实；或

　　c)　关于任何该等项目及潜在交易的任何条款、条件或其它事实，包括其进展状态；

但为遵守适用法律、法规、司法程序或政府机关、证券交易所或其他履行政府职能的机构要求的目的所必须进行的披露除外。

本协议中使用的"人士"一词应做宽泛解释，包含媒体和任何股份公司、公司、集团、合伙或其它实体或个人。

3.4　如果双方同意终止本项目合作，在乙方书面要求下，甲方将销毁或归还所有乙方提供给甲方或其授权代表的有关投资调研的保密信息和由甲方或其授权代表所作的有关复印件和翻译文件，但甲方有权为解决争端、履行法律、法规或者监管之规定以及内部合规程序之需而保留必要的保密信息副本以及为甲方的信息系统自动保存的电子形式的保密信息。

2

US-0058301



3.5　本协议双方理解并同意，在签署并交付最终具有法律约束力的确定协议之前，不得视为甲方与乙方之间存在任何就甲方的潜在投资而达成的协议。除非甲方和乙方之间另行签署其他书面协议，双方除对本协议第1条规定的保密信息负有保密的法律义务外，均不承担其他与投资有关的法律义务。

**4.　协议有效期**

本协议自签署日起生效，有效期截至下述时间（以较早者为准）：（1）乙方就投资调研而向甲方提供的信息不再属于本协议定义的保密信息；（2）甲方或其关联方已就项目的投资签署最终确定的协议；或（3）本协议生效之日起满一年。

**5.　违约**

任何一方未履行或未按约定履行本协议项下的条款均被视为违约。如果一方违反本协议，守约方有权要求违约方赔偿违约行为给守约方造成的直接的经济损失，并可采取其它必要的补救措施。

**6.　争议解决**

本协议适用中华人民共和国法律。与本协议有关的任何纠纷或争议应通过友好协商解决。如不能协商解决，任何一方可将争议提交至中国国际经济贸易仲裁委员会在北京按照中国国际经济贸易仲裁委员会仲裁规则进行仲裁，仲裁裁决是终局的，对各方均有约束力。

**7.　权利的放弃**

本协议双方同意，任何一方没有或迟延行使本协议项下任何权利、权力或特权均不构成放弃该等权利、权力或特权，且任何单独或部分行使行为均不排除任何其它或进一步的行使行为或对本协议项下任何权利、权力或特权的行使。

**8.　无效条款**

如本协议的任何条款被认定为违反任何政府部门、法院、行政机构或证券交易所的任何法律、法规、规则、命令或政令而无效，该等无效性不应被视为影响本协议任何其它条款的有效性。

**9.　协议的修改**

除非经本协议双方书面同意，不得放弃、修改或转让本段及本协议中任何其它规定。

3

US-0058302



10.    **转让和继承**

本协议和双方在本协议项下的义务应约束该等当事方的受让人和继承人，并令该等当事方的受让人和继承人受益。

11.    **协议文本**

本协议一式两份，双方各执一份，两份具有同等法律效力。

据此，本协议于首页所述日期经双方盖章或经授权签字人签署。

*【以下无正文】*

4

US-0058303



（本页无正文，为保密协议的签署页）

**甲方：北京弘毅远方投资顾问有限公司（盖章）**

授权签字人：

**乙方：上海至算科技有限公司（盖章）**

授权签字人：

《保密协议》签字页

US-0058304