1  CRAIG H. MISSAKIAN (CABN 125202)
   United States Attorney
2
3  MARTHA BOERSCH (CABN 126569)
   Chief, Criminal Division
4
5  CASEY BOOME (NYBN 5101845)
   MOLLY K. PRIEDEMAN (CABN 302096)
6  ROLAND CHANG (CABN 271511)
   Assistant United States Attorneys
7
8      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495
9      Telephone: (415) 436-6627
       casey.boome@usdoj.gov
10     molly.priedeman@usdoj.gov
       roland.chang@usdoj.gov
11
12 Attorneys for United States of America

13                UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                 SAN FRANCISCO DIVISION

16
   UNITED STATES OF AMERICA,          )  CASE NO. 3:24-cr-00141 VC
17                                     )
          Plaintiff,                   )  **JOINT PROPOSED JURY INSTRUCTIONS**
18                                     )
       v.                              )  The Honorable Vince Chhabria
19                                     )  Courtroom 4, 17th Floor
   LINWEI DING,                        )
20                                     )  **Jury Selection:** October 10, 2025
          Defendant.                   )  **Trial Date:** October 14, 2025
21                                     )
   _____)
22

23         Pursuant to the Court's Order Granting Joint Stipulation to Modify Deadlines and Set Pretrial

24 Schedule (Dkt. 114), the government and defense jointly propose that the Court instruct the jury in

25 accordance with the attached jury instructions.  The proposed instructions are numbered below as either

26 Stipulated (or Disputed) Instruction One through Fifty-Two.  The majority of the instructions are either

27 adapted from or are verbatim copies of the Ninth Circuit Model Criminal Jury Instructions, last updated

28 in March 2025, or the Court's Standard Preliminary Jury Instructions for Criminal Cases, last updated

October 26, 2021. Bracketed language indicates that the parties are uncertain, at this time, which

version of the model language will apply. Where the parties have agreed to or propose to add language

to a Model Instruction, the additional language is in bold.

DATED: September 16, 2025                    Respectfully submitted,

                                             CRAIG H. MISSAKIAN
                                             United States Attorney


                                             _____/s/_____
                                             CASEY BOOME
                                             MOLLY K. PRIEDEMAN
                                             ROLAND CHANG
                                             Assistant United States Attorneys



DATED: September 16, 2025


                                             _____/s/_____
                                             GRANT FONDO
                                             DARRYL M. WOO
                                             JESSICA HUANG FUZELLIER
                                             LORA KRSULICH
                                             FARZAD FEYZI
                                             DAVID RAPP-KIRSHNER
                                             NIRAV BHARDWAJ
                                             COLETTE LOWRY
                                             Attorneys for Defendant Linwei Ding

JOINT PROP. JURY INSTRUCTIONS
3:24-cr-00141 VC

**TABLE OF CONTENTS**

| Proposed Instruction No. | Model Instruction No. | |
|---|---|---|

**PRELIMINARY INSTRUCTIONS**

| | | |
|---|---|---|
| 1 | 1.1 | DUTY OF JURY |
| 2 | 1.2 | THE CHARGES—PRESUMPTION OF INNOCENCE |
| 3 | 1.3 | WHAT IS EVIDENCE |
| 4 | 1.4 | WHAT IS NOT EVIDENCE |
| 5 | 1.5 | DIRECT AND CIRCUMSTANTIAL EVIDENCE |
| 6 | 1.6 | RULING ON OBJECTIONS |
| 7 | 1.7 | CREDIBILITY OF WITNESSES |
| 8 | 1.8 | CONDUCT OF THE JURY |
| 9 | 1.9, 1.10 | NO TRANSCRIPT AVAILABLE TO JURY; TAKING NOTES |
| 10 | | CONTACT WITH JURORS |
| 11 | 1.16 | BENCH CONFERENCES AND RECESSES |
| 12 | 1.11 | OUTLINE OF TRIAL |

**INSTRUCTIONS IN THE COURSE OF TRIAL**

| | | |
|---|---|---|
| 13 | 2.1 | CAUTIONARY INSTRUCTIONS |
| 14 | 2.3 | STIPULATIONS OF FACT [if needed] |
| 15 | 2.4 | JUDICIAL NOTICE [if needed] |
| 16 | 2.7 | TRANSCRIPT OF RECORDING IN FOREIGN LANGUAGE |
| 17 | | ARGUMENT OF COUNSEL |

**JURY DELIBERATIONS**

| | | |
|---|---|---|
| 18 | 6.1 | DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW |

| 19 | 6.2 | CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF |
| 20 | 6.3 | DEFENDANT'S DECISION NOT TO TESTIFY |
| 21 | 6.4 | DEFENDANT'S DECISION TO TESTIFY |
| 22 | 6.5 | REASONABLE DOUBT—DEFINED |
| 23 | 6.6 | WHAT IS EVIDENCE? |
| 24 | 6.7 | WHAT IS NOT EVIDENCE? |
| 25 | 6.8 | DIRECT AND CIRCUMSTANTIAL EVIDENCE |
| 26 | 6.9 | CREDIBILITY OF WITNESSES |
| 27 | 3.8 | IMPEACHMENT EVIDENCE – WITNESS [if needed] |
| 28 | 3.14 | OPINION EVIDENCE, EXPERT WITNESS |
| 29 | 3.16 | CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE |
| 30 | 3.17 | CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE |
| 31 | 6.10 | ACTIVITIES NOT CHARGED |
| 32 | 6.11 | SEPARATE CONSIDERATION OF MULTIPLE COUNTS—SINGLE DEFENDANT |
| 33 | 6.19 | DUTY TO DELIBERATE |
| 34 | 6.20 | CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY |
| 35 | 6.21 | USE OF NOTES |
| 36 | 6.22 | JURY CONSIDERATION OF PUNISHMENT |
| 37 | 6.23 | VERDICT FORM |
| 38 | 6.24 | COMMUNICATION WITH COURT |
| 39 | 6.18 | ON OR ABOUT—DEFINED |
| 40 | 23.16 | TRADE SECRET—DEFINED |
| 41 | | LABELING INFORMATION A TRADE SECRET |
| 42 | | TRADE SECRET CATEGORIES |
| 43 | 23.15 | THEFT OF TRADE SECRETS |
| 44 | | OWNER—DEFINED |

| | | | |
|---|---|---|---|
| 45 | 23.14 | ECONOMIC ESPIONAGE | |
| 46 | 4.8 | KNOWINGLY—DEFINED | |
| 47 | 6.15 | POSSESSION—DEFINED | |
| 48 | | FOREIGN INSTRUMENTALITY—DEFINED | |
| 49 | 2.10 | OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT [if needed] | |
| 50 | | UNANIMITY ON TRADE SECRETS [if needed] | |
| 51 | 3.1 | STATEMENTS BY DEFENDANT [if needed] | |
| 52 | 3.15 | DUAL ROLE TESTIMONY [if needed] | |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED INSTRUCTION NO. 1

DUTY OF JURY

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed written instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

1    <u>STIPULATED INSTRUCTION NO. 2</u>

2    THE CHARGES—PRESUMPTION OF INNOCENCE

3        This is a criminal case brought by the United States government.  The government charges

4    defendant Linwei Ding with seven counts of theft of trade secrets and seven counts of economic

5    espionage.

6        The defendant has pleaded not guilty to the charges and is presumed innocent unless and until

7    the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has

8    the right to remain silent and never has to prove innocence or to present any evidence.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1        <u>STIPULATED INSTRUCTION NO. 3</u>

2              WHAT IS EVIDENCE

3    The evidence you are to consider in deciding what the facts are consists of:

4    (1)    the sworn testimony of any witness;

5    (2)    the exhibits which are received in evidence; and

6    (3)    any facts to which the parties agree.

1

## STIPULATED INSTRUCTION NO. 4

2

### WHAT IS NOT EVIDENCE

3      The following things are *not* evidence, and you must not consider them as evidence in deciding

4  the facts of this case:

5      (1)    statements and arguments of the attorneys;

6      (2)    questions and objections of the attorneys;

7      (3)    testimony that I instruct you to disregard; and

8      (4)    anything you may see or hear when the court is not in session even if what you see or

9             hear is done or said by one of the parties or by one of the witnesses.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## STIPULATED INSTRUCTION NO. 5

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

3    Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as

4  testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence

5  is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

6    You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.

7  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.

8  It is for you to decide how much weight to give to any evidence.

9    By way of example, if you wake up in the morning and see that the sidewalk is wet, you may

10  find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden

11  hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact

12  has been proven by circumstantial evidence, you must consider all the evidence in the light of reason,

13  experience, and common sense.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## STIPULATED INSTRUCTION NO. 6

### RULING ON OBJECTIONS

3       There are rules of evidence that control what can be received in evidence. When a lawyer asks a

4  question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by

5  the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered

6  or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot

7  be received. Whenever I sustain an objection to a question, you must ignore the question and must not

8  guess what the answer would have been.

9       Sometimes I may order that evidence be stricken from the record and that you disregard or

10  ignore the evidence. That means that when you are deciding the case, you must not consider the

11  evidence that I told you to disregard.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    <u>STIPULATED INSTRUCTION NO. 7</u>

2    CREDIBILITY OF WITNESSES

3    In deciding the facts in this case, you may have to decide which testimony to believe and which

4    testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

5    In considering the testimony of any witness, you may take into account:

6    (1) the witness's opportunity and ability to see or hear or know the things testified to;

7    (2) the witness's memory;

8    (3) the witness's manner while testifying;

9    (4) the witness's interest in the outcome of the case, if any;

10    (5) the witness's bias or prejudice, if any;

11    (6) whether other evidence contradicted the witness's testimony;

12    (7) the reasonableness of the witness's testimony in light of all the evidence; and

13    (8) any other factors that bear on believability.

14    You must avoid bias, conscious or unconscious, based on a witness's race, color, religious

15    beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your

16    determination of credibility.

17    The weight of the evidence as to a fact does not necessarily depend on the number of witnesses

18    who testify about it. What is important is how believable the witnesses are, and how much weight you

19    think their testimony deserves.

20

21

22

23

24

25

26

27

28

JOINT PROP. JURY INSTRUCTIONS         11
3:24-cr-00141 VC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STIPULATED INSTRUCTION NO. 8

### CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter. In addition, you must report the contact to the court.

> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your

own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the Courtroom Deputy immediately.

STIPULATED INSTRUCTION NO. 9

NO TRANSCRIPT AVAILABLE TO JURY; TAKING NOTES

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the jury room. No one will read your notes.

I want to warn against taking too many notes, though.  Occasionally I see a juror trying furiously to write everything down, and in the process they seem to be missing some important aspect of the testimony.  Please make sure to pay attention to the questions the lawyers are asking and the way the witnesses are answering.

Also, although you won't have a trial transcript in the jury room, if you decide during your deliberations that it's important to hear certain testimony again, you can request that testimony be read back to the jury.  We would bring you all back into the courtroom and the court reporter would read it aloud.  Keep in mind that I may order that a larger portion of the testimony be read, to ensure that you are reminded of the full context.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

1

<u>STIPULATED INSTRUCTION NO. 10</u>

2

CONTACT WITH JURORS

3

During trial you may run into the trial participants in the hallway or cafeteria or something like

4

that.  I have instructed the participants to ignore jurors if they see them.  So for example, if the elevator

5

door opens and the lawyers see you and decide not to get in with you, they are not being rude; they're

6

just following my order.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## STIPULATED INSTRUCTION NO. 11

BENCH CONFERENCES AND RECESSES

3    During the trial, I may need to take up legal matters with the attorneys privately by calling a

4 recess.  Please understand that while you are waiting, we are working. The purpose of these conferences

5 is not to keep relevant information from you, but to decide how certain evidence is to be treated under

6 the rules of evidence and to avoid confusion and error.

7    Of course, we will do what we can to keep the number and length of these conferences to a

8 minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or

9 denying a request for a conference as any indication of my opinion of the case or what your verdict

10 should be.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

<u>STIPULATED INSTRUCTION NO. 12</u>

OUTLINE OF TRIAL

3          The next phase of the trial will now begin. First, each side may make an opening statement. An

4 opening statement is not evidence. It is simply an outline to help you understand what that party expects

5 the evidence will show. A party is not required to make an opening statement.

6          The government will then present evidence and counsel for the defendant may cross-examine.

7 Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

8          After the evidence has been presented, I will instruct you on the law that applies to the case and

9 the attorneys will make closing arguments.

10          After that, you will go to the jury room to deliberate on your verdict.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>STIPULATED INSTRUCTION NO. 13</u>

CAUTIONARY INSTRUCTIONS

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

 (In open court): If you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands].  I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break.  Thank you for your careful adherence to my instructions.

1    <u>STIPULATED INSTRUCTION NO. 14</u> [if needed]

2    STIPULATIONS OF FACT

3        The parties have agreed to certain facts that have been stated to you.  Those facts are now

4    conclusively established.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    <u>STIPULATED INSTRUCTION NO. 15</u> [if needed]

2    JUDICIAL NOTICE

3    I have decided to accept as proved the fact that [*insert fact noticed*], even though no evidence

4    was presented on this point[,] [because this fact is of such common knowledge]. You may accept this

5    fact as true, but you are not required to do so.

1

<u>DISPUTED INSTRUCTION NO. 16</u>

2

TRANSCRIPT OF RECORDING IN FOREIGN LANGUAGE

3

Offered by the United States

4    You [are about to [hear][watch]] [have [heard][watched]] a recording in the Mandarin language.

5    Each of you [has been] [was] given a transcript of the recording that has been admitted into evidence.

6    The transcript is an English-language translation of the recording.

7    Although some of you may know the Mandarin language, it is important that all jurors consider

8    the same evidence. The transcript is the evidence, not the foreign language spoken in the recording.

9    Therefore, you must accept the English translation contained in the transcript and disregard any different

10   meaning of the non-English words.

11

12   **<u>Source:</u>** Ninth Circuit Model Criminal Jury Instruction 2.8.

13   **<u>Government's Argument:</u>**  The defendant has indicated that any recording of a transcript originally in
14   Mandarin will be disputed.  When parties are unable to stipulate to the transcript of the foreign language
     recording, the parties should submit competing translations of the disputed passages, and each side may
15   submit evidence supporting the accuracy of its version or challenging the accuracy of the other side.  *See*
     Ninth Circuit Model Criminal Jury Instruction 2.8; *United States v. Cruz*, 765 F.2d 1020, 1023 (11th Cir.
16   1985).  The government has not received competing translations of the exhibits at issue, nor has the
     defendant noticed a Mandarin language expert.  Defendant's instruction is only appropriate where the
17   defendant has submitted his own versions of the transcripts and other supporting evidence.  Defendant
     cannot use his proposed jury instruction to suggest that the proffered translation is disputed if he does
18   not, in fact, introduce evidence to dispute the translations.

19

20

21

22

23

24

25

26

27

28

DISPUTED INSTRUCTION NO. 16

DISPUTED TRANSCRIPT OF RECORDING IN FOREIGN LANGUAGE

Offered by Defendant Linwei Ding

You [are about to [hear][watch]] [have [heard][watched]] a recording in the Mandarin language. A transcript of the recording has been admitted into evidence. The transcript is an English-language translation of the recording. The accuracy of the transcript is disputed in this case.

Whether a transcript is an accurate translation, in whole or in part, is for you to decide. In considering whether a transcript accurately describes the words spoken in a conversation, you should consider the testimony presented to you regarding how, and by whom, the transcript was made. You may consider the knowledge, training, and experience of the translator, the audibility of the recording, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case.

Although some of you may know the Mandarin language, it is important that all jurors consider the same evidence. Therefore, you must not rely in any way on any knowledge you may have of the language spoken on the recording; your consideration of the transcript must be based on the evidence in the case.

**Source:** Ninth Circuit Model Criminal Jury Instruction 2.8.

**Defendant's Argument:** Defendant believes this instruction is appropriate, and not the government's proposed version, because the accuracy of any transcript of a recording originally in the Mandarin language that the government seeks to admit into evidence will be disputed. As the Ninth Circuit Model Criminal Jury Instruction 2.8 Comment notes, this instruction is appropriate "where parties are unable to stipulate to a transcript." *See* Ninth Circuit Model Crim. J. Inst. 2.8 (Mar. 2025), Comment, at p. 29.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>DISPUTED INSTRUCTION NO. 17</u>

ARGUMENT OF COUNSEL

Offered by Defendant Linwei Ding

I will now permit counsel for the parties to make their closing arguments.  Counsel for the government will be allowed to make a closing argument. Afterward, each defense counsel will be allowed to make a closing argument. Counsel for the government may be permitted a rebuttal argument and then I will have some brief additional instructions for you with respect to the conduct of your deliberations.  Remember, statements of the attorneys are not evidence.

**Defendant's Argument:** *United States v. Lee*, No. CR 06-0424 JW, Dkt. No. 298 (Second Revised Closing Instructions), at pp. 17–18 (N.D. Cal. Nov. 13, 2009).

**Government's Argument:**   This instruction is not necessary in light of Stipulated Instruction No. 24.

STIPULATED INSTRUCTION NO. 18

DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED INSTRUCTION NO. 19

CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF

INNOCENCE—BURDEN OF PROOF

[The indictment is not evidence.][1]  The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

---

[1] Defendant proposes including this language in brackets, as it is included in Ninth Circuit Model Instruction 6.2.  The government does not believe the bracketed language is necessary to include.

STIPULATED INSTRUCTION NO. 20

DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>STIPULATED INSTRUCTION NO. 21</u>

DEFENDANT'S DECISION TO TESTIFY

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

1

<u>STIPULATED INSTRUCTION NO. 22</u>

2

REASONABLE DOUBT—DEFINED

3      Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is

4   guilty. It is not required that the government prove guilt beyond all possible doubt.

5      A reasonable doubt is a doubt based upon reason and common sense and is not based purely on

6   speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of

7   evidence.

8      If after a careful and impartial consideration of all the evidence, you are not convinced beyond a

9   reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other

10   hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a

11   reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## STIPULATED INSTRUCTION NO. 23

2

WHAT IS EVIDENCE?

3

The evidence from which you are to decide what the facts are consists of:

4

(1)      the sworn testimony of any witness;

5

(2)      the exhibits which have been received in evidence; and

6

(3)      any facts to which the parties have agreed.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED INSTRUCTION NO. 24

WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments, and [have said] at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>STIPULATED INSTRUCTION NO. 25</u>

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

STIPULATED INSTRUCTION NO. 26

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

STIPULATED INSTRUCTION NO. 27 [if needed]

IMPEACHMENT EVIDENCE – WITNESS

You have heard evidence that [*name of witness*], a witness, [*specify basis for impeachment*]. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>STIPULATED INSTRUCTION NO. 28</u>

OPINION EVIDENCE, EXPERT WITNESS

You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] about [his] [her] opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

1

## STIPULATED INSTRUCTION NO. 29

2

### CHARTS AND SUMMARIES NOT ADMITTED INTO EVIDENCE

3      During the trial, certain charts and summaries were shown to you to help explain the evidence in

4   the case.  These charts and summaries were not admitted into evidence and will not go into the jury

5   room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect

6   the facts or figures shown by the evidence in this case, you should disregard these charts and summaries

7   and determine the facts from the underlying evidence.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

<u>STIPULATED INSTRUCTION NO. 30</u>

CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE

3         Certain charts and summaries have been admitted into evidence.  Charts and summaries are only

4   as good as the underlying supporting material.  You should, therefore, give them only such weight as

5   you think the underlying material deserves.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## STIPULATED INSTRUCTION NO. 31

### ACTIVITIES NOT CHARGED

3

4

    You are here only to determine whether the defendant is guilty or not guilty of the charges [in the indictment].  The defendant is not on trial for any conduct or offense not charged [in the indictment].[2]

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[2] Defendant proposes including this language in brackets, as it is included in Ninth Circuit Model Instruction 6.10.  The government does not believe the bracketed language is necessary to include.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>DISPUTED INSTRUCTION NO. 32</u>

Offered by the United States

SEPARATE CONSIDERATION OF MULTIPLE COUNTS—SINGLE DEFENDANT

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

**Government's Argument:**  The defendant's additional language is unnecessary and confusing.  It gives the appearance of directing the jury's verdict in the defendant's favor by focusing unnecessarily on the economic espionage charges, when the Court will have already instructed the jury that it must find each element of each count beyond a reasonable doubt.  *See United States v. Hayward*, 420 F.2d 142, 144 (D.C. Cir. 1969) (overturning conviction where judge directed the verdict by taking "from the jury an essential element of its function").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>DISPUTED INSTRUCTION NO. 32</u>

Offered by Defendant Linwei Ding

SEPARATE CONSIDERATION OF MULTIPLE COUNTS—SINGLE DEFENDANT

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

However, if you determine that an alleged trade secret category does not contain a trade secret, you must find the defendant not guilty of both the trade secret theft charge and economic espionage charge corresponding to that same trade secret category.

**<u>Defendant's Argument:</u>**  The jury instruction as written in the model instructions is misleading as written.  Because theft of trade secrets and economic espionage charges have overlapping elements, it is possible that a determination of not guilty on certain elements of theft of trade secrets does control, and necessitate, a verdict of not guilty on economic espionage.  Defendant's proposed instruction seeks to clarify that.

1    STIPULATED INSTRUCTION NO. 33

2    DUTY TO DELIBERATE

3    When you begin your deliberations, elect one member of the jury as your [presiding juror]

4  [foreperson] who will preside over the deliberations and speak for you here in court.

5    You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your

6  verdict, whether guilty or not guilty, must be unanimous.

7    Each of you must decide the case for yourself, but you should do so only after you have

8  considered all the evidence, discussed it fully with the other jurors, and listened to the views of your

9  fellow jurors.

10    Do not be afraid to change your opinion if the discussion persuades you that you should. But do

11  not come to a decision simply because other jurors think it is right.

12    It is important that you attempt to reach a unanimous verdict but, of course, only if each of you

13  can do so after having made your own conscientious decision. Do not change an honest belief about the

14  weight and effect of the evidence simply to reach a verdict.

15    Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy,

16  prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's

17  race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic

18  circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy,

19  prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are

20  stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without

21  conscious awareness, control, or intention.

22    It is your duty as jurors to consult with one another and to deliberate with one another with a

23  view towards reaching an agreement if you can do so.  During your deliberations, you should not

24  hesitate to reexamine your own views and change your opinion if you become persuaded that it is

25  wrong.

26

27

28

STIPULATED INSTRUCTION NO. 34

CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

1

<u>STIPULATED INSTRUCTION NO. 35</u>

2

USE OF NOTES

3       Some of you have taken notes during the trial.  Whether or not you took notes, you should rely

4 on your own memory of what was said.  Notes are only to assist your memory.  You should not be

5 overly influenced by your notes or those of your fellow jurors.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

STIPULATED INSTRUCTION NO. 36

JURY CONSIDERATION OF PUNISHMENT

3    The punishment provided by law for this crime is for the court to decide.  You may not consider

4    punishment in deciding whether the government has proved its case against the defendant beyond a

5    reasonable doubt.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## STIPULATED INSTRUCTION NO. 37

2

### VERDICT FORM

3        A verdict form has been prepared for you.  After you have reached unanimous agreement on a

4  verdict, your [presiding juror] [foreperson] should complete the verdict form according to your

5  deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## STIPULATED INSTRUCTION NO. 38

2

### COMMUNICATION WITH COURT

3        If it becomes necessary during your deliberations to communicate with me, you may send a note

4   through the [clerk] [bailiff], signed by any one or more of you.  No member of the jury should ever

5   attempt to communicate with me except by a signed writing, and I will respond to the jury concerning

6   the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers

7   before answering it, which may take some time.  You may continue your deliberations while waiting for

8   the answer to any question.  Remember that you are not to tell anyone—including me—how the jury

9   stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of

10  the defendant, until after you have reached a unanimous verdict or have been discharged.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## STIPULATED INSTRUCTION NO. 39

2

### ON OR ABOUT – DEFINED

3    The defendant is charged in each count with offenses alleged to have been committed "on or

4 about" a certain date.

5    Although it is necessary for the government to prove beyond a reasonable doubt that the offense

6 was committed on a date reasonably near the date alleged in each count, it is not necessary for the

7 government to prove that the offense was committed precisely on the date charged.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

## DISPUTED INSTRUCTION NO. 40

### TRADE SECRET – DEFINED

#### Offered by the United States

The term "trade secret" means all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing, if:

First, the information is actually secret because it is not generally known to or readily ascertainable through proper means by another person who can obtain economic value from the disclosure or use of the information;

Second, the owner thereof has taken reasonable measures to keep such information secret; and

Third, the information derives independent economic value, actual or potential, from being secret.

In addition, facts and information acquired by an employee, whether by memorization or some other means, in the course of his or her employment may potentially be trade secrets, but only if they meet the definition of a trade secret set forth above. However, the personal skills, talents, or abilities that an employee develops at his place of employment are not trade secrets.

The term "trade secret" can include compilations of public information when combined or compiled in a novel way, even if a portion or every individual portion of that compilation is generally known. Combinations or compilations of public information from a variety of different sources, when combined or compiled in a novel way, can be a trade secret. In such a case, if a portion of the trade secret is generally known or even if every individual portion of the trade secret is generally known, the compilation or combination of information may still qualify as a trade secret if it meets the definition of a trade secret set forth above.

**Source:** Ninth Circuit Model Criminal Jury Instruction 23.16.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Government's Argument:**  The government proposes using the Ninth Circuit Model Criminal Jury Instructions that track the language of the statute.  The defendant's proposed additions to the compilation language do not track the statute and suggest that the trade secret owner must store or combine compilation trade secrets in a particular way or place.  For the reasons stated in the government's opposition to the defendant's Motion *in Limine* No. 12, that is not an accurate reflection of the law.  Additionally, the defendant's proposed language stating that individuals can develop technology "independently" through "proper means" is vague and unnecessary.  The government's proposed instruction makes clear that the "personal skills, talents, or abilities that an employee develops at his place of employment are not trade secrets."  This is an accurate statement of the law and nothing more is required.

1

DISPUTED INSTRUCTION NO. 40

2

TRADE SECRET – DEFINED

3

Offered by Defendant Linwei Ding

4    The term "trade secret" means all forms and types of financial, business, scientific, technical,

5    economic, or engineering information, including patterns, plans, compilations, program devices,

6    formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether

7    tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically,

8    graphically, photographically, or in writing, if:

9    First, the information is actually secret because it is not generally known to or readily

10   ascertainable through proper means by another person who can obtain economic value from the

11   disclosure or use of the information;

12   Second, the owner thereof has taken reasonable measures to keep such information secret; and

13   Third, the information derives independent economic value, actual or potential, from being

14   secret.

15   The term "trade secret" can include compilations of public information when combined or

16   compiled in a novel way **by the trade secret owner**, even if a portion or every individual portion of that

17   compilation is generally known. Combinations or compilations of public information from a variety of

18   different sources, when combined or compiled in a novel way **by the trade secret owner**, can be a trade

19   secret. In such a case, if a portion of the trade secret is generally known or even if every individual

20   portion of the trade secret is generally known, the compilation or combination of information may still

21   qualify as a trade secret if it meets the definition of a trade secret set forth above.

22   In addition, facts and information acquired by an employee, whether by memorization or some

23   other means, in the course of his or her employment may potentially be trade secrets, but only if they

24   meet the definition of a trade secret set forth above.  **However, individuals can independently develop**

25   **technology through proper means and an employee is free to leave an employer and use non-trade**

26   **secret information and skills gained through that employment.  In addition,** the personal skills,

27   talents, or abilities that an employee develops at his place of employment are not trade secrets.

28

1

**Source:**  Ninth Circuit Model Criminal Jury Instruction 23.16; *id.*, Comment to 23.16 (citing *United*

2
*States v. Liew*, 856 F.3d 585, 599 (9th Cir. 2017) ("[I]ndividuals can independently develop technology

through proper means and [an employee] is free to leave an employer and use non-trade secret

3
information and skills gained through that employment"); *United States v. Liew*, 11-CR-00573 JSW,

Dkt. No. 792 (Final Jury Instructions), at p. 21 (N.D. Cal. Feb. 25, 2014), instructions affirmed on

4
appeal, *United States v. Liew*, 856 F.3d 585 (9th Cir. 2017).

5

6
**Defendant's Argument:** Ownership of the alleged trade secrets at issue is in dispute.  Defendant

contends that certain trade secrets that the government has identified are not entitled to protection

7
because they are trade secrets created by the government, not Google.  Assemblage of a trade secret

compilation must be the trade secret owner's creation.  *See, e.g.*, *VFD Consulting, Inc. v. 21st Servs.*,

8
425 F. Supp. 2d 1037, 1048 (N.D. Cal. 2006); *Vesta Corp. v. Amdocs Mgmt. Ltd.*, No. 3:14-cv-1142-HZ,

2016 WL 8732371, at *6 (D. Or. Apr. 1, 2016).  To the extent the government insists on maintaining

9
these alleged trade secrets at trial, the jury instructions should make clear that the trade secret

information must be the trade secret owner's, and not material created by the government after the fact.

10
Moreover, defendant believes it should be made clear to the jury what does not fall under the definition

of a "trade secret," and proposes the language cited in the Comment to Ninth Circuit Model Criminal

11
Jury Instruction 23.16 to that effect.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>STIPULATED INSTRUCTION NO. 41</u>

LABELING INFORMATION A TRADE SECRET

Offered by the United States

As members of the jury, it is your responsibility to determine whether something constitutes a trade secret under the test I have just given you. Just because a witness referred to certain information or documents as trade secrets does not mean that they are necessarily trade secrets within the meaning of the statute. Similarly, just because a document refers to information as a trade secret, confidential, or proprietary, does not necessarily make that information a trade secret if it does not otherwise meet the three elements of the trade secret test that I have just described to you. However, you may consider the fact that markings and labels exist or do not exist on a document or file in your consideration of whether something is a trade secret.

**Source:** *United States v. Chen*, 5:17-cr-00603-BLF, Dkt. No. 372 (Jury Instructions) at p. 38 (N.D. Cal. Aug. 18, 2021); *United States v. Nosal*, 844 F.3d 1024, 1043-44 (9th Cir. 2016); *United States v. Chung*, 659 F.3d 815, 825-26 (9th Cir. 2011).

1

STIPULATED INSTRUCTION NO. 42

2

TRADE SECRET CATEGORIES

3

The charges against the Defendant are based on seven categories of alleged trade secrets:

4

5

Trade Secret Category 1: Instruction sets, protocols, internal specifications, and implementation

6

level details related to the four primary components of Google's custom designed TPU chip: (1)

7

TensorCore; (2) BarnaCore/SparseCore; (3) high bandwidth memory (HBM) access interface;

8

and (4) inter-chip interconnect (ICI).

9

10

Trade Secret Category 2: Documents including details of the design, performance, and operation

11

of Google's custom designed TPU chips, TPU machines, and TPU systems.

12

13

Trade Secret Category 3: Design documents for Google's TPU software that manage the

14

hardware and resources within a TPU, facilitate communication between TPUs, and allocate and

15

manage collections of interconnected TPUs to different workloads.

16

17

Trade Secret Category 4: Documents including details of the design, performance, and operation

18

of Google's custom GPU machines and GPU systems.

19

20

Trade Secret Category 5: Design documents for Google's GPU software that facilitate

21

communication between GPUs and allocate and manage collections of interconnected GPUs to

22

different workloads.

23

24

Trade Secret Category 6: Design specifications to implement Google's proprietary chip

25

component designed to deliver low-latency and high-bandwidth transfers of data over large-scale

26

networks on Google's SmartNIC.

27

28

1   Trade Secret Category 7: Design documents for Google's software to implement its high
2   performance and cloud networking on its SmartNIC.

3

4   The government has alleged that these categories of information contain trade secrets, and I will
5   use the phrase "Trade Secret Category #" for ease of reference throughout these instructions.  However,
6   it is for you, the jury in this case, to decide whether the government has proved that the categories of
7   information contain trade secrets.

8   In addition, the government alleges that Google is the owner of each of the alleged trade secrets
9   contained in the seven categories of alleged trade secrets.  I will define the term owner for you later in
10  these instructions.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  **Source:** *United States v. Liew*, 11-CR-00573, Dkt. 792 (Final Jury Instructions) (February 25, 2014),
    instructions affirmed on appeal, *United States v. Liew*, 856 F.3d 585 (9th Cir. 2017); *United States v.*
27  *Chen*, 17-CR-00603, Dkt. 372 (Final Jury Instructions) (August 18, 2021); *see also United States v.*
    *O'Rourke*, No. 17-cr-00495, Dkt. 113 (Final Jury Instructions) (N.D. Ill., February 22, 2019).
28

DISPUTED INSTRUCTION NO. 43

THEFT OF TRADE SECRETS

Offered by the United States

The defendant is charged in Counts One through Seven with theft of trade secrets.  For the defendant to be found guilty of any of these charges, the government must prove each of the following elements beyond a reasonable doubt:

**First**, the Category of Information at issue in the particular Count under consideration contains one or more trade secrets as I defined that term for you.  The trade secret categories alleged for each count are:

- For Count One: Category One
- For Count Two: Category Two
- For Count Three: Category Three
- For Count Four: Category Four
- For Count Five: Category Five
- For Count Six: Category Six
- For Count Seven: Category Seven

**Second,** the defendant intended to convert a trade secret to the economic benefit of someone other than the owner of that trade secret;

**Third**, the trade secret is related to a product used in or intended for use in interstate or foreign commerce;

**Fourth**, the defendant intended or knew that the offense would injure any owner of that trade secret;

**Fifth**, the defendant knowingly:

stole, without authorization appropriated, took, carried away, concealed, or obtained by deception such information;

*or*

without authorization copied, duplicated, photographed, downloaded, uploaded, replicated, transmitted, delivered, sent, communicated, or conveyed such information;

1
*or*

2      received or possessed such information, knowing the same to have been stolen, appropriated

3  without authorization, obtained without authorization, or converted without authorization.

4

5  **Source:** Ninth Circuit Model Criminal Jury Instruction 23.15

6  **Government's Argument:** Given the unanimity instruction in Stipulated Instruction No. 50, it is
   unnecessary to repeat the unanimity instruction within the Theft of Trade Secret instruction.  Regarding
7  the defendant's modification of the Fourth element, the government does not need to prove that the
   defendant both knew and intended that the offense would injure any owner of the trade secret, rather it
8  must prove that the defendant knew *or* intended that it would injure any owner of the trade secret.  18
   U.S.C. § 1832(a).  The government's proposed instruction tracks the language of the statute and the
9  Ninth Circuit Model Jury Instructions.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISPUTED INSTRUCTION NO. 43

THEFT OF TRADE SECRETS

Offered by the Defendant Linwei Ding

The defendant is charged in Counts One through Seven with theft of trade secrets. For the defendant to be found guilty of any of these charges, the government must prove each of the following elements beyond a reasonable doubt:

**First**, the Category of Information at issue in the particular Count under consideration contains one or more trade secrets as I defined that term for you. The trade secret categories alleged for each count are:

- For Count One: Category One
- For Count Two: Category Two
- For Count Three: Category Three
- For Count Four: Category Four
- For Count Five: Category Five
- For Count Six: Category Six
- For Count Seven: Category Seven;

**You must find that the Category associated with each Count contained at least one trade secret and you must agree unanimously on which particular information in that Category constitutes that trade secret, as well as all of the other elements of the crime charged. However, you do not have to find that all of the information in the particular Category is a trade secret.**

**Second,** the defendant intended to convert a trade secret to the economic benefit of someone other than the owner of that trade secret;

**Third**, the trade secret is related to a product used in interstate or foreign commerce;

**Fourth**, the defendant knew and intended that the offense would injure any owner of that trade secret;

**Fifth**, the defendant knowingly:

stole, without authorization appropriated, took, carried away, concealed, or obtained by deception such information;

*or*

without authorization copied, duplicated, photographed, downloaded, uploaded, replicated, transmitted such information;

*or*

possessed, such information, knowing the same to have been stolen, appropriated without authorization, obtained without authorization, or converted without authorization.

**<u>Defendant's Argument:</u>** Defendant proposes adding clarification for the jury that there must be unanimous agreement on what constitutes a trade secret. As a trade secret can include "compilations" of information, the jury must agree on what combination or compilation of information constitutes a trade secret.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED INSTRUCTION NO. 44

OWNER – DEFINED

The term "owner," with respect to a trade secret, means the person or entity in whom or in which rightful legal or equitable title to, or license in, the trade secret is reposed.

**Source:** *United States v. Liew*, 11-CR-00573 JSW, Dkt. No. 792 (Final Jury Instructions), at p. 22 (N.D. Cal. Feb. 25, 2014), instructions affirmed on appeal, *United States v. Liew*, 856 F.3d 585 (9th Cir. 2017).

DISPUTED INSTRUCTION NO. 45

ECONOMIC ESPIONAGE

Offered by the United States

The defendant is charged in Counts Eight through Fourteen with economic espionage.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, the Category of Information at issue in the particular Count under consideration contains one or more trade secrets as I defined that term for you.  The trade secret categories alleged for each count are:

- For Count Eight: Category One
- For Count Nine: Category Two
- For Count Ten: Category Three
- For Count Eleven: Category Four
- For Count Twelve: Category Five
- For Count Thirteen: Category Six
- For Count Fourteen: Category Seven;

**Second**, the defendant intended or knew that his actions would benefit any foreign government or foreign instrumentality;

**Third**, the defendant knowingly:

stole, without authorization appropriated, took, carried away, concealed, or obtained by deception a trade secret;

*or*

without authorization copied, duplicated, photographed, downloaded, uploaded, replicated, transmitted, delivered, sent, communicated, or conveyed a trade secret;

*or*

received or possessed a trade secret, knowing the same to have been stolen, appropriated without authorization, obtained without authorization, or converted without authorization.

1    "Benefit" means any type of benefit, including economic, strategic, tactical, or reputational benefit.

2    Intent to benefit oneself is not mutually exclusive of intent to benefit another.

3

4    **Source:** Ninth Circuit Model Criminal Jury Instruction 23.14; *United States v. Zheng*, 113 F.4th 280, 295, 297 (2d Cir. 2024); *United States v. Ding*, 24-141-VC, Dkt. 105, Order Denying Motion to Dismiss

5    and Motion for Bill of Particulars.

6

7    **Government's Argument:** The government proposes adding a definition of the type of "benefit" that the jury must find the defendant knew or intended to confer on a foreign government.  This definition

8    accurately explains the law and will assist the jury to distinguish the benefit requirements of  § 1832, which requires intent to confer an economic benefit, from § 1831, which has a broader definition of

9    benefit.  *See* Dkt. 105 at 1-2 (*citing* H.R. Rep. 104-788 at 11 (1996)); *see also United States v. Zheng*, 113 F.4th 280, 295, 297 (2d Cir. 2024) (holding that "the benefit that the defendant intended to confer

10   on the foreign instrumentality need not have been an economic benefit; a strategic, tactical, or reputational benefit would also suffice.  Intent to benefit oneself is not mutually exclusive of intent to

11   benefit another.").

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DISPUTED INSTRUCTION NO. 45

### ECONOMIC ESPIONAGE

### Offered by Defendant Linwei Ding

The defendant is charged in Counts Eight through Fourteen with economic espionage in violation of Section 1831 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, the Category of Information at issue in the particular Count under consideration contains one or more trade secrets as I defined that term for you. The trade secret categories alleged for each count are:

- For Count Eight: Category One
- For Count Nine: Category Two
- For Count Ten: Category Three
- For Count Eleven: Category Four
- For Count Twelve: Category Five
- For Count Thirteen: Category Six
- For Count Fourteen: Category Seven;

**Second**, the defendant intended or knew that his actions would benefit any foreign government or foreign instrumentality;

**To prove that the defendant "intended" that his possession would confer a benefit, the government must prove that the defendant "desired" that his possession would confer a benefit, whatever the likelihood that a benefit would actually be conferred. With respect to the mental state of "intending," in order to return a guilty verdict, you must unanimously agree that the government has proved that the defendant acted with the same mental state.**

**Third**, the defendant knowingly:

stole, without authorization appropriated, took, carried away, concealed, or obtained by deception a trade secret;

*or*

without authorization copied, duplicated, photographed, downloaded, uploaded, replicated or transmitted, a trade secret;

*or*

possessed a trade secret, knowing the same to have been stolen, appropriated without authorization, obtained without authorization, or converted without authorization.

**Source:** *United States v. Lee*, No. CR 06-0424 JW, Dkt. No. 298 (Second Revised Closing Instructions), at p. 11 (N.D. Cal. Nov. 13, 2009).

**Defendant's Argument:** Defendant does not agree to the government's inclusion of the definition of "benefit," as it is confusing and argumentative.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISPUTED INSTRUCTION NO. 46

KNOWINGLY—DEFINED

Offered by the United States

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**Government's Argument:** The government proposes using the definition of "knowingly" as set out in the Ninth Circuit Model Criminal Jury Instructions No. 4.8. Contrary to the suggestion in defendant's proposed instruction, the government is not required to prove that defendant knew that the trade secret in question met the statutory definition of a trade secret. *See United States v. Krumrei*, 258 F.3d 535, 539 (6th Cir. 2001) (holding that "defendant need not have been aware of the particular security measures taken by [the trade secret owner]. Regardless of his knowledge of those specific measures, defendant knew that the information was proprietary."); *United States v. Roberts*, 2009 WL 5449224, at *5 (E.D. Tenn. Nov. 17, 2009) (holding that "a defendant must know that the information he or she seeks to steal is proprietary, meaning belonging to someone else who has an exclusive right to it, but does not have to know that it meets the statutory definition of a trade secret") (quoting H.R. Rep. No. 788, 104th Cong., 2d Sess., at 12), *report and recommendation adopted by* 2010 WL 56085 (E.D. Tenn. Jan. 5, 2010), *aff'd in pertinent part*, *United States v. Howley*, 707 F.3d 575 (6th Cir. 2013); *United States v. Genovese*, 409 F. Supp. 2d 253, 258 (S.D.N.Y. 2005) (concluding that "one can infer that Genovese knew not only that the source code was proprietary, but that any protective measures by Microsoft had been circumvented"). As noted in the legislative history for the Economic Espionage Act (EEA), the government must only prove that the defendant "knew or should have known," the information was proprietary:

> It is not necessary that the government prove that the defendant knew his or her actions were illegal, rather the government must prove that the defendant's actions were not authorized by the nature of his or her relationship to the owner of the property and that the defendant *knew or should have known* that fact.

H.R. Rep. No. 104-788, at 12 (1996), *reprinted in* 1996 U.S.C.C.A.N. 4021, 4030-31 (emphasis added); 142 Cong. Rec. 27,117 (1996) (government must show the defendant was "aware or substantially certain" that it was misappropriating a trade secret).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>DISPUTED INSTRUCTION NO. 46</u>

KNOWINGLY—DEFINED

Offered by Defendant Linwei Ding

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**As to theft of trade secrets, you must find beyond a reasonable doubt that the defendant knew that: (a) the items alleged in each count were actually secret because they were neither known to nor readily ascertainably through proper means by another person who can obtain economic value from the disclosure of the information; (b) the owner had taken reasonable measures to keep such information secret; and (c) the information derived independent economic value, actual or potential, from being secret. You must also find beyond a reasonable doubt that that the defendant knowingly received or possessed the trade secret, knowing the same to have been stolen or appropriated without authorization, obtained without authorization, or converted without authorization.**

**As to economic espionage, you must find beyond a reasonable doubt that the defendant stole or appropriated, obtained, or converted trade secrets without authorization, and that defendant did so with the knowledge that it will benefit any foreign government or foreign instrumentality.**

**Source:** *United States v. Chen*, 5:17-cr-00603-BLF, Dkt. No. 372 (Jury Instructions) at pp. 47–48 (N.D. Cal. Aug. 18, 2021); 18 U.S.C. § 1831; *United States v. Liew*, 856 F.3d 585, 597 (9th Cir. 2017); *United States v. Lee*, CR 06-0424 JW, 2010 WL 8696087, at *3, 7–8 (N.D. Cal. May 21, 2010).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATED INSTRUCTION NO. 47

POSSESSION – DEFINED

A person has possession of something if the person knows of its presence and has physical control of it or knows of its presence and has the power and intention to control it.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED INSTRUCTION NO. 48

FOREIGN INSTRUMENTALITY– DEFINED

Offered by the United States

The term "foreign instrumentality," as used in these instructions, means any agency, bureau, ministry, component, institution, association, or any legal, commercial, or business organization, corporation, firm, or entity that is substantially owned, controlled, sponsored, commanded, managed, or dominated by a foreign government.

**Source:** 18 U.S.C. § 1839(1); 18 U.S.C. § 1839(2); Ninth Circuit Model Criminal Jury Instruction 8.141A; *United States v. Liew*, 11-CR-00573 JSW Dkt. 792 (Final Jury Instructions) (February 25, 2014), instructions affirmed on appeal, *United States v. Liew*, 856 F.3d 585 (9th Cir. 2017).

JOINT PROP. JURY INSTRUCTIONS           66
3:24-cr-00141 VC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>STIPULATED INSTRUCTION NO. 49</u> [if needed]

OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT

You have heard evidence that the defendant committed other acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident] and for no other purpose.  You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

`

1

2

<u>STIPULATED INSTRUCTION NO. 50</u>

UNANIMITY ON TRADE SECRETS

3          The Government alleges that Trade Secret Categories One through Seven contain at least one

4    trade secret.

5          In order to find the Defendant guilty of Trade Secret Theft in Counts One through Seven and

6    Economic Espionage in Counts Eight through Fourteen, you must find that the Category associated with

7    each Count contained at least one trade secret and you must agree unanimously on which particular

8    Information in that Category constitutes that trade secret, as well as all of the other elements of the crime

9    charged.  However, you do not have to find that all of the Information in the particular Category is a

10   trade secret.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   **Source:** *United States v. O'Rourke*, No. 17-cr-00495 Dkt. 113 (Final Jury Instructions) (N.D. Ill.,
     February 22, 2019), February 22, 2019)

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATED INSTRUCTION NO. 51 [if needed]

STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

1

<u>STIPULATED INSTRUCTION NO. 52</u>  [if needed]

2

DUAL ROLE TESTIMONY - Facts, Lay Opinions, and Expert Opinions

3
[You [have heard] [are about to hear] testimony from [*name*] who [testified] [will testify] to both

4
facts and two types of opinions and the reasons for those opinions.  I will describe all three types of

5
testimony. The first is fact testimony.  Fact testimony is based on what the witness personally saw,

6
heard, or did.  The second is opinion testimony based on the specialized knowledge, skill, experience,

7
training, or education of the witness.  The third is what is called "lay opinion testimony."

8
As to the testimony about facts, it is your job to decide which testimony to believe and which

9
testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

10
As to the opinion testimony based on the witness's specialized knowledge, skill, experience,

11
training, or education, you should judge this testimony like any other testimony.  You may accept all of

12
it, part of it, or none of it.  You should give it as much weight as you think it deserves, considering the

13
witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all

14
the other evidence in the case.

15
As to the lay opinion testimony, this testimony is based on inferences drawn from the witness's

16
direct perceptions and must be rationally based on those perceptions and not on speculation or what

17
someone else has said.  You should judge this testimony like any other testimony.  You may accept all

18
of it, part of it, or none of it.  You should give it as much weight as you think it deserves. When

19
considering lay opinion testimony, however, you should not give it any extra credence based on the

20
specialized knowledge, skill, experience, training, or education of this witness.

21
You also should [pay careful attention as to whether the witness is testifying] [consider whether

22
the witness testified] to personal observations or involvement as a fact witness, testifying about a lay

23
opinion based on the witness's perceptions, or testifying to an opinion based on specialized knowledge,

24
skill, experience, training, or education.  When a witness provides opinion testimony based on

25
knowledge, skill, experience, training, or education, that person might rely on facts that are not based on

26
his or her personal observations or involvement, but that opinion cannot serve as proof of the underlying

27
facts.

28

[You should also consider the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.]

[Also, the fact that a witness is allowed to express opinions based on that person's specialized knowledge, skill, experience, training, or education should not cause you to give that witness undue deference for any of aspect of that person's testimony or otherwise influence your assessment of the credibility of that witness.]]