UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>        Plaintiff,<br><br>   v.<br><br>LINWEI DING,<br><br>        Defendant. | Case No. 24-cr-00141-VC-1<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE GOVERNMENT'S MOTION TO EXCLUDE THE TESTIMONY OF JAMES POOLEY**<br><br>Re: Dkt. No. 148 |

      The government's motion to exclude the expert testimony of James Pooley is granted in part and denied in part. As explained more fully at the Daubert hearing on December 9, Pooley's testimony at trial will be limited to best practices relating to trade secret protection and the tradeoffs companies have to consider in designing systems to protect their trade secrets. Pooley's testimony on Google's practices or what Google did after being alerted to the exfiltration of documents by Ding is beyond the scope of appropriate expert opinion under Rule 702 and excludable under Rule 403.

      Hypotheticals may be used to elicit Pooley's testimony at trial, subject to two limitations: (1) the hypotheticals should be framed at a high enough level of generality such that they do not mirror the facts of the case; and (2) the hypotheticals should not be framed as legal conclusions. For example, it would be appropriate for Pooley to describe trade secret protection measures in terms of what he would advise a client to do in a particular situation. It would not be appropriate for him to opine that specific measures are objectively reasonable or not.

      **IT IS SO ORDERED.**

Dated: December 10, 2025

VINCE CHHABRIA
United States District Judge