UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>             Plaintiff,<br><br>     v.<br><br>LINWEI DING,<br><br>             Defendant. | Case No.  24-cr-00141-VC-1<br><br>**ORDER REGARDING DING'S MOTIONS IN LIMINE 12-13, 16, 20, 21, 22-25**<br><br>Re: Dkt. Nos. 159, 152, 242, 243, 245 |

This ruling summarizes the Court's rulings on most of the motions in limine discussed at the second pretrial conference. The motions not addressed in this ruling are still being considered. As a reminder, a ruling on a motion in limine may be revisited at trial depending upon how the evidence comes in. *See City of Pomona v. SQM North America Corporation*, 866 F.3d 1060, 1070 (9th Cir. 2017).

**Ding's Motion in Limine No. 12 to preclude the government from introducing evidence, argument, and testimony about compilation trade secrets is denied.** If a trade secret owner takes reasonable measures to protect individual documents, and the combination of those documents happens to have independent economic value (beyond the sum of the value of the individual documents), it is unclear why the trade secret owner's categorization, or lack thereof, would support a conclusion that the trade secret owner failed to take reasonable measures to protect its information. If anything, one could imagine a situation where the trade secret owner deliberately silos documents that derive independent economic value when combined, as an additional precautionary measure against theft of the valuable information.

Of course, at trial, the government will have to show that the combinations of information

it asserts as compilation trade secrets satisfy the definition of a trade secret, and that Ding had the intent to convert those combinations. The fact that Google did not store the documents in the combinations the government uses might make this a more challenging task. But it does not preclude the government from arguing that the combinations constitute independent trade secrets that Ding intended to steal.[1]

**Ding's Motion in Limine No. 13 to preclude the government from relying upon entire documents as trade secrets without identifying with reasonable particularity why the documents are trade secrets is denied as moot.** In light of the government's forthcoming identification of the documents it plans to primarily focus on at trial, this motion in limine is denied as moot. But, as discussed at the pretrial conference, if the government does not put on enough evidence to support a jury finding beyond a reasonable doubt that a given document is a trade secret, the Court may order the document to be excluded and instruct the jury that it cannot convict based on that document.

**Ding's Motion in Limine No. 16 to preclude the government's experts from offering legal opinions about whether documents or snippets of documents are trade secrets is granted in part and denied in part.** As discussed at the hearing, both parties agree that no expert should opine as to whether a given document or snippet of document is or is not a trade secret. Experts may testify as to whether the factors in the trade secret definition are satisfied with respect to an alleged trade secret. The experts should avoid parroting the jury instructions or statutory language, but rather, explain their opinions in factual terms and using plain English. For example, rather than saying that the contents of a given document were not "readily ascertainable," the expert should discuss the facts or analysis that could lead the jury to conclude that the contents of the document were not readily ascertainable. *See, e.g.*, *Caudill Seed & Warehouse Co., Inc. v. Jarrow Formulas, Inc.*, 2019 WL 1435934, at *4 (W.D. Ky. Mar. 29, 2019) ("In the trade secret context, impermissible opinions include opinions that an item is not a

---

[1] This ruling also partially resolves the parties' dispute as to Jury Instruction No. 40 (Trade Secret – Defined).

trade secret or that it is 'generally known' or 'readily ascertainable.' Instead, the expert must focus on facts and analysis, only referencing the specific phrasing of the statute when necessary and only as used by laypersons.").

**Ding's Motion in Limine No. 20 regarding Ding's PRC citizenship is denied.** In light of the government's representation that it will not make repeated references to Ding's citizenship, or argue that Ding was more likely to have committed crimes because he is a PRC citizen, Ding's motion is largely moot. However, Ding also asks the Court to require the government to mention his LPR status if it references Ding's citizenship at all. But Ding does not cite any cases that support requiring the government to mention the defendant's immigration status whenever it references the defendant's nationality. Moreover, Ding can raise his LPR status on cross-examination, so there is no need for the Court to direct how the government should present its case.

**Ding's Motion in Limine No. 21 regarding Ding's email accounts is denied.** Ding seeks to preclude the government from introducing: (1) nine email accounts associated with Mr. Ding that produced no exhibits in the government's exhibit list; and (2) an email account allegedly created and used by Ding (the "Aamer Account") to impersonate a senior Google executive and send a reference in support of Ding's application to the MiraclePlus Fall 2023 Entrepreneurship Camp. Given the government's representation that it does not intend to introduce evidence related to the nine email accounts, Ding's motion is denied as moot as to those accounts. Ding's motion is also denied as to the Aamer Account. As discussed at the pretrial conference, the Aamer Account is similar to the evidence that another Google employee swiped Ding's badge for him at Google's California offices while Ding was in China. Like the badge-swiping evidence, the Aamer Account goes to Ding's intent and is a part of the government's narrative that Ding was attempting to conceal his activities in China. As with the badge-swiping evidence, the Aamer Account is not excludable as irrelevant or as an "other act" under Rule 404(b), but the Court may limit the government's presentation under Rule 403 if it becomes excessive.

**Ding's Motions in Limine Nos. 22–25 to admit publicly available materials are granted in part and denied in part.** Ding seeks to admit 199 documents comprising four categories of documents: (1) U.S. patents and published patent applications (MIL 22); (2) documents published on websites owned or operated by Google (MIL 23); (3) Google-employee statements published in periodicals (MIL 24); and (4) statements made in third-party periodicals (MIL 25).

The government's primary objection to the admission of this evidence is relevance, although it also reserves the right to raise hearsay objections if any document containing opinions or characterizations is offered for the truth of the matter asserted.[2] But the government does not contest the relevance of a subset of the documents Ding seeks to admit. Specifically, the government does not contest the relevance of 91 documents referenced by its expert in his report. *See* Dkt. No. 266 at 2 n.2. Ding's motion is thus granted as unopposed as to those documents.

With respect to the remaining documents, Ding will have to establish each document's relevance with something more than the fact that it is mentioned in Ding's expert's report. As discussed at the pretrial conference, Ding should file a list of the remaining documents he seeks to admit with a paragraph explaining the relevance of each document. The list is due on January 5, 2026.

**IT IS SO ORDERED.**

Dated: December 29, 2025

_____
VINCE CHHABRIA
United States District Judge

---

[2] Ding represents that he does not seek to offer the documents for the truth of the matter asserted, but only to show that the information in the documents was public during the period at issue.