GRANT P. FONDO (SBN 181530)
GFondo@goodwinlaw.com
FARZAD FEYZI (SBN 343538)
FFeyzi@goodwinlaw.com
**GOODWIN PROCTER** LLP
601 Marshall Street
Redwood City, CA 94063
Tel: +1 650 752 3100
Fax: +1 650 853 1038

DARRYL M. WOO (SBN 100513)
DWoo@goodwinlaw.com
RACHEL M. WALSH (SBN 250568)
RWalsh@goodwinlaw.com
JESSICA HUANG FUZELLIER (SBN 315208)
JHFuzellier@goodwinlaw.com
DAVID RAPP-KIRSHNER (SBN 344494)
DRappKirshner@goodwinlaw.com
NICHOLAS C. WILEY (SBN 351161)
NWiley@goodwinlaw.com
COLETTE A. LOWRY (SBN 359889)
CLowry@goodwinlaw.com
**GOODWIN PROCTER** LLP
525 Market Street, Floor 32
San Francisco, CA 94105
Tel.: +1 415 733 6000
Fax: +1 415 677 9041

Attorneys for Defendant:
LINWEI DING

[*ADDITIONAL COUNSEL LISTED IN SIGNATURE BLOCK*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LINWEI DING,<br><br>　　　　　Defendant. | Case No. 3:24-CR-00141-VC<br><br>**DEFENDANT LINWEI DING'S RESPONSE TO COURT ORDER RE DEFENDANT'S MOTIONS IN LIMINE 22-25 (Dkt. No. 292)**<br><br>**REDACTED VERSION OF MATERIAL SOUGHT TO BE SEALED**<br><br>Judge:　　Hon. Vince Chhabria<br>　　　　　450 Golden Gate Ave., SF, CA 94102 |

Pursuant to the Court's Order Regarding Ding's Motions in Limine 12-13, 16, 20, 21, 22-25 (Dkt. No. 292) dated December 29, 2025, Defendant Linwei Ding hereby provides the following explanations of relevance for documents he seeks to admit relating to the alleged trade secrets.

## I. OVERVIEW

The documents listed below represent a concise set of public documents identified by Mr. Ding's technical expert that show that the alleged trade secrets were publicly known, or assist in demonstrating that the alleged trade secrets do not have value for being kept secret.[1]

First, as shown below, a number of these documents illustrate that the alleged trade secrets were publicly known as of the time of the charged conduct. These documents are relevant at least to whether the alleged trade secrets, in fact, qualify as trade secrets. *See* 18 U.S.C. § 1839(3); *Masimo Corp. v. True Wearables Inc.*, No. SACV 18-2001 JVS(JDex), 2021 WL 2548690, *3-4 (C.D. Cal. Apr. 28, 2021) (discussing "readily ascertainable" requirement in DTSA). Mr. Ding intends to use the documents to rebut any showing by the government that the alleged trade secrets are not known, or readily ascertainable through proper means by showing that information contained in the alleged trade secrets was available from public sources, including from Google itself. Mr. Ding would be severely prejudiced if he were not allowed to present such evidence through his expert, and the government's assertions were to go unrebutted. *See, e.g., United States v. Morales*, 108 F.3d 1031, 1040 (9th Cir. 1997) (holding that exclusion of defendant's expert was not harmless error); *see also United States v. Lopez*, 913 F.3d 807, 825 & n.8 (9th Cir. 2019) (holding that "the exclusion of evidence offered by the defendant in a criminal prosecution under Rule 403 is 'an extraordinary remedy to be used sparingly'").

Second, a number of these documents are used by Defendant's expert to show publicly available alternatives to technology described in the alleged trade secrets, which in turn goes to rebut the government's showing that the alleged trade secrets have independent economic value. *See* 18 U.S.C. § 1839(3). Factors relevant to independent economic value include the extent to

---

[1] The list of references below has been considerably reduced from that presented in Defendant's Motions in Limine 22-25. Those references included background materials, and references showing that the technology in general has been known for many years. The revised list below focuses on the narrower list of trade-secret documents provided by the government on December 15, 2025.

1  which a trade secret owner obtained competitive advantage from the alleged trade secrets being
2  secret, and the extent to which others could have obtained economic value from the alleged trade
3  secrets if they were not secret. *See, e.g.*, *Sysco Machinery Corp. v. DCS USA Corp.*, 143 F.4th 222,
4  228 (4th Cir. 2025) ("The reasonable secrecy requirement is linked to the economic value
5  requirement because the information's value 'lies in the competitive advantage other others that
6  [the plaintiff] enjoys by virtue of its exclusive access' to it." (quoting *Ruckelshaus v. Monsanto
7  Co.*, 467 U.S. 986, 1012 (1984))); *Copart, Inc. v. Sparta Consulting, Inc.*, 277 F. Supp. 3d 1127,
8  1153 (E.D. Cal. 2017) (noting that under CUTSA, trade secret information is valuable because it is
9  unknown to others).  The availability of publicly available technological alternatives and
10 equivalents to the alleged trade secrets, cuts against any showing that the trade secret owner
11 obtained a competitive advantage from keeping the trade secret confidential, or that competitors
12 would have benefitted from the use of those alleged trade secrets.

13    Furthermore, these public disclosures and publicly available alternatives are relevant to the
14 question of intent – because technological alternatives were publicly available in the market, the
15 motivation to take and use the alleged trade secrets is less likely to be true. *See* 18 U.S.C. § 1832
16 (whosoever . . . intending or knowing that the offense will injure any owner of the trade secret . .
17 .). Where the alleged trade secret information is known, or where reasonable alternatives exist, the
18 inference of intent is weakened.

19    Finally, the government and its expert's mere disagreement about the relevance of these
20 documents is not grounds to exclude them or to preclude Mr. Ding's expert from being able to
21 testify about them. The standard under Fed. R. Evid. 401 is simply that the evidence "has a
22 tendency to make a fact more or less probable than it would be without the evidence." The publicly
23 available documents and information tend to make each of the government's factual assertions
24 about the alleged trade secrets less probable, by showing that they were, at least in part, publicly
25 available.

26    And moreover, the requirements regarding expert testimony under Fed. R. Evid. 702 and
27 703 are that such testimony must be relevant and reliable. Reliability does not require
28 "demonstrat[ing] to the judge by a preponderance of the evidence that the assessments of their

experts are correct, they only have to demonstrate by a preponderance of the evidence that their opinions are reliable." Fed. R. Evid. 702 advisory committee's note 1 to 2023 amendment (citations omitted). As shown in the table below, the documents that Mr. Ding seeks to admit are relevant, and any disagreement by the government or its experts is properly explored by cross-examination, not by exclusion. *See Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) ("Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion.").

## II. EXPLANATION OF RELEVANCE

Defendant provides the following chart explaining the relevance of the public documents that he seeks to admit.

| Exhibit No. | Title | Explanation |
|---|---|---|
| 5109 | The RISC-V Instruction Set Manual, Volume I: UserLevel ISA, Version 2.1 | ███████████ |

| Exhibit No. | Title | Explanation |
|---|---|---|
| 5116 | Computer Architecture: A Quantitative Approach | ██████████ |
| 5119 | Nvidia PARALLEL THREAD EXECUTION ISA Application Guide v7.0 | ██████████ |

| Exhibit No. | Title | Explanation |
|---|---|---|
| 5140 | Efficient RDMA Communication Protocols | ██████████████ |
| 5142 | Nvidia PARALLEL THREAD EXECUTION ISA Application Guide v8.0 | ██████████████ |

| Exhibit No. | Title | Explanation |
|---|---|---|
| 5146 | Google's Cloud TPU v4 provides exaFLOPS-scale ML with industry-leading efficiency | |
| 5161 | TPU v4 Guide | |



| Exhibit No. | Title | Explanation |
|---|---|---|
| 5162 | TPU v5e Guide | ██████████ |
| 5164 | TPU v6e Guide | ██████████ |
| 5165 | Introduction to Cloud TPUs | ██████████ |
| 5166 | TPU Architecture | ██████████ |

| Exhibit No. | Title | Explanation |
|---|---|---|
| 5173 | Introduction to InfiniBand | ██████████ |
| 5183 | TPUv4: An optically reconfigurable supercomputer for machine learning with hardware support for embeddings | ██████████ |

| Exhibit No. | Title | Explanation |
|---|---|---|
| 5402 | Enabling next-generation AI workloads: Announcing TPU v5p and AI Hypercomputer | ██████████ |
| 5547 | CN115244909A | ██████████ |
|  |  | ██████████ |
|  |  | ██████████ |
|  |  | ██████████ |
| 5555 | CN118633081A | ██████████ |

| Exhibit No. | Title | Explanation |
|---|---|---|
|  |  | ██████████████ |
| 5565 | EP3941007A1 | ██████████████ |

| Exhibit No. | Title | Explanation |
|---|---|---|
| | | ███████████████ |
| 5566 | EP4145803A1 | ███████████████ |

Case 3:24-cr-00141-VC   Document 297   Filed 01/05/26   Page 13 of 17

| Exhibit No. | Title | Explanation |
|---|---|---|
|  |  | ██████████ |
| 5567 | EP4407911A2 | ██████████ |
| 5568 | TWI664587B | ██████████ |
| 5578 | US11042416 | ██████████ |
| 5579 | US11516087B2 | ██████████ |

12

Defendant's Response re Order (Dkt. 292)   Case No. 3:24-cr-00141-VC

| Exhibit No. | Title | Explanation |
|---|---|---|
| | |  |
| 5590 | US20210185139A1 | |
| 5598 | US20220382783A1 | |

| Exhibit No. | Title | Explanation |
|---|---|---|
|  |  | ■ |
| 5599 | US20230062889A1 | ■ |
| 5609 | NVIDIA DGX SuperPOD Data Center Design – Reference Guide | ■ |

| Exhibit No. | Title | Explanation |
|---|---|---|
|  |  | ███████████████ |

### III. CONCLUSION

Defendant Linwei Ding respectfully requests that the Court grant his Motions in Limine Nos. 22-25 as to the documents listed above.

Respectfully submitted,

Dated: January 5, 2026

By: /s/ *Rachel M. Walsh*
GRANT P. FONDO (SBN 181530)
*GFondo@goodwinlaw.com*
DARRYL M. WOO (SBN 100513)
*DWoo@goodwinlaw.com*
RACHEL M. WALSH (SBN 250568)
*RWalsh@goodwinlaw.com*
JESSICA HUANG FUZELLIER (SBN 315208)
*JHFuzellier@goodwinlaw.com*
FARZAD FEYZI (SBN 343538)
*FFeyzi@goodwinlaw.com*
DAVID RAPP-KIRSHNER (SBN 344494)
*DRappKirshner@goodwinlaw.com*
NIRAV BHARDWAJ (SBN 350829)
*NBhardwaj@goodwinlaw.com*
NICHOLAS C. WILEY (SBN 351161)
*NWiley@goodwinlaw.com*
COLETTE A. LOWRY (SBN 359889)
*CLowry@goodwinlaw.com*

**GOODWIN PROCTER LLP**

LORA J. KRSULICH (SBN 315399)
*LKrsulich@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, Suite 4100
Los Angeles, CA 90017
Tel.: +1 213 426 2500
Fax: +1 213 623 1673

Attorneys for Defendant
LINWEI DING

15

Defendant's Response re Order (Dkt. 292)    Case No. 3:24-cr-00141-VC

# **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **January 5, 2026**. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **January 5, 2026**.

/s/ *Rachel M. Walsh*
RACHEL M. WALSH